1  Robert G. Krupka, P.C. (Bar No. 196625)
        E-mail: bkrupka@kirkland.com
2  Marc H. Cohen (Bar No. 168773)
        E-mail: mcohen@kirkland.com
3  Philip T. Chen (Bar No. 211777)
        E-mail: pchen@kirkland.com
4  KIRKLAND & ELLIS LLP
   777 South Figueroa Street
5  Los Angeles, California 90017
   Telephone:    (213) 680-8400
6  Facsimile:    (213) 680-8500

7  Attorneys for Plaintiff
   RESEARCH IN MOTION LIMITED
8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA          EDL

11                 SAN FRANCISCO DIVISION

12

13  RESEARCH IN MOTION LIMITED,              Case No.

14            Plaintiff,                     **COMPLAINT FOR PATENT
                                             INFRINGEMENT**
15       v.
                                             **DEMAND FOR JURY TRIAL**
16  VISTO CORPORATION,
                                             **CERTIFICATION OF INTERESTED
17            Defendant.                      ENTITIES OR PERSONS**
18
                                             **FED. R. CIV. P. 7.1 DISCLOSURE
19                                            STATEMENT**

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement

1      Plaintiff Research in Motion Limited ("RIM"), by its attorneys, for its complaint

2   against Defendant Visto Corporation ("Visto") demands a jury trial and alleges as follows:

3                          **NATURE OF THE ACTION**

4      1.      This is an action for patent infringement arising under the patent laws of the

5   United States, 35 U.S.C. §§ 1 *et seq.*, brought against Visto for violation of those laws.

6                               **PARTIES**

7      2.      Plaintiff RIM is a Canadian corporation with its principal place of business at

8   295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

9      3.      Defendant Visto is a Delaware corporation with its principal place of business

10   at 101 Redwood Shores Parkway, Redwood City, California 94065.

11                             **JURISDICTION**

12      4.      This Court has subject matter jurisdiction over this action pursuant to 28

13   U.S.C. §§ 1331 and 1338(a).

14      5.      Visto has contacts that are sufficiently continuous and systematic to constitute

15   doing business within the State and within this District. Visto has established its principal place of

16   business within the State of California and within this District at 101 Redwood Shores Parkway in

17   Redwood City. Further, Visto is engaging in sales and other conduct with respect to Visto Mobile

18   suite of products and services (described below) within this District. Accordingly, this Court has

19   personal jurisdiction over Visto.

20                               **VENUE**

21      6.      Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b).

22                     **INTRADISTRICT ASSIGNMENT**

23      7.      This is an action for patent infringement. According to Civil L. R. 3-2(c), it

24   shall be assigned on a district-wide basis.

25                        **FACTUAL BACKGROUND**

26      8.      RIM is a leading designer, manufacturer and marketer of innovative wireless

27   solutions for the worldwide mobile communications market.

28

Complaint for Patent Infringement                    1

1        9.     RIM's portfolio of award-winning products are used by thousands of

2  organizations around the world and includes the BlackBerry® wireless platform, software

3  development tools, and software/hardware intellectual property that is licensed.

4        10.    RIM holds all rights, title and interest in United States Patent No. 5,889,839,

5  entitled "System and Method of Providing Automated Message Notification in a Wireless

6  Communication System," ("the '839 patent"), which was duly and legally issued on May 30, 1999 to

7  William J. Beyda and Shmuel Shaffer. A true and correct copy of the '839 patent is attached hereto

8  as Exhibit A.

9        11.    Visto is a provider of personal and corporate wireless messaging solutions to

10  mobile operators for personal and corporate use.

11        12.    Visto Mobile is the brand name that Visto uses to market and sell its wireless

12  messaging solutions. The Visto Mobile product suite provides mobile access to corporate and

13  personal email, calendar and address book data on mobile devices and networks. Visto Mobile

14  products include server, desktop, and device software components that are integrated with the Visto

15  Mobile Access Platform.

16        13.    Visto has been and/or continues to be infringing the '839 patent directly,

17  contributorily and/or by active inducement, by making, using, marketing, selling, offering to sell,

18  licensing and/or supporting Visto Mobile products and services.

19

**COUNT I**
**(Visto's Infringement of RIM's '839 Patent)**

20

21        14.    RIM realleges and incorporates herein by reference the allegations contained

22  in Paragraphs 1 through 13.

23        15.    Visto has been and/or continues to be directly infringing, actively inducing

24  others to infringe, and/or contributing to the infringement of the '839 patent in this District and

25  elsewhere by making, using, marketing, selling, offering to sell, licensing and/or supporting Visto

26  Mobile products and services.

27        16.    RIM has been damaged by Visto's infringement, and will continue to suffer

28  damage and irreparable injury until the infringement is enjoined by this Court.

