MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
EUGENE L. HAHM (Bar No. CA 167596)
E-mail : ehahm@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Defendant
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>VISTO CORPORATION,<br><br>Defendant. | Case No. C-07- 3177 (EDL)<br><br>**ANSWER TO RESEARCH IN MOTION LIMITED'S COMPLAINT FOR PATENT INFRINGEMENT; COUNTERCLAIMS AGAINST RESEARCH IN MOTION LIMITED**<br><br>**JURY TRIAL DEMANDED**<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**<br><br>**FED. R. CIV. P. 7.1 DISCLOSURE STATEMENT** (Two Copies) |
| AND RELATED COUNTERCLAIMS | |

Defendant Visto Corporation ("Visto") hereby submits this Answer and Counterclaims in response to the Complaint for Patent Infringement of U.S. Patent No. 5,889,839 ("the '839 patent") brought by Plaintiff Research In Motion Limited ("RIM") as follows:

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS
CASE NO. C-07-3177

## NATURE OF THE ACTION

1. Answering paragraph 1 of the Complaint, Visto admits that RIM's Complaint purports to be a civil action for patent infringement arising under 35 U.S.C. §1, *et seq*. Except as expressly admitted, Visto denies the remaining allegations of paragraph 1.

## PARTIES

2. Answering paragraph 2 of the Complaint, Visto admits upon information and belief that Plaintiff RIM is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

3. Answering paragraph 3 of the Complaint, Visto admits that it is a corporation organized and existing under the laws of the State of Delaware and that its principal place of business is at 101 Redwood Shores Parkway, Redwood City, California 94065.

## JURISDICTION

4. Answering paragraph 4 of the Complaint, Visto admits that this Court has subject matter jurisdiction for claims under the Patent Laws of the United States, Title 35, United States Code pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Answering paragraph 5 of the Complaint, Visto admits that its contacts are sufficiently continuous and systematic to constitute doing business within the State of California and within this District. Visto has established its principal place of business within the State of California and within this District at 101 Redwood Shores Parkway in Redwood City. This Court has personal jurisdiction over Visto. Visto admits that it offers services and/or products under the name "Visto Mobile." Except as expressly admitted, Visto denies the remaining allegations of paragraph 5.

## VENUE

6. Answering paragraph 6 of the Complaint, Visto admits the allegations of paragraph 6.

## INTRADISTRICT ASSIGNMENT

7.  Answering paragraph 7 of the Complaint, Visto admits that this action arises under the patent statutes and therefore, according to Civil Local Rule 3-2(c), it may be assigned on a district-wide basis.

## FACTUAL BACKGROUND

8.  Answering paragraph 8 of the Complaint, Visto is without sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies each and every allegation contained therein.

9.  Answering paragraph 9 of the Complaint, Visto is without sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies each and every allegation contained therein.

10. Answering paragraph 10 of the Complaint, Visto admits that a copy of what is purportedly United States Patent No. 5,889,839 is attached as Exhibit A to the Complaint.  Visto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and on that basis denies the remaining allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint, Visto admits the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, Visto admits that Visto Mobile™ is the brand name for Visto's patented comprehensive architecture and product suite that provides continuously updated, secure and reliable mobile access to corporate and personal email, calendar and address book data on all popular mobile devices and networks.  Visto Mobile™ comprises server, desktop, and device software components that are integrated with the Visto Mobile Access Platform.  Except as expressly admitted, Visto denies the remaining allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, Visto denies each and every allegation contained therein.

## COUNT I

### (Infringement of the '839 Patent)

14. Answering paragraph 14 of the Complaint, Visto incorporates by reference each and every allegation contained in Paragraphs 1-13 of its Answer.

15. Answering paragraph 15 of the Complaint, Visto denies each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, Visto denies each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, Visto denies each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Visto denies each and every allegation contained therein.

## RESPONSE TO RIM'S PRAYER FOR RELIEF

19. Visto denies that RIM is entitled to any relief whatsoever in connection with its Complaint, including, but not limited to, all relief requested in RIM's Prayer for Relief, paragraphs A-G.

20. Except as expressly admitted herein, Visto denies all factual allegations set forth in RIM's Complaint.

## VISTO'S AFFIRMATIVE DEFENSES

Visto asserts the following affirmative defenses against RIM's patent infringement claims:

### First Affirmative Defense (Failure to State a Claim)

21. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense (No Infringement)

22. Visto has not and does not willfully or otherwise directly infringe, contribute to the infringement of, or actively induce others to infringe any claim of the '839 patent.

### Third Affirmative Defense (Patent Invalidity)

23. The claims of the '839 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense (Prosecution History Estoppel)

24. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the '839 patent, RIM is estopped from claiming a construction of the patent claims that would cover or include, either literally or by application of the Doctrine of Equivalents, any apparatus, device, product, or method made, used, sold, or offered for sale by Visto.

### Fifth Affirmative Defense (Limitation by Prior Art)

25. The prior art known before the alleged inventions so limits and restricts the scope of the claims of the '839 patent that Visto cannot be considered to have infringed the '839 patent.

### Sixth Affirmative Defense (Limitation on Damages)

26. RIM' claims for damages and injunction are barred in whole or in part by the provisions of 35 U.S.C. §§ 271, 286, and/or 287.

