MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
EUGENE L. HAHM (Bar No. CA 167596)
E-mail : ehahm@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Defendant and Counterclaimant
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br>Plaintiff,<br>vs.<br>VISTO CORPORATION,<br>Defendant. | Case No. C-07- 3177 (MMC)<br>**VISTO'S NOTICE OF MOTION AND MOTION TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS AGAINST RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION CORPORATION**<br>**JURY TRIAL DEMANDED** |
| VISTO CORPORATION,<br>Counterclaimant,<br>vs.<br>RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION,<br>Counterdefendants. | |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Visto Corporation hereby moves this Court,

pursuant to Federal Rule of Civil Procedure 15(a), for hearing on October 5, 2007 at 9:00 a.m. at 450 Golden Gate Avenue, Courtroom 7, 19th Floor, San Francisco, CA, for an order permitting it to file a First Amended Answer and Counterclaims to state additional claims for relief against Plaintiff and CounterDefendant Research In Motion Limited ("RIM Ltd."), and to add as a party Research In Motion Corporation, which is the United States distributor of Research In Motion Limited's products and services. The proposed First Amended Answer and Counterclaims is attached hereto as Exhibit "A." Visto respectfully requests that, should the Court grant Visto leave to file the First Amended Answer and Counterclaims, Exhibit "A" be deemed filed with this Court as of the date the Court signs the Order granting Visto leave to amend. This Motion is made on the grounds that good cause exists for allowing the amendment, and that no prejudice will result from allowing the amendment.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the proposed First Amended Answer and Counterclaims filed concurrently herewith, and all pleading, records and files in this action.

Dated: August 29, 2007

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Robert D. Becker
*Attorneys for Defendant and Counterclaimant*
VISTO CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Established in 1996, Defendant and Counterclaimant Visto is a leading provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. Visto's inventions enable the deployment of a complete mobility solution, which provides secure access to and synchronization of the most widely used personal information management ("PIM") data over any network and on a broad array of mobile devices, such as smart phones, and the like. Visto has expended considerable resources in inventing and developing its inventions and protecting its rights therein.

Plaintiff and Counterdefendant Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp." )(collectively referred to herein as "RIM") provide products and services that cache data to portable devices and that enable access to and/or synchronization of data in secure network environments, including without limitation the products and services currently sold by RIM under the name Blackberry.® On June 15, 2007, RIM Ltd. filed the current lawsuit against Visto. [Docket No. 1] On July 9, 2007, Visto filed its Answer and Counterclaims for declaratory judgment of noninfringement and invalidity of the '839 patent. [Docket No. 6]

On May 29, 2007, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,225,231, entitled "System And Method For Transmitting Workspace Elements Across A Network" ("the '231 patent") in the name of Daniel J. Mendez et al., to which Visto holds all right, title, and interest in and to. On June 5, 2007, the USPTO issued United States Patent No. 7,228,383, entitled "System And Method For Progressive And Hierarchical Caching" ("the '383 patent") in the name of Friedman et. al., to which Visto holds all right, title, and interest in and to.

Visto now seeks leave from this Court to add claims of infringement of its newly-issued patents as Counterclaims to this lawsuit. Granting this Motion will not prejudice RIM and will save valuable resources. The parties are currently engaged in the meet and confer process for the Federal Rule of Civil Procedure Rule 26(b) Case Management Conference, and a date has not yet

been set for the Case Management Conference.[1] As such, no discovery schedule is yet in place. Further, it would serve judicial economy and efficiency for this Court to allow amendment of Visto's Answer and Counterclaims, as the First Amended Answer and Counterclaims will add claims for infringement of patents on the same technology to this existing matter instead of forcing Visto to file a new Complaint, and will only add as a party RIM Corp., which is the United States distributor of RIM Ltd.'s products and services. For these reasons, this Court should permit Visto to file its First Amended Answer and Counterclaims.

## II. ARGUMENT

Based upon several compelling factors set forth below, it is proper and in furtherance of justice to permit Visto to file its First Amended Answer and Counterclaims.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires*." Fed. R. Civ. Proc. 15(a) (emphasis added). Leave to amend lies in the sound discretion of the trial court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "In exercising this discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decisions on the merits rather than on the pleadings or technicalities.'" *Id.* at 186 (*quoting United States v. Webb*, 655 F. 2d 977, 979 (9th Cir. 1981)). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.*

The circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Courts have identified various factors that, standing alone, or in combination, may justify the denial of leave to amend a Answer and Counterclaims, which are: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; and (4) futility of the amendment. *Gabrielson v. Montgomery Ward Retirement Security Plan Trust*, 785 F. 2d 762, 766 (9th Cir. 1986); *Pioneer Investment Servs. Co. v.*

[1] On August 23, 2007, RIM Ltd. filed a Declination to Proceed before a U.S. Magistrate Judge. [Docket No. 8] The Clerk of Court subsequently sent Notice of Impending Reassignment, and cancelled the Case Management Conference originally set for September 18, 2007. [Docket No. 9] The matter has been reassigned to the Honorable Maxine M. Chesney [Docket No. 12], but Visto has not yet been informed of a new date for the Case Management Conference.

*Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). The requisite liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. *Id.* The Court should instead consider whether the proposed amendment would cause undue prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Wininger v. SI Management L.P.*, 33 F. Supp. 2d 838, 844 (N.D. Cal. 1998). Of these factors, prejudice to the opposing party is the most important. *Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990). It is the party opposing amendment that bears the burden of demonstrating prejudice or any other substantial reason to deny leave to amend. *State Of California, Ex Rel., Louis H. Mueller v. Walgreen Corporation*, 175 F.R.D. 631, 637 (N.D. Cal. 1997); *Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

Here, Visto should be allowed leave to file its First Amended Answer and Counterclaims because two new patents have recently been issued by the USPTO to Visto on May 29, 2007, and June 5, 2007. Amendment of the Answer and Counterclaims will cause no undue delay or prejudice to RIM. Visto has not unduly delayed in seeking to amend its Answer and Counterclaims but, to the contrary, has brought this motion within seven weeks of filing its original Answer and Counterclaims and within three months of issuance of the first of the new patents.

Importantly, the First Amended Answer and Counterclaims does not alter the nature of the lawsuit. Visto is requesting this amendment before a date has been set for a new Case Management Conference and while the parties are engaging in the required Fed. R. Civ. Proc. 26(f) conference, and will thereby not cause burden or delay to the Court or to RIM. The party Visto seeks to add in its First Amended Answer and Counterclaims is RIM Corp., which is the United States distributor of RIM Ltd.'s products and services. Thus, amendment at this early stage of the case will not impair RIM's ability to respond to new claims, conduct discovery, or prepare for trial. Visto has no dilatory motive in seeking leave to file this Amended Answer and Counterclaims. The proposed amendment is not futile, as it sets forth facts that constitute valid claims.

## III. CONCLUSION

As Visto's request to file a First Amended Answer and Counterclaim is brought for proper purposes and will not prejudice RIM, and for all the foregoing reasons, Visto respectfully request that the Court enter an Order permitting it to file its proposed First Amended Answer and Counterclaims.

Dated: August 29, 2007

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Robert D. Becker
*Attorneys for Defendant and Counterclaimant*
VISTO CORPORATION

90000190.1