MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
EUGENE L. HAHM (Bar No. CA 167596)
E-mail: ehahm@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

Attorneys for Defendant
and Counterclaimant
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VISTO CORPORATION,<br><br>　　　　Defendant. | Case No. C-07- 3177 (MMC)<br><br>**FIRST AMENDED ANSWER TO RESEARCH IN MOTION LIMITED'S COMPLAINT FOR PATENT INFRINGEMENT; COUNTERCLAIMS AGAINST RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION CORPORATION**<br><br>**JURY TRIAL DEMANDED** |
| VISTO CORPORATION,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION,<br><br>　　　　Counterdefendants. | |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177

Defendant Visto Corporation ("Visto") hereby submits this First Amended Answer and Counterclaims in response to the Complaint for Patent Infringement of U.S. Patent No. 5,889,839 ("the '839 patent") brought by Plaintiff Research In Motion Limited ("RIM Ltd.") as follows:

## NATURE OF THE ACTION

1. Answering paragraph 1 of the Complaint, Visto admits that RIM Ltd.'s Complaint purports to be a civil action for patent infringement arising under 35 U.S.C. §1, *et seq*. Except as expressly admitted, Visto denies the remaining allegations of paragraph 1.

## PARTIES

2. Answering paragraph 2 of the Complaint, Visto admits upon information and belief that Plaintiff RIM Ltd. is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

3. Answering paragraph 3 of the Complaint, Visto admits that it is a corporation organized and existing under the laws of the State of Delaware and that its principal place of business is at 101 Redwood Shores Parkway, Redwood City, California 94065.

## JURISDICTION

4. Answering paragraph 4 of the Complaint, Visto admits that this Court has subject matter jurisdiction for claims under the Patent Laws of the United States, Title 35, United States Code pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Answering paragraph 5 of the Complaint, Visto admits that its contacts are sufficiently continuous and systematic to constitute doing business within the State of California and within this District. Visto has established its principal place of business within the State of California and within this District at 101 Redwood Shores Parkway in Redwood City. This Court has personal jurisdiction over Visto. Visto admits that it offers services and/or products under the name "Visto Mobile." Except as expressly admitted, Visto denies the remaining allegations of paragraph 5.

## VENUE

6. Answering paragraph 6 of the Complaint, Visto admits the allegations of paragraph 6.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

**INTRADISTRICT ASSIGNMENT**

7. Answering paragraph 7 of the Complaint, Visto admits that this action arises under the patent statutes and therefore, according to Civil Local Rule 3-2(c), it may be assigned on a district-wide basis.

**FACTUAL BACKGROUND**

8. Answering paragraph 8 of the Complaint, Visto is without sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, Visto is without sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies each and every allegation contained therein.

10. Answering paragraph 10 of the Complaint, Visto admits that a copy of what is purportedly United States Patent No. 5,889,839 is attached as Exhibit A to the Complaint. Visto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and on that basis denies the remaining allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint, Visto admits the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, Visto admits that Visto Mobile™ is the brand name for Visto's patented comprehensive architecture and product suite that provides continuously updated, secure and reliable mobile access to corporate and personal email, calendar and address book data on all popular mobile devices and networks. Visto Mobile™ comprises server, desktop, and device software components that are integrated with the Visto Mobile Access Platform. Except as expressly admitted, Visto denies the remaining allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, Visto denies each and every allegation contained therein.

**COUNT I**

**(Infringement of the '839 Patent)**

14. Answering paragraph 14 of the Complaint, Visto incorporates by reference each

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

3

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

and every allegation contained in Paragraphs 1-13 of its Answer.

15. Answering paragraph 15 of the Complaint, Visto denies each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, Visto denies each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, Visto denies each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Visto denies each and every allegation contained therein.

**RESPONSE TO RIM'S PRAYER FOR RELIEF**

19. Visto denies that RIM is entitled to any relief whatsoever in connection with its Complaint, including, but not limited to, all relief requested in RIM Ltd.'s Prayer for Relief, paragraphs A-G.

20. Except as expressly admitted herein, Visto denies all factual allegations set forth in RIM Ltd.'s Complaint.

**VISTO'S AFFIRMATIVE DEFENSES**

Visto asserts the following affirmative defenses against RIM Ltd.'s patent infringement claims:

**First Affirmative Defense (Failure to State a Claim)**

21. The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense (No Infringement)**

22. Visto has not and does not willfully or otherwise directly infringe, contribute to the infringement of, or actively induce others to infringe any claim of the '839 patent.

