Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500

Attorneys for Plaintiff

Robert D. Becker (Bar No. 160648)
E-mail: rbecker@manatt.com
Eugene L. Hahm (Bar No. 167596)
E-mail: ehahm@manatt.com
Michelle Gillette (Bar No. 178734)
E-mail: mgillette@manatt.com
Shawn G. Hansen (Bar No. 197033)
E-mail: shansen@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone:     (650) 812-1300
Facsimile:     (650) 213-0260

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>               Plaintiff,<br><br>     v.<br><br>VISTO CORPORATION,<br><br>               Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-3177 (MMC)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

Joint Case Management Statement                                                             Case No. C-07-3177 (MMC)
and Rule 26(f) Report

Pursuant to the Court's Case Management Conference Order filed September 10, 2007, Plaintiff and Counterdefendant Research In Motion Limited, Counterdefendant Research In Motion Corporation (collectively referred to as "Plaintiff") and Defendant and Counterclaimant Visto Corporation ("Visto") conferred on August 24, 2007, and hereby submit this Joint Case Management Statement and Rule 26(f) Report addressing the subjects in the Court's September 10, 2007 Order, the Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement, Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, ADR Local Rule 3-5, and the Court's Standing Order. The content of the discussion and the agreements reached are set forth below. Where agreement was not reached, the parties' respective positions are separately set forth.

**1.    Jurisdiction and Service**

This is a patent infringement action arising under 35 U.S.C. §§ 271, 284 and 285. The Court has jurisdiction over this patent infringement action, and the declaratory judgment and patent infringement counterclaim, pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367. All parties are subject to the Court's jurisdiction and venue. Defendant has been served with the Complaint; Plaintiff has been served with the Counterclaim.

**2.    Facts**

Background

This is a patent infringement case involving United States Patent No. 5,889,839, entitled "System and Method of Providing Automated Message Notification in a Wireless Communication System," ("the '839 patent"), to which Plaintiff holds all right, title, and interest in and to. Plaintiff brought this action alleging that Defendant is directly and/or indirectly infringing the '839 patent in violation of 35 U.S.C. § 271.

Defendant has filed declaratory judgment counterclaims alleging that it does not infringe the '839 patent and that the '839 patent is invalid and/or unenforceable. Defendant has also filed counterclaims alleging that Plaintiff is directly and/or indirectly infringing, in violation of 35 U.S.C. § 271, two of Defendant's patents - United States Patent No. 7,225,231, entitled "System And Method For Transmitting Workspace Elements Across A Network" ("the '231 patent") in the name of Daniel J. Mendez et al., to which Defendant holds all right, title, and interest in and to, and United States Patent

No. 7,228,383, entitled "System And Method For Progressive And Hierarchical Caching" ("the '383 patent") in the name of Friedman et. al., to which Defendant holds all right, title, and interest in and to.

**3.    Legal Issues**

The parties reserve the right to raise additional issues that may arise though the course of this action.

<u>Plaintiff separately contends as follows:</u>

1. Whether the asserted claims of the '839 patent are infringed, directly or indirectly, either literally or under the doctrine of equivalents, by Defendant.

2. Whether Defendant's infringement is willful.

3. Whether Plaintiff is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

4. Whether Defendant is entitled to any relief sought in its Counterclaim.

5. Whether the '231 patent is invalid and/or unenforceable.

6. Whether Plaintiff has infringed, directly or indirectly, either literally or under the doctrine of equivalents, the asserted claims of the '231 patent.

7. Whether the '383 patent is invalid and/or unenforceable.

8. Whether Plaintiff has infringed, directly or indirectly, either literally or under the doctrine of equivalents, the asserted claims of the '383 patent.

9. Whether Plaintiff is entitled to recover its reasonable attorneys fees pursuant to 35 U.S.C. § 285.

10. Whether Plaintiff is entitled to a permanent injunction pursuant to 35 U.S.C. § 283 to prevent Defendant from infringing the '839 patent.

11. Plaintiff's response to Defendant's counterclaim asserting the '231 and '383 patents is due on November 7, 2007. Plaintiff will likely have additional contentions regarding these patents in its response.

<u>Defendant separately contends as follows:</u>

1. Whether the '839 patent is invalid and therefore unenforceable;

2. The meaning of claim terms of asserted claims of the '839 Patent;

3. Whether Plaintiff is entitled to any relief sought in its Complaint;

4. Whether Defendant has directly or indirectly infringed, contributed to, or induced infringement, either literally or under the doctrine of equivalents, the asserted claims of the '839 patent; and

5. Whether this case is "exceptional" and whether Defendant is accordingly entitled to an award against Plaintiff of its reasonable attorneys fees pursuant to 35 U.S.C. § 285.

