Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:    (213) 680-8400
Facsimile:     (213) 680-8500

Attorneys for RESEARCH IN MOTION LIMITED
and RESEARCH IN MOTION CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VISTO CORPORATION,<br><br>　　　　Defendant. | Case No. C-07-3177 (MMC)<br><br>**RESEARCH IN MOTION LIMITED'S REPLY TO FIRST AMENDED COUNTERCLAIM; AND COUNTER-COUNTERCLAIM** |
| AND RELATED COUNTERCLAIM | |

Plaintiff Research In Motion Limited ("RIM Ltd.") and Counterdefendant Research In Motion Corporation ("RIM Corp.") (collectively "RIM"), by their attorneys, reply to the First Amended Counterclaim of Defendant Visto Corporation ("Visto") against RIM:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted that RIM Corp. is a corporation organized and existing under the laws of the State of Delaware and registered to do business in the State of Texas. Admitted that RIM Corp. is doing business in the Eastern District of Texas and elsewhere in the United States. Admitted that RIM Corp. is the United States distributor of RIM Ltd. products and services. Denied in all other respects.

## JURISDICTION, VENUE & INTRADISTRICT ASSIGNMENT

4. Admitted.

5. Admitted.

6. Admitted that RIM has sufficient contacts with the Northern District of California to subject it to the person jurisdiction of this Court for purposes of Visto's First Amended Counterclaim. Admitted that RIM Ltd. has a pending civil action against Visto in this district. Denied in all other respects.

7. Admitted.

8. Admitted.

## GENERAL ALLEGATIONS

9. On information and belief, Visto was established in 1996 and currently offers personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. Denied in all other respects.

10. RIM lacks information sufficient to admit or deny that Visto holds all right, title, and interest in and to United States Patent No. 7,225,231, and on that basis denies it. Admitted that the '231 patent, entitled "System and Method for Transmitting Workspace Elements Across a Network," was issued by the USPTO on May 29, 2007 in the name of Daniel J. Mendez et al. Denied that the

'231 patent was duly and properly issued.  Admitted that a document purporting to be the '231 patent is attached as Exhibit 1 to the First Amended Answer and Counterclaim.  Denied in all other respects.

11. RIM lacks information sufficient to admit or deny that Visto holds all right, title, and interest in and to United States Patent No. 7,228,383, and on that basis denies it.  Admitted that the '383 patent, entitled "System and Method for Progressive and Hierarchical Caching," was issued by the USPTO on June 5, 2007 in the name of Gregory S. Friedman et al.  Denied that the '383 patent was duly and properly issued.  Admitted that a document purporting to be the '383 patent is attached as Exhibit 2 to the First Amended Answer and Counterclaim.  Denied in all other respects.

12. Admitted that RIM provides products under the Blackberry® mark.  Denied that doing so infringes the '231 patent or the '383 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.  Denied in all other requests.

13. Denied.

14. Denied.

## COUNT I
**(Declaratory Judgment of Non-Infringement)**

15. RIM incorporates the admissions and denials set forth in Paragraphs 1-14 as if fully set forth herein.

16. Admitted.

17. Denied.

## COUNT II
**(Declaratory Judgment of Invalidity)**

18. RIM incorporates the admissions and denials set forth in Paragraphs 1-17 as if fully set forth herein.

19. Admitted.

20. Denied.

## COUNT III
### (U.S. Patent No. 7,225,231)

21. RIM incorporates the admissions and denials set forth in Paragraphs 1-20 as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT IV
### (U.S. Patent No. 7,228,383)

26. RIM incorporates the admissions and denials set forth in Paragraphs 1-25 as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## PRAYER FOR RELIEF ON FIRST AMENDED COUNTERCLAIM

The remainder of Visto's First Amended Counterclaim comprises Visto's prayer for relief to which no response is required. To the extent that any response may be required, RIM (1) denies that Visto does not infringe the '839 patent; (2) denies that the claims of the '839 patent are invalid; (3) denies that RIM directly or indirectly infringes the '231 patent; (4) denies that RIM directly or indirectly infringes the '383 patent; and (5) denies that Visto is entitled to any damages. Denied that Visto is entitled to attorneys' fees and costs. Further, denied that Visto is entitled to any relief whatsoever against RIM. Except as expressly admitted, RIM denies each and every allegation set forth in Visto's First Amended Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

31. RIM asserts the following affirmative and other defenses, and reserves the right to amend its reply to assert any other basis for invalidity, unenforceability, or any other defense.

### FIRST DEFENSE
### (Failure to State a Claim)

32. The First Amended Counterclaim fails to state a claim upon which relief can be granted against RIM.

### SECOND DEFENSE
### (Non-Infringement)

33. RIM does not infringe and has not infringed, either directly or indirectly, contributorily, or by inducement, any claim of the '231 patent or the '383 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD DEFENSE
### (Invalidity)

34. The '231 patent and the '383 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101, 102, 103 and/or 112.

### FOURTH DEFENSE
### (Laches)

35. Visto's claims for relief are barred in whole or in part by the doctrine of laches.

### FIFTH DEFENSE
### (Estoppel)

36. Visto's claims for relief are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE
### (Prosecution History Estoppel)

37. Visto is estopped from construing any claim of the '231 patent or '383 patent to cover or include, either literally or by application of the doctrine of equivalents, any system, process or method made, used, imported, sold, or offered for sale by RIM as a result of admissions and statements made during prosecution of the asserted patents.

