MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
EUGENE L. HAHM (Bar No. CA 167596)
E-mail: ehahm@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Defendant
and Counterclaimant
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>VISTO CORPORATION,<br><br>Defendant.<br><br>VISTO CORPORATION,<br><br>Counterclaimant,<br><br>vs.<br><br>RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION,<br><br>Counterdefendants. | Case No. C-07- 3177 (MMC)<br><br>**VISTO CORPORATION'S REPLY TO RESEARCH IN MOTION LIMITED'S AND RESEARCH IN MOTION CORPORATION'S COUNTER-COUNTERCLAIM** |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

REPLY TO RIM'S COUNTER-COUNTERCLAIM
CASE NO. C-07-3177 (MMC)

Defendant and Counterclaimant Visto Corporation ("Visto"), by its attorneys serves this Reply to the Counter-Counterclaims asserted in the Reply to First Amended Counterclaim; and Counter-Counterclaim of Plaintiff and Counterdefendants Research In Motion Limited ("RIM Ltd.") and Research in Motion Corp ("RIM Corp.") (collectively "RIM").

## RIM'S COUNTER-COUNTERCLAIM

### PARTIES

1. Answering paragraph 1 of the Counter-Counterclaim, Visto admits that RIM Ltd. is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

2. Answering paragraph 2 of the Counter-Counterclaim, Visto admits that RIM Corp. is a Delaware corporation with its principal place of business at 102 Decker Ct., Suite 180, Irving, Texas 75062.

3. Answering paragraph 3 of the Counter-Counterclaim, Visto admits that it is a corporation organized and existing under the laws of the State of Delaware and that its principal place of business is at 101 Redwood Shores Parkway, Redwood City, California 94065.

### JURISDICTION

4. Answering paragraph 4 of the Counter-Counterclaim, Visto admits that this Court has subject matter jurisdiction over claims arising under the Patent Laws of the United States, Title 35, United States Code pursuant to 28 U.S.C. §§ 1331 and 1338(a) and for claims arising under the Declaratory Judgment Act, 28 U.S.C. §2201. Except as expressly admitted, Visto denies the allegations of paragraph 4.

### VENUE

5. Answering paragraph 5 of the Counter-Counterclaim, Visto admits that Venue properly lies in this District.

### INTRADISTRICT ASSIGNMENT

6. Answering paragraph 6 of the Counter-Counterclaim, Visto admits that this action arises under the patent statutes and therefore, according to Civil Local Rule 3-2(c), it may be assigned on a district-wide basis.

**FACTUAL BACKGROUND**

7. Answering paragraph 7 of the Counter-Counterclaim, Visto admits RIM is a designer, manufacturer and marketer of wireless solutions for the mobile communications market. Except as expressly admitted, Visto denies the allegations of paragraph 7.

8. Answering paragraph 8 of the Counter-Counterclaim, Visto admits RIM's products are used by organizations and includes the Blackberry® wireless platform, software development tools and software/hardware. Visto is without sufficient information to form a belief as to the truth of allegations regarding licensing and therefore denies the same. Except as expressly admitted, Visto denies the allegations of paragraph 8.

9. Answering paragraph 9 of the Counter-Counterclaim, Visto admits the allegations of paragraph 9.

**COUNT I**

**(Declaratory Judgment of Non-Infringement of the '231 Patent)**

10. Answering paragraph 10 of the Counter-Counterclaim, Visto incorporates by reference each and every allegation contained in Paragraphs 1 - 9 of this Reply as though fully set forth herein.

11. Answering paragraph 11 of the Counter-Counterclaim, Visto admits that an actual controversy currently exists between the parties regarding RIM's liability for infringement of the '231 patent. Except as expressly admitted, Visto denies the allegations contained in paragraph 11.

12. Answering paragraph 12 of the Counter-Counterclaim, Visto denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Counter-Counterclaim, Visto denies the allegations of paragraph 13.

**COUNT II**

**(Declaratory Judgment of Invalidity '231 Patent)**

14. Answering paragraph 14 of the Counter-Counterclaim, Visto incorporates by reference each and every allegation contained in Paragraphs 1 - 13 of this Reply as though fully

set forth herein.

15. Answering paragraph 15 of the Counter-Counterclaim, Visto admits that an actual controversy currently exists between the parties regarding the validity of the '231 patent. Except as expressly admitted, Visto denies the allegations of paragraph 15.

16. Answering paragraph 16 of the Counter-Counterclaim, Visto denies the allegations of paragraph 16.

17. Answering paragraph 17 of the Counter-Counterclaim, Visto denies the allegations of paragraph 17.

## COUNT III

**(Declaratory Judgment of Non-Infringement of the '383 Patent)**

18. Answering paragraph 18 of the Counter-Counterclaim, Visto incorporates by reference each and every allegation contained in Paragraphs 1 - 17 of this Reply as though fully set forth herein.

19. Answering paragraph 19 of the Counter-Counterclaim, Visto admits that an actual controversy currently exists between the parties regarding RIM's liability for infringement of the '383 patent. Except as expressly admitted, Visto denies the allegations of paragraph 19.

20. Answering paragraph 20 of the Counter-Counterclaim, Visto denies the allegations of paragraph 20.

21. Answering paragraph 21 of the Counter-Counterclaim, Visto denies the allegations of paragraph 21.

## COUNT IV

**(Declaratory Judgment of Invalidity of the '383 Patent)**

22. Answering paragraph 22 of the Counter-Counterclaim, Visto incorporates by reference each and every allegation contained in Paragraphs 1 - 21 of this Reply as though fully set forth herein.

23. Answering paragraph 23 of the Counter-Counterclaim, Visto admits that an actual controversy currently exists between the parties regarding the validity of the '383 patent. Except as expressly admitted, Visto denies the allegations of paragraph 23.

24. Answering paragraph 24 of the Counter-Counterclaim, Visto denies the allegations of paragraph 24.

25. Answering paragraph 25 of the Counter-Counterclaim, Visto denies the allegations of paragraph 25.

## RESPONSE TO RIM'S PRAYER FOR RELIEF

26. Visto denies that RIM is entitled to any relief whatsoever in connection with its Counter-Counterclaim, including, but not limited to, all relief requested in RIM's Prayer for Relief, paragraphs A-F.

27. Except as expressly admitted herein, Visto denies all factual allegations set forth in RIM's Counter-Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Visto respectfully prays:

A. That this Court deny all relief sought in RIM's Counter-Counterclaims for Declaratory Judgment;

B. That this Court dismiss RIM's Counter-Counterclaims for Declaratory Judgment with prejudice;

C. That this Court find this case "exceptional" and that Visto is accordingly entitled to an award against RIM of its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

D. That this Court award Visto the costs and disbursements of this action; and

E. That Visto be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Visto demands a trial by jury on all issues in RIM's Counter-Counterclaims for Declaratory Judgment that are triable of right by a jury.

1  Dated:   November 30, 2007        MANATT, PHELPS & PHILLIPS, LLP

             By:   /s/ Robert D. Becker
                   Robert D. Becker
                   Eugene L. Hahm
                   Shawn G. Hansen

                   *Attorneys for Defendant*
                   VISTO CORPORATION

20192832.1