Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>          Plaintiff,<br><br>     v.<br><br>VISTO CORPORATION,<br><br>          Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-3177 (MMC)<br><br>**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION**<br><br>**HEARING REQUESTED**<br><br>Date:    February 22, 2008<br>Time:   9:00 a.m.<br>Judge:  The Honorable Maxine M. Chesney |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 22, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Maxine M. Chesney at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, the Court will hear Research In Motion Limited's and Research In Motion Corporation's (collectively "RIM") motion to stay proceedings relating to U.S. Patent Nos. 7,225,231 and 7,228,383 pending the resolution of the reexamination of these patents by the United States Patent and Trademark Office.  This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the accompanying declaration of Philip T. Chen; the Reply papers; all pleadings and papers filed in this action; and upon such evidence and argument that may properly be presented at or before the hearing on this matter.

**STATEMENT OF RELIEF REQUESTED**

RIM respectfully requests that the Court stay proceedings relating to U.S. Patent Nos. 7,225,231 and 7,228,383 (Counts 3 and 4 of Visto's First Amended Counterclaim (Docket No. 18), and Counts 1 to 4 of RIM's Counter-Counterclaim (Docket No. 24)) pending the resolution of the reexamination of these patents by the United States Patent and Trademark Office.

## POINTS & AUTHORITIES IN SUPPORT OF MOTION

## I.   INTRODUCTION

Research In Motion Limited and Research In Motion Corporation (collectively "RIM") respectfully move the Court to stay proceedings in this matter relating to U.S. Patent Nos. 7,225,231 and 7,228,383 ("Visto Patents") pending the resolution of the reexamination of these patents by the United States Patent and Trademark Office ("Patent Office").  The reexamination will likely invalidate all asserted claims of the Visto Patents and render the proceedings relating to these patents moot.  If any claims of the Visto Patents survive reexamination, there will be fewer claims to address and terms to construe, and the additional prosecution history will inform the Court's and parties' understanding of their scope.  Further, any claims surviving reexamination will likely be amended and render proceedings on the current claim language futile.  As a result, a stay of claims relating to the Visto Patents pending reexamination will preserve the Court's time and resources, and spare the parties considerable expense.

A stay of the claims relating to the Visto Patents is appropriate because this case is in its preliminary stage and discovery has been minimal.  The parties have served written discovery, but there have been no depositions noticed or documents produced pursuant to discovery requests.  Further, the first milestone event, the *Markman* hearing, is scheduled for mid-June and briefing is not scheduled to begin until mid-April.  At this early stage of proceedings, a stay to allow the Patent Office to reexamine the Visto Patents will not prejudice Visto.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

RIM brought this action against Visto for infringement of U.S. Patent No. 5,889,839 on June 15, 2006.  (Docket No. 1.)  Visto filed its answer on July 9, 2006.  (Docket No. 6.)  Visto then moved for leave to amend its answer to add counterclaims for infringement of the Visto Patents on August 29, 2007.  (Docket No. 13.)  RIM stipulated to this amendment, and the Court entered Visto's amended answer and counterclaim on September 18, 2007.  (Docket No. 18.)

The Court held a case management conference on September 28, 2007.  (Docket No. 20.)  Thereafter, the Court issued a Scheduling Order on October 9, 2007.  (Docket No. 22.)  Pursuant to the Court's Scheduling Order, the parties have complied with the following deadlines:

| DEADLINE | ACTIVITY |
| --- | --- |
| October 19, 2007 | Disclosure of Asserted Claims and Preliminary Infringement Contentions and Materials Identified (Patent L.R. 3-1 and 3-2) |
| December 11, 2007 | Disclosure of Preliminary Invalidity Contentions and Materials Identified (Patent L.R. 3-3 and 3-4) |
| December 21, 2007 | Exchange of Proposed Terms for Claim Construction (Patent L.R. 4-1) |

Discovery in this case is still in the preliminary stage. The parties have exchanged and responded to one set of written discovery relating to the Visto Patents. The parties are still working on a proposed protective order for the Court to enter. No documents have been produced in response to discovery requests. No depositions have been noticed or taken.

