# EXHIBIT B

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision September 2007



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 6, Sept. 2007

**EXHIBIT B**

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

  Superintendent of Documents  Telephone: 202-512-2267
  Mail List Section
  Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

  Superintendent of Documents  Telephone: 202-512-1800
  United States Government Printing Office
  Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

  Mail Stop Document Services  Telephone: 1-800-972-6382 or 571-272-3150
  Director of the U.S. Patent and Trademark Office
  P.O. Box 1450
  Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

  U.S. Patent and Trademark Office  Telephone: 571-272-5600
  Office of Electronic Information Products
  MDW 4C18, P.O. Box 1450
  Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.  Telephone: 571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

  First Edition, November 1949
  Second Edition, November 1953
  Third Edition, November 1961
  Fourth Edition, June 1979
  Fifth Edition, August 1983
  Sixth Edition, January 1995
  Seventh Edition, July 1998
  Eighth Edition, August 2001
   Revision 1, February 2003
   Revision 2, May 2004
   Revision 3, August 2005
   Revision 4, October 2005
   Revision 5, August 2006
   Revision 6, September 2007

### I. REQUEST FOR REEXAMINATION OF THE PATENT AFTER REISSUE OF THE PATENT

Where a request for reexamination is filed on a patent after a reissue patent for that patent has already issued, reexamination will be denied, because the patent on which the request for reexamination is based has been surrendered. Should reexamination of the reissued patent be desired, a new request for reexamination, including and based on the specification and the claims of the reissue patent, must be filed. Where the reissue patent issues after the filing of a request for reexamination, see MPEP § 2285.

### II. SECOND OR SUBSEQUENT REQUEST FILED DURING REEXAMINATION

If a second or subsequent request for *ex parte* reexamination is filed (by any party) while a first *ex parte* reexamination is pending, the presence of a substantial new question of patentability depends on the prior art (patents and printed publications) cited by the second or subsequent requester. If the requester includes in the second or subsequent request prior art which raised a substantial new question in the pending reexamination, reexamination should be ordered only if the prior art cited raises a substantial new question of patentability which is different *>from< that raised in the pending reexamination proceeding. If the prior art cited raises the same substantial new question of patentability as that raised in the pending reexamination proceedings, the second or subsequent request should be denied.

>Where the request raises a different substantial new question of patentability as to some patent claims, but not as to others, the request would be granted in part; see the order issued in reexamination control number 90/007,843 and 90/007,844.<

The second or subsequent request for reexamination may raise a substantial new question of patentability with respect to any new or amended claim which has been proposed under 37 CFR 1.530(d) in the first (or prior) pending reexamination proceeding. The substantial new question may be directed to any proposed new or amended claim in the pending reexamination, to permit examination of the entire patent package. It would be a waste of resources to prevent addressing the proposed new or amended claims, by requiring parties to wait until the certificate issues for the proposed new or amended claims, and only then to file a new reexamination request challenging the claims as revised via the certificate. This also prevents a patent owner from simply amending all the claims in some nominal fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding. In *>certain< situations, <u>after</u> a grant of a second or subsequent request for *ex parte* reexamination, where (A) the patent owner files a petition under 37 CFR 1.182 as part of the statement or as the statement, and (B) it appears clear that the second or subsequent request was filed for purposes of harassment of the patent owner, if the petition is granted, prosecution on the second or subsequent reexamination would be suspended. Merger of such a second or subsequent request with the already pending reexamination proceeding(s) would unduly prolong the conclusion of the pending reexamination and be inconsistent with the requirement that reexamination proceeding be conducted with special dispatch. If the second or subsequent requester does not include the prior art which raised a substantial new question of patentability in the pending reexamination, reexamination may or may not be ordered depending on whether the different prior art raises a substantial new question of patentability. The second or subsequent request should be determined on its own merits without reference to the pending reexamination.

For cases in which a first *ex parte* reexamination is pending at the time a second or subsequent request for *ex parte* reexamination is to be decided, see MPEP § 2283.

For cases in which either the first or subsequent request for reexamination, or both, is/are an *inter partes* reexamination proceeding, see MPEP § 2640 and § 2686.01.

## 2241    Time for Deciding Request  [R-2]

The determination >of< whether or not to reexamine must be made within 3 months following the filing date of a request. See 35 U.S.C. 303(a) and 37 CFR 1.515(a). >If the 3-month period ends on a Saturday, Sunday, or Federal holiday within the District of Columbia, then the determination must be mailed by the **preceding** business day.< The examiner should take up a request for decision about 6 weeks after the request was filed. The decision should be mailed within 10 weeks of the filing date of the request.

When reexamination for the same patent has already been ordered based on an earlier request and that reexamination is pending, the examiner should immediately take up the new request for decision, i.e., there should be no delay of 6 weeks. See the last portion of MPEP § 2240 and also see MPEP § 2283 for multiple copending reexamination proceedings. A determination to reexamine may be made at any time during the period of enforceability of a patent.

## 2242 Criteria for Deciding Request [R-5]

### I. SUBSTANTIAL NEW QUESTION OF PATENTABILITY

The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.