Complaint for Patent Infringement        2

1    17.    RIM is entitled to injunctive relief and damages in accordance with 35 U.S.C.
2    §§ 271, 281, 283, 284 and 287.

3    18.    On information and belief, and as will be shown after a reasonable
4    opportunity for discovery, Visto's infringement has been and/or continues to be willful, making this
5    an exceptional case under 35 U.S.C. § 285 and entitling RIM to treble damages under 35 U.S.C.
6    § 284.

7                                      **PRAYER FOR RELIEF**

8    WHEREFORE, RIM prays for Judgment as follows:

9    A.    That Visto has infringed, contributorily infringed and/or actively induced
10    others to infringe the '839 patent;

11    B.    That Visto has willfully infringed the '839 patent;

12    C.    That, in accordance with 35 U.S.C. § 283, Visto, and all affiliates, employees,
13    agents, officers, directors, attorneys, successors and assigns, and all those acting on behalf of or in
14    active concert or participation with any of them, from infringing, contributorily infringe and/or
15    inducing others to infringe the '839 patent;

16    D.    That RIM be awarded damages sufficient to compensate it for Visto's
17    infringement of the '839 patent;

18    E.    That RIM be awarded prejudgment and post-judgment interest;

19    F.    That RIM be awarded increased damages in an amount not less than three
20    times the damages assessed, in accordance with 35 U.S.C. § 284;

21    G.    That this case be declared "exceptional" under 35 U.S.C. § 285, and RIM be
22    awarded its reasonable attorneys' fees, expenses, and costs incurred in this actions, in accordance
23    with 35 U.S.C. § 284; and

24

25

26

27

28

Complaint for Patent Infringement                    3

1          H.    That RIM be awarded such other and further relief as this Court shall deem

2    appropriate.

3

4    DATED: June 15, 2007                          KIRKLAND & ELLIS LLP

5

6
                                                   By: _____
7                                                  Robert G. Krupka, P.C.
                                                   Marc H. Cohen
8                                                  Philip T. Chen

9                                                  Attorneys for Plaintiff
                                                   RESEARCH IN MOTION LIMITED
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement                    4

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Research in

3    Motion Limited hereby demands a jury trial of all issues triable to a jury in this action.

4

5    DATED: June 15, 2007                        KIRKLAND & ELLIS LLP

6

7                                                By:

8                                                Robert G. Krupka, P.C.
                                                 Marc H. Cohen
9                                                Philip T. Chen

10                                               Attorneys for Plaintiff
                                                 RESEARCH IN MOTION LIMITED
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement                    5

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that the following persons,

3 firms, partnerships, corporation (including parent corporations) or other entities (i) have a financial

4 interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

5 financial interest in that subject matter or in a party that could be substantially affected by the

6 outcome of this proceeding:  Fidelity Management & Research Corp. has a financial interest in

7 Plaintiff Research in Motion Limited.

8

9 DATED: June 15, 2007                          KIRKLAND & ELLIS LLP

10

11                                              By: _____

12                                              Robert G. Krupka, P.C.
                                                Marc H. Cohen
13                                              Philip T. Chen

14                                              Attorneys for Plaintiff
                                                RESEARCH IN MOTION LIMITED

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement                      6

1    ## FED. R. CIV. P. 7.1 DISCLOSURE STATEMENT

2        In accordance with Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff

3    Research in Motion Limited states that it has no parent corporation and that no publicly held

4    corporation owns 10% or more of its stock.

5

6    DATED: June 15, 2007                         KIRKLAND & ELLIS LLP

7

8                                                By: _____

9                                                Robert G. Krupka, P.C.
                                                 Marc H. Cohen
10                                               Philip T. Chen

11                                               Attorneys for Plaintiff
                                                 RESEARCH IN MOTION LIMITED

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

US005889839A

# United States Patent [19]

## Beyda et al.

| [11] | Patent Number: | **5,889,839** |
|---|---|---|
| [45] | **Date of Patent:** | **Mar. 30, 1999** |

[54] **SYSTEM AND METHOD FOR PROVIDING AUTOMATED MESSAGE NOTIFICATION IN A WIRELESS COMMUNICATION SYSTEM**

[75] Inventors: **William J. Beyda**, Cupertino; **Shmuel Shaffer**, Palo Alto, both of Calif.

[73] Assignee: **Siemens Information and Communication Networks, Inc.,** Boca Raton, Fla.