### Seventh Affirmative Defense (Laches)

27. The claims asserted in the Complaint are barred by the doctrine of laches.

### Eighth Affirmative Defense (Waiver)

28. The claims asserted in the Complaint are barred by the doctrine of waiver.

### Ninth Affirmative Defense (Estoppel)

29. The claims asserted in the Complaint are barred by the doctrine of estoppel.

30. Visto reserves the rights to assert any other basis for invalidity, unenforceability, or any other defense that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, Visto respectfully requests the Court to enter judgment in Visto's favor as to all claims asserted against it in RIM's Complaint and, specifically, to enter judgment:

1. Denying all relief sought in RIM's Complaint;

2. Declaring that Visto has not infringed, contributed to, or induced infringement of the claims of the '839 patent.

3. Dismissing RIM's Complaint and action with prejudice;

4. Declaring that the asserted claims of the '839 patent are invalid;

5. Finding that this case is "exceptional" and that Visto is accordingly entitled to an award against RIM of its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

6. Awarding to Visto reasonable costs and disbursements of this action, attorneys' fees, together with interest, and including prejudgment interest.

7. Granting Visto such other and further relief as this Court may deem just and proper.

## VISTO'S COUNTERCLAIMS AGAINST RIM

Visto alleges as follows for its Counterclaims against RIM:

## JURISDICTION & VENUE

1. Visto's counterclaims arise under the patent laws of the United States, Title 35, United States Code.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 2201.

3. Personal jurisdiction and venue are proper in the Northern District of California,

Attorneys At Law
Palo Alto

6

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS
CASE NO. C-07-3177 (EDL)

San Francisco Division, pursuant to 28 U.S.C. § 1391 (b) and (c), 28 U.S.C. § 1400 (b), because the asserted claims arose in this district and, on information and belief, RIM, at all times material hereto, has done business in this district.

**PARTIES**

4.     Visto is a Delaware corporation having its principal place of business at 101 Redwood Shores Parkway, Suite 400, Redwood City, CA 94065.

5.     Upon information and belief, RIM is a Canadian corporation having its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

**GENERAL ALLEGATIONS**

6.     Established in 1996, Visto is a leading provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. Visto's inventions enable the deployment of a complete mobility solution, which provides secure access to and synchronization of the most widely used personal information management ("PIM") data over any network and on a broad array of mobile devices, such as smart phones, and the like. Visto has expended considerable resources in inventing and developing its inventions and protecting its rights therein.

7.     RIM is a designer, manufacturer, and marketer of wireless solutions for the worldwide mobile communications market.

8.     RIM's portfolio of products are used by thousands of organizations around the world and includes the BlackBerry® wireless platform and related software development tools.

**COUNT I**

**(Declaratory Judgment of Non-Infringement)**

9.     Visto realleges and incorporates by reference the foregoing Counterclaim paragraphs 1-8 as though fully set forth herein.

10.    RIM alleges in its Complaint that Visto has infringed the '839 patent. Visto denies RIM's allegations with respect to the '839 patent. Therefore, there is a justiciable controversy

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS
CASE NO. C-07-3177 (EDL)

between Visto and RIM concerning Visto's liability for infringement of the '839 patent.

11. Visto has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '839 patent.

## **COUNT II**

### **(Declaratory Judgment of Invalidity)**

12. Visto realleges and incorporates by reference the foregoing Counterclaim paragraphs 1-11 as though fully set forth herein.

13. RIM alleges in its Complaint that Visto has infringed the '839 patent. Visto denies RIM's allegations with respect to the '839 patent. Therefore, there is a justiciable controversy between Visto and RIM concerning Visto's liability for infringement of the '839 patent.

14. The '839 patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of §§ 101, 102, 103 and 112.

## **PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Visto respectfully requests this Court to grant it the following relief against RIM on Visto's Counterclaims:

1. A Declaratory Judgment that Visto has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '839 patent;

2. A Declaratory Judgment that the claims of the '839 patent are invalid;

3. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Visto its attorneys' fees;

4. That Visto be awarded costs of court; and

5. That Visto be awarded such other and further relief as the Court deems just and proper.

1  Dated: July 9, 2007                   MANATT, PHELPS & PHILLIPS, LLP

                                         By: /s/ Robert D. Becker
                                             *Attorneys for Defendant*
                                             VISTO, INC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS
CASE NO. C-07-3177 (EDL)

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Visto Corporation hereby demands a jury trial of all issues triable to a jury in this action.

Dated:    July 9, 2007           MANATT, PHELPS & PHILLIPS, LLP


By:  /s/ Robert D. Becker
     *Attorneys for Defendant*
     VISTO, INC.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, no such interest is known other than that of the named parties to the action.

Dated:   July  9, 2007                    MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Robert D. Becker
    *Attorneys for Defendant*
    VISTO, INC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS
CASE NO. C-07-3177 (EDL)

**FED. R. CIV. P. 7.1 DISCLOSURE STATEMENT**

In accordance with Fed. R. Civ. P. 7.1, Defendant and Counterclaimant Visto Corporation states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

Dated:   July 9, 2007            MANATT, PHELPS & PHILLIPS, LLP


                                 By: /s/ Robert D. Becker
                                     *Attorneys for Defendant*
                                     VISTO, INC.

## **FED. R. CIV. P. 7.1 DISCLOSURE STATEMENT**

In accordance with Fed. R. Civ. P. 7.1, Defendant and Counterclaimant Visto Corporation states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

Dated:   July 9, 2007                    MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Robert D. Becker
    *Attorneys for Defendant*
    VISTO, INC.

20184430.1