**Third Affirmative Defense (Patent Invalidity)**

23. The claims of the '839 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Affirmative Defense (Prosecution History Estoppel)**

24. By reason of the proceedings in the United States Patent and Trademark Office

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

during the prosecution of the '839 patent, RIM Ltd. is estopped from claiming a construction of the patent claims that would cover or include, either literally or by application of the Doctrine of Equivalents, any apparatus, device, product, or method made, used, sold, or offered for sale by Visto.

### Fifth Affirmative Defense (Limitation by Prior Art)

25. The prior art known before the alleged inventions so limits and restricts the scope of the claims of the '839 patent that Visto cannot be considered to have infringed the '839 patent.

### Sixth Affirmative Defense (Limitation on Damages)

26. RIM Ltd.'s claims for damages and injunction are barred in whole or in part by the provisions of 35 U.S.C. §§ 271, 286, and/or 287.

### Seventh Affirmative Defense (Laches)

27. The claims asserted in the Complaint are barred by the doctrine of laches.

### Eighth Affirmative Defense (Waiver)

28. The claims asserted in the Complaint are barred by the doctrine of waiver.

### Ninth Affirmative Defense (Estoppel)

29. The claims asserted in the Complaint are barred by the doctrine of estoppel.

30. Visto reserves the rights to assert any other basis for invalidity, unenforceability, or any other defense that discovery may reveal.

### PRAYER FOR RELIEF

WHEREFORE, Visto respectfully requests the Court to enter judgment in Visto's favor as to all claims asserted against it in RIM Ltd.'s Complaint and, specifically, to enter judgment:

1. Denying all relief sought in RIM Ltd.'s Complaint;

2. Declaring that Visto has not infringed, contributed to, or induced infringement of the claims of the '839 patent.

3. Dismissing RIM Ltd.'s Complaint and action with prejudice;

4. Declaring that the asserted claims of the '839 patent are invalid;

5. Finding that this case is "exceptional" and that Visto is accordingly entitled to an award against RIM Ltd. of its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

6.    Awarding to Visto reasonable costs and disbursements of this action, attorneys' fees, together with interest, and including prejudgment interest.

7.    Granting Visto such other and further relief as this Court may deem just and proper.

## VISTO'S FIRST AMENDED COUNTERCLAIMS AGAINST RIM LTD.
## and RESEARCH IN MOTION CORPORATION

Visto alleges as follows for its Counterclaims against RIM:

## PARTIES

1.    Visto is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Redwood Shores Parkway, 4th Floor, Redwood City, California 94065.

2.    Research In Motion Limited ("RIM Ltd.") is a corporation organized and existing under the laws of Ontario, Canada with a principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.  RIM Ltd. is doing business in the Northern District of California and elsewhere in the United States.

3.    Research In Motion Corporation ("RIM Corp.") is a corporation organized and existing under the laws of the State of Delaware and registered to do business in the State of Texas with a place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039, which is doing business and infringing Visto's patents in the Eastern District of Texas and elsewhere in the United States.  Research In Motion Corporation is the United States distributor of Research In Motion Limited's products and services.  RIM Ltd. and RIM Corp. are hereinafter referred hereto jointly as "RIM."

## JURISDICTION, VENUE & INTRADISTRICT ASSIGNMENT

4.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    RIM has sufficient contacts with the Northern District of California to subject it to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

the personal jurisdiction of this Court for purposes of this Counterclaim, including, without limitation, acts of infringement of Visto's patents committed by RIM within this District. RIM has a pending civil action against Visto in this district and thus has submitted to the jurisdiction in this district.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) and 28 U.S.C. § 1400(b).

8. Pursuant to Civil L.R. 3-2(c), this action for patent infringement shall be assigned on a district-wide basis.

## GENERAL ALLEGATIONS

9. Established in 1996, Visto is a leading provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. Visto's inventions enable the deployment of a complete mobility solution, which provides secure access to and synchronization of the most widely used personal information management ("PIM") data over any network and on a broad array of mobile devices, such as personal digital assistants ("PDAs"), smart phones and the like. Visto has expended considerable resources in inventing and developing its inventions and protecting its rights therein.