6. Defendant also contends the following legal issues:

    a. Whether the asserted claims of U.S. Patent No. 7,225,231 and U.S. Patent No. 7,228,383 are infringed, directly or indirectly, either literally or under the doctrine of equivalents, by Plaintiff.

    b. Whether Plaintiff's infringement of the '231 and '383 patents is willful.

    c. Whether Defendant is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

    d. Whether Defendant is entitled to recover its reasonable attorneys fees pursuant to 35 U.S.C. § 285.

    e. Whether Defendant is entitled to a permanent injunction pursuant to 35 U.S.C. § 283 to prevent Plaintiff from infringing the '231 and '383 patents.

**4.  Motions**

The parties anticipate stipulating to the entry of a Protective Order to control the discovery of confidential documents, data and testimony in the case.

<u>Plaintiff's Anticipated Motions:</u>

Plaintiff is also likely to bring one or more motions for summary judgment with regard to infringement of the '839 patent and any invalidity/unenforceability claims asserted by Defendant.

Plaintiff is also likely to bring one or more motions for summary judgment with regard to its assertions that it does not infringe the '231 patent or '383 patent, and its assertions that the '231 patent and '383 patent are invalid and/or enforceable.

If Plaintiff is successful on its claim of infringement of at least one valid claim, Plaintiff may move for the entry of a permanent injunction.

<u>Defendant's Anticipated Motions:</u>

Defendant is likely to bring one or more motions for summary judgment with regard to its

assertions of non-infringement, and invalidity/unenforceability of the '839 Patent.

If Defendant is successful on its claim of infringement of at least one valid claim, Defendant may move for the entry of a permanent injunction.

**5.  Amended Pleadings**

The parties propose January 29, 2008, as the deadline for amending the pleadings.

At this time, the parties do not anticipate the need to add additional parties.

**6.  Evidence Preservation**

The parties have implemented document retention plans to prevent the inadvertent destruction of evidence (in both paper and electronic form) that is relevant to the issues reasonably evident in this action.

**7.  Disclosures**

The parties will serve their Initial Disclosures on September 25, 2007.

In their Rule 26 disclosures, the parties will provide all reasonably available information required to be produced pursuant to Fed. R. Civ. Proc. 26(a).

**8.  Discovery**

Plaintiff has served interrogatory and document requests. Defendant anticipates doing so shortly.

The parties anticipate that the scope of discovery will also relate to the following subjects:

- Infringement
- Willful infringement
- Invalidity
- Unenforceability
- Damages
- Injunctive relief
- Any additional discovery that may become necessary as the parties' facts and arguments are developed

This discovery can be obtained from, for example, documents, depositions of the parties and their employees, and from subpoenaed documents and depositions of third parties.

<u>Proposed Limitations or Modifications to the Discovery Rules</u>:

At the present time, the parties are not aware of any order that should be entered by the Court under Rule 26(c) or under Rule 16(b)(4), other than a protective order under Rule 26(c) regarding the handling of confidential and/or commercially-sensitive discovery materials produced by the parties in this case. The parties reserve the right to bring any other matters to the Court's attention should any issues arise as the facts and arguments are developed.

<u>Electronic Discovery</u>: The parties are presently negotiating a mutually agreeable protocol for the exchange of electronic discovery. The parties anticipate having an agreement prior to the Case Management Conference.

<u>Inadvertent Production</u>: The parties propose handling inadvertently-produced documents under the terms to be specified in the parties' Protective Order, which the parties will propose for entry by the Court. The parties further agree that privileged and work product materials associated with parties' counsel be required to be logged only insofar as they were created before April 28, 2006.

<u>Electronic Service Agreement</u>: The parties have agreed, as detailed below, that service by email will be treated as personal service in this case. The terms of the negotiated agreement are as follows:

1. This agreement shall not in any manner affect Civil LR-5-5(b) or General Order No. 45, at IX entitled "Service of Electronically Filed Documents," which provides that service is complete upon receipt of an ECF system email indicating that a party has filed a document.

    a. The parties shall serve documents filed under seal by midnight Pacific Time on the same day that they are filed.

2. For papers subject to Fed. R. Civ. Proc. 5 that are neither filed using the ECF system nor served via email sent by the ECF system pursuant to Fed. R. Civ. Proc. 5(b)(2)(D), Plaintiff and Defendant stipulate that service may be accomplished by including said papers as PDF attachments to one or more emails to the opposing party or parties. Service in this manner is complete upon transmission and shall constitute service under Fed. R. Civ. Proc. 5(b)(2)(D).