### SEVENTH DEFENSE
### (Limitation of Damages)

38. Visto's claims for damages against RIM are limited by the provisions of 35 U.S.C. § 287.

## EIGHTH DEFENSE
### (Waiver)

39. Visto's claims for relief are barred in whole or in part by the doctrine of waiver.

## NINTH DEFENSE
### (Adequate Remedy at Law)

40. Visto's claims for injunctive relief are barred in light of the fact that Visto has adequate remedies at law.

## TENTH DEFENSE
### (No Attorneys' Fees)

41. Visto has alleged no facts, and RIM has not engaged in any conduct, that entitles Visto to an award of attorneys' fees.

## ELEVENTH DEFENSE
### (Unclean Hands)

42. Visto's claims for relief are barred in whole or in part by the doctrine of unclean hands.

## RIM'S COUNTER-COUNTERCLAIM

Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively "RIM"), by their attorneys, allege as follows for their Counter-Counterclaim against Visto Corporation ("Visto"):

### PARTIES

1. RIM Ltd. is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

2. RIM Corp. is a Delaware corporation with its principal place of business at 102 Decker Ct., Suite 180, Irving, Texas 75062.

3. Defendant Visto is a Delaware corporation with its principal place of business at 101 Redwood Shores Parkway, Redwood City, California 94065.

### JURISDICTION

4. The Court has subject matter jurisdiction over this Counter-Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

## VENUE

5. Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because the asserted claims arose in this district, and Visto has an established place of business within this District at 101 Redwood Shores Parkway in Redwood City, California.

## INTRADISTRICT ASSIGNMENT

6. This action for patent infringement shall be assigned on a district-wide basis according to Civil L. R. 3-2(c).

## FACTUAL BACKGROUND

7. RIM is a leading designer, manufacturer and marketer of innovative wireless solutions for the worldwide mobile communications market.

8. RIM's portfolio of award-winning products are used by thousands of organizations around the world and includes the BlackBerry® wireless platform, software development tools, and software/hardware intellectual property that is licensed.

9. Visto is a provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use.

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '231 Patent)**

10. RIM re-alleges and incorporates by reference the foregoing paragraphs 1-9 as though fully set forth herein.

11. An actual controversy has arisen and now exists between the parties regarding non-infringement of United States Patent No. 7,225,231 ("the '231 patent") because Visto has asserted in its First Amended Counterclaim that RIM infringes this patent.

12. RIM has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid, enforceable and properly-construed claim of the '231 patent, either literally or under the doctrine of equivalents.

13. RIM is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid or enforceable claim of the '231 patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '231 Patent)

14. RIM re-alleges and incorporates by reference the foregoing paragraphs 1-13 as though fully set forth herein.

15. An actual controversy has arisen and now exists between the parties regarding invalidity of the '231 patent because Visto has asserted in its First Amended Counterclaim that RIM infringes this patent, and that the patent was duly and legally issued.

16. The asserted claims of the '231 patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. RIM is entitled to a declaratory judgment that the asserted claims of the '231 patent are invalid.

## COUNT III
### (Declaratory Judgment of Non-Infringement of the '383 Patent)

18. RIM re-alleges and incorporates by reference the foregoing paragraphs 1-17 as though fully set forth herein.

19. An actual controversy has arisen and now exists between the parties regarding non-infringement of United States Patent No. 7,228,383 ("the '383 patent") because Visto has asserted in its First Amended Counterclaim that RIM infringes this patent.

20. RIM has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid, enforceable and properly-construed claim of the '383 patent, either literally or under the doctrine of equivalents.

21. RIM is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid or enforceable claim of the '383 patent.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '383 Patent)

22. RIM re-alleges and incorporates by reference the foregoing paragraphs 1-21 as though fully set forth herein.

23.     An actual controversy has arisen and now exists between the parties regarding invalidity of the '383 patent because Visto has asserted in its First Amended Counterclaim that RIM infringes this patent, and that the patent was duly and legally issued.

24.     The asserted claims of the '383 patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     RIM is entitled to a declaratory judgment that the asserted claims of the '383 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, RIM prays for entry of judgment as follows:

A.     Under the First Claim for Relief, that the Court determine and declare that RIM has not infringed, and is not infringing, any valid and enforceable claim of the '231 patent, either directly or indirectly, and either literally or under the doctrine of equivalents, and further that RIM has not actively induced or contributed to infringement of the '231 patent;

B.     Under the Second Claim for Relief, that the Court determine and declare that the asserted claims of the '231 patent are invalid and void;

C.     Under the Third Claim for Relief, that the Court determine and declare that RIM has not infringed, and is not infringing, any valid and enforceable claim of the '383 patent, either directly or indirectly, and either literally or under the doctrine of equivalents, and further that RIM has not actively induced or contributed to infringement of the '383 patent;

D.     Under the Fourth Claim for Relief, that the Court determine and declare that the asserted claims of the '383 patent are invalid and void;

E.     That the Court award RIM its attorney's fees and costs of suit pursuant to 35 U.S.C. § 285 and/or other applicable laws; and

F.     That RIM receives such other and further relief as the Court deems just and proper.

## JURY DEMAND

RIM hereby demands a trial by jury on all issues and claims so triable.

DATED: November 7, 2007                KIRKLAND & ELLIS LLP


By: _____/s/_____.
Robert G. Krupka, P.C.
Marc H. Cohen
Philip T. Chen

Attorneys for Plaintiff
RESEARCH IN MOTION LIMITED