On January 8, 2008, RIM filed a request for *inter partes* reexamination of U.S. Patent No. 7,228,383 with the Patent Office ("Friedman Request"). Chen Decl., Ex. A. Any person may file a request for *inter partes* reexamination of any claim of a patent based on patents or printed publications that are prior art. 35 U.S.C. § 311. The Patent Office will grant the request if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 312(a). In the Friedman Request, RIM requested reexamination of every claim of the '383 patent. In support of its request, RIM identified ten prior art publications that raise "a substantial new question of patentability" with respect to the claims of the '383 patent. Nine of the ten identified references were not before the Patent Office during prosecution of the '383 patent and were not considered by the examiner. While a decision on the Friedman Request must be made no later than April 8, 2008 (*see* 35 U.S.C. § 312(a)), it may be granted much earlier (*see* Chen Decl., Ex. B (Manual of Patent Examining Procedure ("MPEP") § 2641)).

On January 9, 2008, RIM filed a request for *ex parte* reexamination of U.S. Patent No. 7,225,231 with the Patent Office ("Mendez Request"). Chen Decl., Ex. C. Similar to an *inter partes* request, any person may file a request for *ex parte* reexamination of any claim of a patent based on patents or printed publications that are prior art. 35 U.S.C. § 302. And, the Patent Office will grant

the request if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a). In the Mendez Request, RIM requested reexamination of every claim of the '231 patent. In support of its request, RIM identified twelve prior art publications that raise "a substantial new question of patentability" with respect to the claims of the '231 patent. Eight of the twelve identified references were not before the Patent Office during prosecution of the '231 patent and were not considered by the examiner.

In addition, Visto has asserted the '221, '708, '192, '606, and '679 patents against RIM in *Visto Corp. v. RIM Ltd. and RIM Corp.*, Case No. 2:06-CV-181 (E.D. Tex.). All five of these patents purport to be related to the '231 patent asserted in this case, and Daniel J. Mendez is the first-named inventor on all five patents. RIM requested reexamination of four of these patents, and Seven Networks requested reexamination of the remaining patent (the '708 patent). The Patent Office initiated reexamination proceedings on all five patents because there were substantial questions of patentability. In those reexamination proceedings, the Patent Office currently rejects all challenged claims for each of the five patents. Chen Decl., Exs. D, E, F, G and H. While a decision on the Mendez request must be made no later than April 9, 2008 (*see* 35 U.S.C. § 303(a)), a response may be received much earlier (*see* Chen Decl., Ex. B (MPEP § 2241) ("The examiner should take up a request about 6 weeks after the request was filed.")).

RIM's motion to stay is brought on its reexamination requests. Statistics from the Patent Office's Performance and Accountability Report show that it granted reexamination on 577 *ex parte* requests out of 594 determinations made in 2007 (97%). Chen Decl., Ex. I. The statistics show that the likelihood of granting an *inter partes* request was even higher: the Patent Office granted 118 *inter partes* requests out of 119 determinations made in 2007 (99%). *Id.* If the Court finds that RIM's motion is premature, RIM will renew its motion to stay following the Patent Office's grant of its reexamination requests. There are only a few pre-*Markman* deadlines between now and April 9, 2007, the last day for the USPTO to issue a decision on both of RIM's requests:

| DEADLINE | ACTIVITY |
|---|---|
| January 10, 2008[1] | Exchange of Preliminary Claim Constructions (Patent L.R. 4-2) |
| January 29, 2008 | Last Day to Amend Pleadings |
| February 11, 2008[1] | Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) |
| March 12, 2008[1] | Completion of Claim Construction Discovery (Patent L.R. 4-4) |

### III.  THE COURT HAS DISCRETION TO GRANT A STAY OF PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION

This Court applies a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissue proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). This liberal policy follows "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays." *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007); *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ("The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation."); *ASCII*, 844 F.Supp. at 1380 ("Congress enacted the [USPTO] reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts.").

The decision "whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the Court's discretion." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C-05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.") (internal citation omitted). In determining whether to grant a stay pending reexamination, a court

---

[1] These are the dates provided by the Scheduling Order. The parties have jointly moved the Court to push back these three dates. (Docket No. 26.)

should consider: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *See Nanometrics*, 2007 WL 627920, at *2.  A stay is particularly appropriate for cases in the initial stages of litigation or where "discovery has just begun."  *See KLA-Tencor*, 2006 WL 708661, at *2 (the fact that "discovery ha[d] just begun" favored a stay pending reexamination).  In light of the "liberal policy" favoring staying pending reexamination, this Court has stayed matters even before the Patent Office has granted the reexamination request.  *See*, *e.g.*, *Tse v. Apple Inc.*, No. 06-6573 SBA, 2007 WL 2904279, at *5 (N.D. Cal. Oct. 4, 2007) (granting stay based on pending reexamination request); *ASCII*, 844 F. Supp. at 1381 (granting stay based on moving party's intent to file request for reexamination); *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (granting stay based on pending reexamination request).