If the prior art patents and printed publications raise a substantial question of patentability of at least one claim of the patent, then a substantial <u>new</u> question of patentability is present, unless the same question of patentability has already been decided by (A) a final holding of invalidity, after all appeals, or (B) by the Office in a previous examination or pending reexamination of the patent. A "previous examination" of the patent is: (A) the original examination of the application which matured into the patent; (B) the examination of the patent in a reissue application that has resulted in a reissue of the patent; or (C) the examination of the patent in an earlier >pending or< concluded reexamination. The answer to the question of whether a "substantial new question of patentability" exists, and therefore whether reexamination may be had, is decided by the Director of the USPTO, and, as 35 U.S.C. 303 provides, that determination is final, i.e., not subject to appeal on the merits of the decision. See *In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985). But see *Heinl v. Godici*, 143 F.Supp.2d 593, 596-98 (E.D.Va. 2001) (35 U.S.C. 303 addresses only USPTO decisions to <u>deny</u> a request for reexamination and does not bar review of >ultra vires< USPTO decisions to <u>grant</u> reexamination requests. However, a decision to grant a reexamination request is not a final agency decision and is not ordinarily subject to judicial review.).

A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. If the prior art patents and/or publications would be considered important, then the examiner should find "a substantial new question of patentability" unless the same question of patentability has already been decided as to the claim in a final holding of invalidity by the Federal court system or by the Office in a previous examination. For example, the same question of patentability may have already been decided by the Office where the examiner finds the additional (newly provided) prior art patents or printed publications are merely cumulative to similar prior art already fully considered by the Office in a previous examination of the claim.

For "a substantial new question of patentability" to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be <u>important</u> in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim. It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for "a substantial new question of patentability" to be present as to the claim. Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publications. As to the importance of the difference between "a substantial new question of patentability" and a "*prima facie*" case of unpatentability see generally *In re Etter,* 756 F.2d 852, 857 n.5, 225 USPQ 1, 4 n.5 (Fed. Cir. 1985).

Where a request for reexamination of a patent is made before the conclusion of an earlier filed reexam-

fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding.

**>Where<** reexamination is granted on a second or subsequent request, but the patent owner can clearly show that the second or subsequent request was filed for purposes of harassment, the patent owner *can petition under* 37 CFR 1.182 that the second or subsequent request should be suspended. If such a petition is granted, prosecution on the second or subsequent reexamination would be suspended until *>conclusion<* of proceedings in the first reexamination. In such an instance, merger of the second (or subsequent) reexamination with the first would unduly prolong the conclusion of the pending reexamination and be inconsistent with the requirement that the reexamination proceeding be conducted with special dispatch.

Where an ordered *inter partes* reexamination is pending, and an *inter partes* reexamination request is subsequently filed, the prohibition provision of 37 CFR 1.907(a) must be borne in mind. Once an order for *inter partes* reexamination has been issued, neither the third party requester of the *inter partes* reexamination, nor its privies, may file a subsequent request for *inter partes* reexamination of the >same< patent until an *inter partes* reexamination certificate has been issued, unless expressly authorized by the Director of the Office. Note that 37 CFR 1.907(a) tracks the statutory provision of 35 U.S.C. 317(a). >A petition for such express authorization is a request for extraordinary relief and will not be granted where there is a more conventional avenue to accomplish the same purpose and provide relief analogous to that requested. See also *Cantello v. Rasmussen*, 220 USPQ 664 (Comm'r Pat. 1982) for the principle that extraordinary relief will not normally be considered if the rules provide an avenue for obtaining the relief sought.<

## 2641  Time for Deciding Request [R-5]

The determination of whether or not to reexamine must be made (completed and mailed) not later than three (3) months after the filing date of a request. See 35 U.S.C. 312(a) and 37 CFR 1.923. *If the 3-month period ends on a Saturday, Sunday or Federal holiday within the District of Columbia*, then the determination must be mailed by the ***preceding*** business day.

Generally, the Central Reexamination Unit (CRU) forwards the *inter partes* reexamination case to the **>examiner< within two (2) weeks of the filing date of the request. **

(A) The examiner has one (1) week from his/her receipt of the reexamination to prepare for an initial consultation conference with a Reexamination Legal Advisor (RLA).

After the consultation with the RLA, the examiner has two (2) weeks from the date of the consultation conference to prepare the decision on the request and an Office action (if reexamination is granted), and forwards the reexamination to the **>Special Program Examiner (SPRE)<.

The decision and the action will be reviewed by the SPRE and the reexamination file along with the decision and action will be forwarded (hand carried) to the *>RLA<.

(B) **At the very latest**, the decision and action prepared by the examiner must be hand carried by the SPRE to the *>RLA< within nine (9) weeks from the filing date of the request >(unless otherwise authorized by the CRU Director or a RLA)<.

(C) It should be noted that the first Office action ordinarily accompanies an order for reexamination; however, if the issuance of the first Office action would delay the order to the extent that a critical deadline will not be met, the order will be mailed and the first action will follow in due course, as per the guidance set forth in MPEP § 2660.

## 2642  Criteria for Deciding Request [R-5]

### I.  SUBSTANTIAL NEW QUESTION OF PATENTABILITY

The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.

If the prior art patents and printed publications raise a substantial question of patentability of at least one claim of the patent, then a substantial new question of patentability is present, unless the same question of patentability has already been decided by (A) a final