[21] Appl. No.: **724,295**

[22] Filed: **Sep. 19, 1996**

[51] Int. Cl.⁶ ............................ H04M 3/42; H04M 1/64
[52] U.S. Cl. ...................... 379/88.12; 455/412; 455/413; 379/88.22; 379/88.25
[58] Field of Search ..................................... 445/412, 413, 445/414; 379/88, 89, 67, 88.12, 88.22, 88.23, 88.25

[56] **References Cited**

### U.S. PATENT DOCUMENTS

4,964,156  10/1990  Blair ........................................... 379/40

| 5,177,780 | 1/1993 | Kasper et al. | .......................... 455/413 |
|---|---|---|---|
| 5,384,832 | 1/1995 | Zimmerman et al. | ...................... 379/67 |
| 5,418,835 | 5/1995 | Frohman et al. | ........................ 445/113 |
| 5,434,907 | 7/1995 | Hurst et al. | ................................. 379/88 |
| 5,664,009 | 9/1997 | Hurst et al. | ................................. 379/88 |

### FOREIGN PATENT DOCUMENTS

WO 95/04424  2/1996  WIPO .

*Primary Examiner*—Willis R. Wolfe
*Assistant Examiner*—Hieu T. Vo
*Attorney, Agent, or Firm*—Heather S. Vance

[57]                **ABSTRACT**

A system and method are provided for automatically notifying a user of an awaiting message. A wireless communication system including an identification system is utilized. The identification means identifies a registered user of the wireless communication system. A mail notification system is used for notifying the registered user of an awaiting message. A communication system checks for awaiting messages for the identified registered user. If an awaiting message is present, the communication system triggers the mail notification system.

**17 Claims, 2 Drawing Sheets**





Figure 1

**U.S. Patent**        Mar. 30, 1999        Sheet 2 of 2        **5,889,839**



Figure 2

5,889,839

1

# SYSTEM AND METHOD FOR PROVIDING AUTOMATED MESSAGE NOTIFICATION IN A WIRELESS COMMUNICATION SYSTEM

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The invention relates to connecting a messaging system with a wireless communication system, and more particularly to a system and a method for automatically notifying a user of an awaiting message in a wireless communication environment.

### 2. Description of the Related Art

Messaging systems are common in both public and private areas. For example, voice mail messaging systems are located in almost every office environment and in many private homes. Public and private wireless systems which include cellular telephones are also common. When a cellular telephone user subscribes to a messaging system, such as voice mail, from their cellular carrier, the user must periodically check for messages in that user's message mailbox. This checking is done manually by placing telephone calls. Similarly, a user who is away from the office and/or home and awaiting some message(s) must periodically check for messages in the office and/or home message mailbox(es). This is usually done by calling the office voice mail system or the home voice mail system. An office voice mail system may be connected to a PBX (private branch exchange), and a home voice mail system may be connected to a central office. Thus, both of these systems can be accessed with a telephone call from a user. In these situations, the messaging systems rely on users to remember to check their message mailbox(es).

Outcalling is available in some voice mail systems. Systems with outcalling can be programmed to call a given number when a message is received, but this is not helpful in a wireless communication environment because the cellular telephone can be out of range or turned off.

Enhanced one-number services are available to allow a single cellular telephone to operate with multiple systems. In this arrangement, all telephone calls are transferred to (or follow) a single cellular telephone. While enhanced one-number services transfer calls to a single cellular telephone, they do not transfer awaiting messages.

In public wireless systems, it is desirable to reduce air time usage, and therefore reduce air time charges, and in private wireless systems, it is desirable to reduce congestion on an internal network and to improve usability. Finally, a system which provides simplified mobile message notification and reception is desirable.

## SUMMARY OF THE INVENTION

According to the invention, a system and method for automatically notifying a user of an awaiting message are provided. A wireless communication system including an identification means is utilized. The identification means identifies a registered user of the wireless communication system. A mail notification system is used for notifying the registered user of an awaiting message. A communication means checks for awaiting messages for the identified registered user. If an awaiting message is present, the communication means triggers the mail notification system.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 illustrates an example of a communication environment for one embodiment of the present invention; and

2

FIG. 2 is a process flow chart for an embodiment of the present invention.

## DETAILED DESCRIPTION

The present invention provides for automatically notifying a user of an awaiting message and for playing that message for the user in a wireless communication environment. This invention applies to any type of multimedia message (e.g., voice message, e-mail message, video message, facsimile message, etc.). In the detailed description below, the present invention is applied to voice messages (or voice mail).