10. Visto holds all right, title, and interest in and to United States Patent No. 7,225,231, entitled "System And Method For Transmitting Workspace Elements Across A Network" ("'231 patent"), which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on May 29, 2007 in the name of Daniel J. Mendez et al. A copy of the '231 patent is attached as Exhibit 1 to this First Amended Answer and Counterclaims.

11. Visto holds all right, title, and interest in and to United States Patent No. 7,228,383, entitled "System And Method For Progressive And Hierarchical Caching" ("'383 patent"), which was duly and properly issued by the USPTO on June 5, 2007 in the name of Friedman et. al. A copy of the '383 patent is attached as Exhibit 2 to this First Amended Answer and Counterclaims.

12. RIM provides products and services that cache data to portable devices and that enable access to and/or synchronization of data in secure network environments (collectively, the

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

"Accused Products"), including without limitation the products and services currently sold by RIM under the name Blackberry.®

13. RIM infringes the '231 and '383 Patents directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or supporting the Accused Products.

14. Upon information and belief, RIM's infringement of the '231 and '383 Patents has been and continues to be willful.

## COUNT I

**(Declaratory Judgment of Non-Infringement)**

15. Visto realleges and incorporates by reference the foregoing First Amended Counterclaims paragraphs 1 – 14 as though fully set forth herein.

16. RIM Ltd. alleges in its Complaint that Visto has infringed the '839 patent. Visto denies RIM Ltd.'s allegations with respect to the '839 patent. Therefore, there is a justiciable controversy between Visto and RIM Ltd. concerning Visto's liability for infringement of the '839 patent.

17. Visto has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '839 patent.

## COUNT II

**(Declaratory Judgment of Invalidity)**

18. Visto realleges and incorporates by reference the foregoing Counterclaim paragraphs 1-17 as though fully set forth herein.

19. RIM Ltd. alleges in its Complaint that Visto has infringed the '839 patent. Visto denies RIM Ltd.'s allegations with respect to the '839 patent. Therefore, there is a justiciable controversy between Visto and RIM Ltd. concerning Visto's liability for infringement of the '839 patent.

20. The '839 patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of §§ 101, 102, 103 and 112.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

## COUNT III

**(Infringement of U.S. Patent No. 7,225,231)**

21. Visto incorporates paragraphs 1 through 20 as though fully restated herein.

22. RIM has infringed and continues to infringe the '231 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

23. RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '231 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

24. Upon information and belief, RIM's infringement of the '231 patent has been and continues to be willful.

25. RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law.  Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '231 patent.

## COUNT IV

**(Infringement of U.S. Patent No. 7,228,383)**

26. Visto incorporates paragraphs 1 through 25 as though fully restated herein.

27. RIM has infringed and continues to infringe the '383 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

28. RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '383 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

29. Upon information and belief, RIM's infringement of the '383 patent has been and continues to be willful.

30.  RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '383 patent.

**PRAYER FOR RELIEF ON FIRST AMENDED COUNTERCLAIMS**

WHEREFORE, Visto respectfully requests this Court to grant it the following relief against RIM on Visto's Counterclaims:

1.  A Declaratory Judgment that Visto has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '839 patent;

2.  A Declaratory Judgment that the claims of the '839 patent are invalid;

3.  That RIM and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from making, importing, using, offering for sale, selling, or causing to be sold any product falling within, or designed to conduct a method falling within, the scope of any claim of the '231 and '383 Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the '231 and '383 Patents;

4.  That RIM and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to Visto for destruction any and all products within the scope of any claim of the '231 and '383 Patents that are within RIM's possession, custody, or control;

5.  That Visto be awarded its actual damages, including lost profits and price erosion, but in no case less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Visto for RIM's infringement of the '231 and '383 Patents;

6.  That Visto be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

7.  That the Court order an accounting for damages;

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

10

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)

8. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Visto its attorneys' fees;

9. That the Court award enhanced damages pursuant to 35 U.S.C. § 284 due to the willful, reckless and wanton nature of RIM's infringement of the '231 and '383 Patents;

10. That Visto be awarded costs of court; and

11. That Visto be awarded such other and further relief as the Court deems just and proper.

Dated: September 18, 2007          MANATT, PHELPS & PHILLIPS, LLP

By:   /s/ Robert D. Becker
      Robert D. Becker
      Eugene L. Hahm
      Shawn G. Hansen

      *Attorneys for Defendant*
      VISTO CORPORATION

90000198.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

FIRST AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIMS
CASE NO. C-07-3177 (MMC)