3. Accordingly, electronic mail sent by Plaintiff to **RimVistoLit-NDCA@manatt.com**, including as attachments one or more papers referenced in paragraph 2, shall constitute valid service upon Defendant under Fed. R. Civ. Proc. 5(b)(2)(D), and electronic mail sent by Defendant to **RIM_Visto_NDCA_Service@kirkland.com**, including as attachments one or more papers referenced in paragraph 2, shall constitute valid service upon Plaintiff under Fed. R. Civ. Proc. 5(b)(2)(D). Any such electronic mail sent by midnight Pacific Time on a given day shall constitute valid service under Fed. R. Civ. Proc. 5(b)(2)(D) on that day.

4. Unless otherwise agreed to in writing, the parties agree that service of all documents exchanged between the parties in this case (not including documents filed with the Court) shall be deemed served under Fed. R. Civ. Proc. 5(b)(2)(D). The parties' intent of this subsection is to add three days after the prescribed period would otherwise expire if service is by hand, as if served under Fed. R. Civ. Proc. 6(e).

**9.    Class Actions**

This is not a class action.

**10.    Related Cases**

There are two related patent infringement cases pending between the parties in the Eastern District of Texas:

a. *Visto Corp. v. RIM Ltd. and RIM Corp.*, Case No. 2:06-CV-181 (E.D. Tex.), involving six different patents that cover related technology; and

b. *Visto Corp. v. RIM Ltd. and RIM Corp.*, Case No. 2:07-CV-375 (E.D. Tex.), involving two different patents that cover related technology.

**11.    Relief**

Plaintiff Seeks a Judgment Against Defendant:

1. finding that Defendant has directly and/or indirectly infringed, and continues to infringe, the '839 patent;

2. finding that Defendant's infringement has been and continues to be willful;

3. enjoining Defendant and its subsidiaries, officers, agents, servants, employees, licensees,

and all other persons or entities acting or attempting to act in active concert or participation with it or acting on its behalf, from making, using, selling, or offering for sale the infringing products in the United States;

4. ordering Defendant to pay all damages pursuant to 35 U.S.C. § 284 caused to Plaintiff by reason of Defendant's infringement, including enhanced damages pursuant to 35 U.S.C. § 285;

5. finding this case exceptional pursuant to 35 U.S.C. § 285 and ordering Defendant to pay Plaintiff's costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284 and 285;

6. ordering Defendant to pay prejudgment and post-judgment interest on the damages caused to Plaintiff by Defendant's infringement;

7. denying all relief sought in Defendant's Counterclaim and dismissing Defendant's Counterclaim and action with prejudice;

8. declaring that Plaintiff has not infringed, contributed to, or induced infringement of the claims of the '231 patent;

9. declaring that the claims of the '231 patent are invalid;

10. declaring that Plaintiff has not infringed, contributed to, or induced infringement of the claims of the '383 patent;

11. declaring that the claims of the '383 patent are invalid; and

12. for such other and further relief in law or in equity to which Plaintiff may be justly entitled.

The amount of said damages will be the subject of expert evaluation and testimony based upon discovery that Plaintiff will receive from Defendant and, as such, is not quantifiable at this time. However, Plaintiff believes that it is entitled to, at the very least, lost profit damages and/or a reasonable royalty based upon Defendant's infringing activities before the issuance of a permanent injunction.

<u>Defendant Seeks a Judgment Against Plaintiff:</u>

1. Denying all relief sought in Plaintiff's Complaint and dismissing Plaintiff's Complaint and action with prejudice;

2. Declaring that Defendant has not infringed, contributed to, or induced infringement of the claims of the '839 patent.

3. Declaring that the claims of the '839 patent are invalid;

4. Preliminarily and Permanently enjoining Plaintiff and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, from making, importing, using, offering for sale, selling, or causing to be sold any product falling within, or designed to conduct a method falling within, the scope of any claim of the '231 and '383 Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the '231 and '383 Patents;

5. Ordering Plaintiff to pay all damages pursuant to 35 U.S.C. § 284 caused to Defendant by reason of Plaintiff's infringement, to be assessed by or under the Court's discretion, adequate to compensate Defendant for Plaintiff's infringement of the '231 and '383 Patents. The amount of said damages will be the subject of expert evaluation and testimony based upon discovery that Defendant will receive from Plaintiff and, as such, is not quantifiable at this time. However, Defendant believes that it is entitled to, at the very least, lost profit damages and/or a reasonable royalty based upon Plaintiff's infringing activities before the issuance of a permanent injunction.