**IV.    A STAY OF CLAIMS RELATING TO THE VISTO PATENTS IS WARRANTED**

**1.    A Stay Will Likely Render the Claims Moot or Simplify the Issues**

A stay will likely enable the Court and the parties to avoid protracted and costly litigation on the Visto Patents.  The Patent Office will likely invalidate all of the claims of the Visto Patents in reexamination. The Friedman Request focuses on ten prior art publications that raise "a substantial new question of patentability" with respect to the claims of the '383 patent.  Nine of the ten identified references were not cited during the prosecution of the '383 patent and, thus, were not considered by the examiner in allowing the claims of the '383 patent.  Similarly, the Mendez Request focuses on twelve prior art publications that raise "a substantial new question of patentability" with respect to the claims of the '231 patent.  Eight of the twelve identified references were not cited during the prosecution of the '231 patent and, thus, were not considered by the examiner in allowing the claims of the '231 patent.  A stay would also permit the Patent Office to apply its specialized expertise to the identified prior art before further time and resources are spent by the Court or the parties on these patents.  *See Nanometrics*, 2007 WL 627920, at *1 (a stay allows the court to take advantage of the "PTO's specialized expertise to reduce costly and timely litigation").  Further, allowing the Patent Office to make the first determination is consistent with

congressional intent for the reexamination statute. *See id.* ("Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO.").

The benefits of staying the claims related to the Visto Patents are considerable for the Court and the parties. Allowing the Patent Office to conduct the reexamination will reduce the issues remaining in the litigation. If the Patent Office invalidates all claims of the Visto Patents, then judicial resources will be greatly conserved as motion practice and trial will be unnecessary for these patents. Even if the Patent Office does not invalidate all claims of the Visto Patents, allowing the reexamination to proceed first provides benefits. Presently, Visto has asserted every claim in each of the Visto Patents in its Preliminary Infringement Contentions. Chen Decl., Ex. J. It is likely that at least some of these claims will be rejected in reexamination and resources will not need to be allocated to litigating those claims. *See Tse*, 2007 WL 2904279, at *3 (noting that "the PTO cancels all claims in approximately twelve percent of all reexaminations and changes some claims in approximately sixty-four percent"). Further, the Patent Office will bring to bear its special expertise during reexamination. The Court and parties will benefit from the further development of the intrinsic record which defines the scope of the remaining claims of the Visto Patents. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

This Court has recognized these efficiencies in granting a stay pending reexamination. *See Nanometrics*, 2007 WL 627920, at *3 ("Waiting for the outcome of the re-examination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims."); *KLA-Tencor*, 2006 WL 708661, at *4 (granting stay because it would "simplify the issues and streamline the trial, therefore reducing the burden on, and preserving the resources of both the parties and the Court"). Statistics provided by the Patent Office show that it granted reexamination requests in more than 97% of the cases where it made a determination last year. Chen Decl., Ex. I. RIM believes that a stay in proceedings relating to the Visto Patents is proper now because of the preliminary state of

the case. Further, despite the limited activity that has occurred in this case and that is currently scheduled to occur over the next few months, Visto may increase the level of activity so that it may argue, in response to a future motion, prejudice from a stay. If, however, the Court finds that RIM's motion is premature, RIM will renew its motion to stay following the Patent Office's grant of the reexamination requests.

This factor favors a stay based on the undisputable efficiencies and benefits from allowing the Patent Office to first complete its reexamination of the Visto Patents.

### 2.     Discovery is in its Nascent Phase; Trial is Fourteen Months Away

The parties have exchanged one set of discovery directed to the Visto Patents, but have not exchanged any documents pursuant to discovery requests, and have not noticed or taken any depositions. The parties have not filed any briefing on claim construction or dispositive issues. As such, the preliminary state of discovery in this case favors a stay. *See Nanometrics*, 2007 WL 627920, at *2 (granting a stay where: "Discovery has commenced, but it has not proceeded beyond this point. No briefing on claim construction has been filed. No dispositive motions have been submitted. And as currently scheduled, trial [is more than a year away]."); *KLA-Tencor*, 2006 WL 708661, at *2 (granting a stay where "discovery has just begun"); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995) (same); *ASCII*, 844 F. Supp. at 1381 (same).