FIG. 1 illustrates an example of a communication environment for one embodiment of the present invention. In the preferred embodiment, the present invention checks for an awaiting message(s) whenever a user 10 with activated cellular telephone 12 moves into an "in-range" area 20 of a remote wireless base station 22. Wireless provider/carrier base station 22 includes a transmitter and a receiver for wireless communication. Wireless communication provider/carrier system 30 is then contacted by wireless base station 22. Wireless base station 22 provides wireless communication system 30 with the registration identification number assigned to cellular telephone 12. Either wireless base station 22 or wireless communication system 30 performs a check on the cellular telephone's registration identification number. These checks are normally done to confirm that cellular telephone 12 has a valid account (e.g., owned by a legitimate, registered user).

Wireless communication system 30 then uses the registration identification number to check its message mail registration table 32 and to determine if user 10 has an associated mailbox(es) 34. Hence, wireless communication system 30 uses the cellular telephone identification number to associate cellular telephone 12 with a particular message mailbox 34, or with multiple message mailboxes 34, 42, 52. In one embodiment of the present invention, multiple message mailboxes 34, 42, 52 are checked for awaiting messages. When an awaiting message is present in any of multiple message mailboxes 34, 42, 52, the user is automatically contacted. The messages from all of these multiple messaging systems can then be transferred to the user. For example, message mailbox 34 is attached to the cellular network and provided by wireless communication system 30. Additionally, user 10 may have land-based message mailbox 42 through a PBX message system 44 located at the user's office 40 and another land-based message mailbox 52 through a central office 50 which provides messaging services to user's home system 60.

After associated message mailboxes 34, 42, 52 are found, wireless communication system 30 sends a query to message mailboxes 34, 42, 52 to determine if any awaiting messages are present. If there are messages present, wireless communication system 30 notifies the user of the awaiting messages. This notification can be done, for example, by sending a message for display on cellular telephone 12 or by placing a telephone call to cellular telephone 12. If a telephone call is placed to cellular telephone 12, user 10 can be offered the option of connecting to the message mailbox(es) with awaiting messages immediately.

After a user is "in-range" of wireless base station 22, wireless communication system 30 can continue to provide this service by either regularly polling the messaging system (s), or by having the messaging system(s) notify it if any new messages for user 10 arrive. If regular polling is used, wireless communication system 30 contacts messaging sys-

5,889,839

3

tems 34, 42, 52 after a predetermined waiting period. This contacting, waiting and then contacting again continues until user 10 leaves area 20 or cellular telephone 12 is turned off.

In another embodiment of the present invention, the messaging system is used to contact the user. Once the messaging system is notified by the wireless communication provider that a user is "in-range," the messaging system could place a telephone call to the user for notification purposes. The messaging system could then play the message for the user, if desired.

FIG. 2 is a process flow chart for an embodiment of the present invention. At step 100, a user with an activated cellular telephone arrives in an area covered by a wireless base station. At step 102, the system recognizes the user's cellular telephone. Standard registration techniques are used for recognizing the cellular telephone. At step 104, the system checks for message mailbox registration. If no mailboxes are registered for that user, the process ends. If a mailbox (or mailboxes) is registered, the system moves on to step 106. At step 106, the system queries the registered message mailbox(es). If no messages are present, the system waits a predetermined amount of time (e.g., 30 minutes) at step 108. At step 110, the system checks if the user is still "in-range." If the user is out-of-range, the process ends. Also, If the cellular telephone is turned off, the process ends. If the user is in-range, the system returns to step 106. The system checks again for messages at step 106. If messages are waiting for the user, the system collects the message(s) at step 112. Step 112 is optional. For example, if the user's messaging system(s) is used to contact the user about awaiting messages, the system does not need to collect the message(s).

At step 114, the user is contacted regarding the awaiting message(s). This contacting can be done by either the wireless communication provider or each of the user's messaging systems. As stated above, this contacting can be done by providing information on the display of the user's cellular telephone or by calling the user's cellular telephone. If information is provided on the display of the cellular telephone, this information can include which of the user's messaging systems contains the awaiting message. Thus, the user could then directly call the appropriate messaging system. At step 116, the system determines if the user wants to play the awaiting message(s). This can be done by the user, for example, by entering a code into the user's cellular telephone or by answering prompts provided by the telephone call which notifies the user of the awaiting messages. If the user wants to play the awaiting message(s), the system plays the messages at step 118. This is done by either playing the collected messages or by connecting the user to the messaging system which contains the awaiting message. The system waits a predetermined amount of time at step 108. The system then checks if the user is still in-range at step 110. If the user is still in range, the system returns to step 106 and checks for messages. If the user does not want to play the awaiting message(s) the system moves directly to step 108 and waits.