6. Finding that this case is "exceptional" and that Defendant is accordingly entitled to an award against Plaintiff of its reasonable attorneys fees pursuant to 35 U.S.C. §§ 284 and 285;

7. Ordering Plaintiff to pay pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

8. That the Court order an accounting for damages;

9. That Defendant be awarded such other and further relief as the Court deems just and proper.

**12.     Settlement and ADR**

This case was assigned to the ADR Multi-Option Program in the June 15, 2007 Order Setting Initial Case Management Conference and ADR Deadlines. Therefore, before the Rule 26(f) Conference, the parties read the ADR Handbook, considered the available ADR options provide by the Court and through private entities, and analyzed the extent to which ADR might be applicable to the present case. During the Rule 26(f) Conference, the parties discussed the possibility of nonbinding arbitration, early neutral evaluation, mediation and early settlement conference but ultimately agreed that the best chance of successful resolution through the ADR process would be through a private mediator. The parties believe that any mediation would need to address all matters pending between the parties. Mediation is scheduled to occur in Texas matter 2:06-CV-181 by April 1, 2008. All pending matters between the parties will be addressed at that mediation.

**13.     Consent to Magistrate Judge for All Purposes**

The parties do not consent to the jurisdiction of a magistrate judge for all purposes.

**14.     Other References**

The parties do not believe that binding arbitration or a special master is suitable for this case. The parties also agree that this case is inappropriate for the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

Plaintiff's Position: Plaintiff cannot, at this time, determine whether there are any dispositive or partially-dispositive issues for decision by motion or agreement. Issues may be narrowed following the motions that Plaintiff will bring as indicated above.

Defendant's Position: Defendant believes that some of the Legal Issues listed above may be able to be disposed of by motion.

**16.     Expedited Schedule**

Plaintiff's Position: Plaintiff does not believe that an expedited schedule is appropriate for this case. This case involves three unrelated patents, two of which were recently added to the case on September 18, 2007. Plaintiff's response to Defendant's two patents will be filed by November 7, 2007. Further, this case involves both the technology of Plaintiff's product and of Defendant's product.

Defendant's Position: Defendant feels that this is the type of case that can be handled on an

expedited basis and, pursuant to the schedule set forth below, can be tried in January 2008.

**17.    Scheduling**

<u>Plaintiff's Position</u>: As described above, Plaintiff does not believe that an expedited schedule is appropriate for this case.  Plaintiff has modified the schedule for disclosures and filings before the Markman hearing to add additional time for the parties to analyze the patents and issues.  Defendant's two patents issued in May and June of 2007 and were recently added to the case, and Plaintiff has not had an opportunity to fully analyze them.  Plaintiff believes that additional time before the Markman hearing will allow the parties an opportunity to analyze and reduce the number of issues for the Court at the Markman hearing.  Plaintiff agrees that the Patent Local Rules should apply to post-Markman hearing disclosures.  Plaintiff has set a schedule post-Markman hearing that provides time for narrowing of issues through briefing prior to trial.  Plaintiff believes that trial should take place around July 2009.

<u>Defendant's Position</u>: Defendant does not propose any dates that deviate from the local rules and feels that this discovery and pretrial proceedings can be done in an expeditious manner justifying trial in January 2009.

| EVENT | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Initial Case Management Conference | September 28, 2007 (Order dated 9/10/07) | |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions and Materials Identified (Patent L.R. 3-1 and 3-2) | October 12, 2007 (Local Rule –10 days after the Initial Case Management Conference) | |
| Disclosure of Preliminary Invalidity Contentions and Materials Identified (Patent L.R. 3-3 and 3-4) | December 11, 2007 | 45 days after service of Preliminary Infringement Contentions – November 27, 2007 |
| Last Day to Amend Pleadings | January 29, 2008 | |
| Exchange of Proposed Terms for Claim Construction (Patent L.R. 4-1) | January 10, 2008 | 10 days after service of Preliminary Invalidity Contentions – December 7, 2007 |
| Exchange of Preliminary Claim Constructions (Patent L.R. 4-2) | February 11, 2008 | 20 days after Exchange of Proposed Terms for Claim Construction – January 3, 2008 |