Although the Court has set trial for March 30, 2009, that date is more than fourteen months away and significant work remains before that date. Before trial, the parties would still need to brief and argue claim construction and summary judgment issues, prepare and exchange expert reports, and complete discovery (which has only just begun). Further, before trial, the Court would need to expend time and resources to construe the Visto Patents and rule on the summary judgment and other motions that the parties file.

Thus, the second factor also favors a stay of the claims relating to the Visto Patent.

### 3.     A Stay Would not Prejudice Visto

Visto would not be prejudiced by a stay of its patent claims pending reexamination because those claims were just entered less than four months ago and discovery on those patent claims is just

8    Motion to Stay Proceedings Pending Reexamination
Case No. C-07-3177 (MMC)

beginning. As noted above, Visto's claims on the Visto Patents were entered on September 18, 2007. Visto provided preliminary infringement contentions for its patents on October 19, 2007. Based on those infringement contentions, RIM promptly researched, prepared and filed the reexamination requests within three months on January 8 and 9, 2008.

Visto has only been litigating the Visto Patents for three months. The discovery has been minimal. Visto provided Preliminary Infringement Contentions and required documents pursuant to the Patent Local Rules on October 19, 2007. Visto responded to RIM's discovery relating to the Visto Patents on November 9, 2007, and served a set of requests for production on November 21, 2007. Visto exchanged proposed terms for construction on December 21, 2007. This is the extent of Visto's litigation efforts regarding the Visto Patents.

There will not be a clear tactical disadvantage to Visto. As discussed above, RIM was diligent in seeking reexamination and does not seek a stay "on the eve of trial or after protracted discovery." *KLA-Tencor*, 2006 WL 708661, at *3 ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation"); *see also Nanometrics*, 2007 WL 627920, at *2 (rejecting the patentee's argument that use of the congressionally-created reexamination procedure was an abuse of process). As such, the third factor also favors a stay.

**4.  Scope of the Stay Should be Limited to the Visto Patents Under Reexamination**

The claims relating to RIM's asserted patent, the '839 patent, should not be stayed because reexamination of the Visto Patents will not reduce the burden of litigating that patent, which can be tried separately from the Visto Patents. The Visto Patent claims will involve litigation of the validity (or invalidity) of the Visto Patents, and the infringement (or non-infringement) of those patents by RIM products. In contrast, the '839 patent claim will involve litigation of the validity (or invalidity) of the '839 patent, and the infringement (or non-infringement) of that patent by Visto products. *See, e.g.*, *Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-3715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) (granting stay as to claims relating to the patent under reexamination but denying stay as to copyright infringement, false designation of origin and unfair competition claims because there was no showing that a stay would "reduce the burden of litigation [of these claims] on

9   Motion to Stay Proceedings Pending Reexamination
Case No. C-07-3177 (MMC)

both the parties and the Court"). Thus the Court should only stay proceedings relating to the Visto Patents pending the reexamination of those patents by the Patent Office.

## V.  CONCLUSION

A stay pending reexamination "is a sound means by which the court may facilitate resolution of this action." *ASCII*, 844 F. Supp. at 1381.  Here, all three relevant factors weigh in favor of a stay.  Thus, RIM respectfully requests that the Court stay proceedings relating to the Visto Patents pending the resolution of the reexamination of these patents by the Patent Office.

DATED: January 18, 2008                          KIRKLAND & ELLIS LLP


By: _____/s/_____.
Robert G. Krupka, P.C.
Marc H. Cohen
Philip T. Chen

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I am employed in the County of Los Angeles, State of California. I am over the |
| 3 | age of 18 and not a party to the within action. My business address is 777 S. Figueroa |
| 4 | Street, 37th Floor, Los Angeles, California 90017. |
| 5 | On January 18, 2008, I caused a copy of the following document(s) described as: |

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION**

to be served on the interested parties in this action as follows:

**[X]    [VIA ELECTRONIC MAIL]**  I caused said document[s] to be sent by electronic mail to the email address(es) indicated for the party(ies) listed below:

Robert D. Becker
E-mail:  rbecker@manatt.com
Eugene L. Hahm
E-mail:  ehahm@manatt.com
Shawn G. Hansen
E-mail:  shansen@manatt.com
RimVistoLit-NDCA@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

**[X]    [FEDERAL]**  I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed January 18, 2008, at Los Angeles, California.


                                        /s/ Phillip T. Chen
                                              Phillip T. Chen