The user can interact with the present system. For example, by calling a special telephone number or by entering a code into the cellular telephone, the user can disable the present system or change the parameters of the present system. To change the parameters, the user could, for example, change the predetermined amount of time the system waits before rechecking for messages. In the preferred embodiment, the process shown in FIG. 2 continues until the user is out-of-range or the cellular telephone is turned off. Also, the process shown in FIG. 2 repeats itself

4

whenever a user comes in range of a wireless base station. Therefore, the system follows the user from station to station.

The present invention can be applied in an in-building wireless system. For example, some offices have wireless systems which allow their employees to move inside buildings or around campases (i.e., clusters of buildings in close proximity) while remaining connected to their PBX or central office with a wireless connector. With the present invention, users within a building or campus area would be treated as thought they were in-range of a wireless base station. Furthermore, these in-building wireless systems are often limited in channel capacity such that application of the present invention would dramatically reduce congestion.

The present invention provides numerous advantages. For example, by providing for automatic contact when an awaiting message is present, the user makes fewer telephone calls. This occurs because the user does not need to periodically check for awaiting messages. The periodic polling of multiple messaging systems can result in many unnecessary telephone calls. In public wireless systems, air time usage is reduced. Thus, air time charges are reduced. Similarly, in private wireless systems, congestion on the internal network is reduced and usability is improved. Additionally, enhanced security is provided by the present invention. This occurs because the cellular telephone's hardware registration identification number can be used as an added requirement for accessing a user's message(s). The user's password could be eliminated, but in the preferred embodiment, both the registration identification number and the user's password are required for access to awaiting message(s).

We claim:

1. A system for automatically notifying a user of an awaiting message, comprising:

   identification means for identifying a registered user of a wireless communication system, the identification means being located in the wireless communication system;

   mail notification means for notifying the registered user of an awaiting message; and

   communication means for checking for awaiting messages in multiple mailboxes associated with the registered user, and for triggering the mail notification means if an awaiting message is present, wherein the multiple mailboxes being located in multiple messaging systems.

2. The system for automatically notifying a user of an awaiting message of claim 1, wherein the communication means checks each of the multiple mailboxes on a periodic basis.

3. The system for automatically notifying a user of an awaiting message of claim 1, wherein the mail notification means is a voice mail notification system.

4. The system for automatically notifying a user of an awaiting message of claim 1, wherein the mail notification means connects the registered user with a mailbox in a messaging system containing the awaiting message.

5. The system for automatically notifying a user of an awaiting message of claim 1, wherein the mail notification means collects the awaiting message and gives the registered user the option of listening to the awaiting message.

6. The system for automatically notifying a user of an awaiting message of claim 5, wherein the identification means identifies a registration number, and wherein both the registration number and a password are needed for listening to the awaiting message.

5,889,839

5

7. The system for automatically notifying a user of an awaiting message of claim 1, wherein the registered user can interact with the system and disable the system.

8. The system for automatically notifying a user of an awaiting message of claim 1, wherein a telephone call is placed to the registered user, the telephone call notifying the registered user of the awaiting message.

9. A method for automatically notifying a user of an awaiting message, comprising the steps of:

a) recognizing a cellular telephone, the recognizing using a registration number of the cellular telephone, the registration number identifying a user;

b) checking for mailboxes associated with the user;

c) checking for awaiting messages in the mailboxes if the mailboxes exist, wherein the mailboxes are located in multiple messaging systems; and

d) contacting the user with information related to the awaiting message if the awaiting message is present.

10. The method for automatically notifying a user of an awaiting message of claim 9, further comprising the step of collecting the awaiting message if the awaiting message is present.

11. The method for automatically notifying a user of an awaiting message of claim 10, further comprising the step of playing the collected messages for the user.

6

12. The method for automatically notifying a user of an awaiting message of claim 9, further comprising the step of repeating steps c) and d) periodically until the user is out-of-range.

13. The method for automatically notifying a user of an awaiting message of claim 9, wherein a mailbox registration table is used when checking for the mailboxes.

14. The method for automatically notifying a user of an awaiting message of claim 9, further comprising the step of connecting the user to the mailbox with the awaiting message.

15. The method for automatically notifying a user of an awaiting message of claim 9, wherein the user is contacted by placing a telephone call to the cellular telephone.

16. The method for automatically notifying a user of an awaiting message of claim 9, wherein the messages are voice mail messages.

17. The system for automatically notifying a user of an awaiting message of claim 1, wherein the multiple messaging systems include at least one of a PBX, a central office and the wireless communication system.

* * * * *