Joint Case Management Statement and Rule 26(f) Report     10     Case No. C-07-3177 (MMC)

| EVENT | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | March 27, 2008 | 60 days after service of Preliminary Invalidity Contentions – February 4, 2008 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | May 12, 2008 | 30 days after service of Joint Claim Construction and Prehearing Statement – March 5, 2008 |
| Plaintiff's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | June 11, 2008 | 45 days after service of Joint Claim Construction and Prehearing Statement; at least six weeks prior to Claim Construction Hearing – March 20, 2008 |
| Defendant's Responsive Claim Construction Brief (Patent L.R. 4-5(b)) | July 11, 2008 | 14 days after service of Opening Brief – April 3, 2008 |
| Plaintiff's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | July 28, 2008 | 7 days after service of Responsive Brief – April 10, 2008 |
| Claim Construction Hearing (Patent L.R. 4-6) | August 29, 2008 | Two weeks after Reply Brief – April 24, 2008 |
| Claim Construction Ruling (Estimated date to allow for calculation of subsequent dates) | September 26, 2008 | May 23, 2008 |
| Final Infringement Contentions (Patent L.R. 3-6(a)) | Pursuant to Local Rule (30 days after Claim Construction Ruling) (est. October 27, 2008) | 30 days after Claim Construction Ruling – June 23, 2008 (estimate) |
| Final Invalidity Contentions (Patent L.R. 3-6(b)) | Pursuant to Local Rule (50 days after Claim Construction Ruling) (est. November 17, 2008) | 50 days after Claim Construction Ruling – July 11, 2008 (estimate) |
| Defendant to Disclose and Produce Patent Opinion (Patent L.R. 3-8) | Pursuant to Local Rule (50 days after Claim Construction Ruling) (est. November 17, 2008) | 50 days after Claim Construction Ruling – July 11, 2008 (estimate) |
| Fact Discovery Cutoff | 90 days after Claim Construction Ruling (est. December 26, 2008) | August 15, 2008 (estimate) |

Joint Case Management Statement    11    Case No. C-07-3177 (MMC)
and Rule 26(f) Report

| EVENT | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Last Day to File Motion to Compel Fact Discovery (Civ. L.R. 26) | Pursuant to Local Rule (est. January 2, 2009) | 7 days after fact discovery cutoff –August 22, 2008 (estimate) |
| Willfulness Discovery Cutoff | 120 days after Claim Construction Ruling (est. January 26, 2009) | 90 days after Claim Construction Ruling - August 29, 2008 (estimate) |
| Initial Expert Reports (based on burden of proof) | 120 days after Claim Construction Ruling (est. January 26, 2009) | 90 days after Claim Construction Ruling - August 29, 2008 (estimate) |
| Rebuttal Expert Reports (based on burden of proof) | 150 days after Claim Construction Ruling (est. February 23, 2009) | 120 days after Claim Construction Ruling - September 29, 2008 (estimate) |
| Expert Discovery Cutoff | 180 days after Claim Construction Ruling (est. March 25, 2009) | 150 days after Claim Construction Ruling - October 31, 2008 (estimate) |
| Last Day to File Motion to Compel Expert Discovery (Civ. L.R. 26) | Pursuant to Local Rule (7 days after cutoff) (est. April 1, 2009) | No more than 7 days after expert discovery cutoff – November 7, 2008 (estimate) |
| Last Day to File Dispositive and *Daubert* Motions | 45 days after Expert Discovery Cutoff (est. May 11, 2009) | December 15, 2008 (estimate) |
| Joint Pretrial Order | 45 days before Trial (est. June 8, 2009) | January 5, 2009 (estimate) |
| Pretrial Conference | 30 days before Trial (est. June 23, 2009) | January 12, 2009 (estimate) |
| Trial | 60 days after resolution of pending dispositive motions; otherwise, 120 days after Expert Discovery Cutoff (est. July 23, 2009) | January 26, 2009 |

### 18. Trial

Both parties have demanded a jury trial. The parties anticipate that trial of this case will require 10 trial days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

Pursuant to L.R. 3-16, each party has or will file their Certificates of Interested Entities or Persons within 10 days of the Case Management Conference.

Plaintiff certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Fidelity Management & Research Corp.

Defendant certifies that, as of this date, other than the named parties, there is no such interest to report.

**20.     Other Matters**

The parties have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this case.

DATED: September 21, 2007                KIRKLAND & ELLIS LLP


By: /s/ Philip T. Chen                               .
Robert G. Krupka, P.C.
Marc H. Cohen
Philip T. Chen

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Michelle Gillette hereby attests that concurrence in the filing of this document has been obtained.*

| | |
|---|---|
| DATED: September 21, 2007 | MANATT, PHELPS & PHILLIPS LLP |
| | BY: /s/ Michelle Gillette |
| | Robert D. Becker |
| | Michelle Gillette |
| | Attorneys for |
| | VISTO CORPORATION |

90000483.1