# EXHIBIT F

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,062 | 06/23/2006 | 6085192 | 306303US91RX | 6058 |

22850    7590    09/05/2007

OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
1940 DUKE STREET
ALEXANDRIA, VA 22314

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 09/05/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

EXHIBIT F

| Office Action in Ex Parte Reexamination | Control No. 90/008,062 | Patent Under Reexamination 6085192 |
|---|---|---|
| | Examiner Ovidio Escalante | Art Unit 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☒ Responsive to the communication(s) filed on <u>22 August 2006</u>.    b ☐ This action is made FINAL.
c ☒ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.    3. ☐ Interview Summary, PTO-474.
2. ☐ Information Disclosure Statement, PTO/SB/08.    4. ☒ *Detailed Action*.

**Part II    SUMMARY OF ACTION**

1a. ☒ Claims <u>1-18 and 20-25</u> are subject to reexamination.
1b. ☐ Claims _____ are not subject to reexamination.
2. ☐ Claims _____ have been canceled in the present reexamination proceeding.
3. ☐ Claims _____ are patentable and/or confirmed.
4. ☒ Claims <u>1-18 and 20-25</u> are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ The drawings, filed on _____ are acceptable.
7. ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.
8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some*  c)☐ None    of the certified copies have
   1☐ been received.
   2☐ not been received.
   3☐ been filed in Application No. _____.
   4☐ been filed in reexamination Control No. _____.
   5☐ been received by the International Bureau in PCT application No. _____.
   * See the attached detailed Office action for a list of the certified copies not received.
9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.
10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)    Office Action in Ex Parte Reexamination    Part of Paper No. 20070718
**EXHIBIT F**

Application/Control Number: 90/008,062 Page 2
Art Unit: 3992

## DETAILED ACTION

1. This office action is in response to the *exparte* reexamination order mailed on August 22, 2006. Claims 1-18,20-25 are pending in this present *exparte* reexamination application.

### *Status of the Claims*

2. Original claims 1-18 and 20-25 are rejected.

### *Lotus Notes as a single anticipatory document*

The requester is relying upon the following prior art references as a single anticipatory document:
  1) Lotus Notes Release 4 Deployment Guide, 1995 Lotus Development Corporation, Cambridge, MA.

  2) Lotus Notes Release 4 Database Manager's Guide, 1995 Lotus Development Corporation, Cambridge, MA.

  3) Lotus Notes Release 4 Administrator's Guide, 1995 Lotus Development Corporation, Cambridge, MA.

  4) Dahl, Andrew, Lotus Notes 4 Administrator's Survival Guide, 1996 Sam's Publishing.

  5) Brown, Kevin et. al., Mastering Lotus Notes, 1995 Sybex Incorporated.

  6) Lamb, John P. and Low, Peter W., Lotus Notes Network Design, 1996 McGraw-Hill.

  7) The History of Notes and Domino, http://www-128.ibm.com/developerworks/lotus/library/ls-NDHistory/, 20 December 2005.

  8) SkyTel and Compuserve team to provide wireless messaging services in countries worldwide; Skytel adds to e-mail connectivity options it provides for business markets, Business Wire, May 1, 1995.

The third party requester states that rejection over multiple references is proper because all documents identify with particularly the same version of the Lotus Notes System Release 4.0 and thus describe a unitary system that was know to those skilled in the art.

**EXHIBIT F**

Application/Control Number: 90/008,062 Page 3
Art Unit: 3992

The Examiner does not agree that all of the combined prior art references should be considered as a single anticipatory document since each reference stands on it own and does not necessarily cite or rely upon the teachings of all of the other references. The Examiner, however, agrees that since all of the above cited prior art references pertain to Lotus Notes, then one of ordinary skill in the art would have look through each prior art reference for necessary teachings for using at least Lotus Notes Revision 4. Each prior art reference discloses either the same or additional features and configuration for use with Lotus Notes.

### *Claim Rejections - 35 USC § 103*

3.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4.  The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

    1.  Determining the scope and contents of the prior art.
    2.  Ascertaining the differences between the prior art and the claims at issue.
    3.  Resolving the level of ordinary skill in the pertinent art.
    4.  Considering objective evidence present in the application indicating obviousness or nonobviousness.

5.  Claims 2-9 and 25 are rejected under 35 U.S.C. 103(a) as being unpatentable over Brown et al., Mastering Lotus Notes (hereinafter Brown) in view of Dahl, Lotus Notes 4 Administrator's Survival Guide (hereinafter Dahl).

**EXHIBIT F**

Application/Control Number: 90/008,062                                            Page 64
Art Unit: 3992

    Brown compares the different copies of the same database and saves the most recent version (according to the date the changes were made) or the version with the most changes. Subsequently, the server stores the most current version of the database for users to continue to access, (storing the preferred version), (page 35 - Exchanging Data through Replication). A replica is a copy of a shared database that you store either on a server or on your workstation, (page 571 - Creating a Replica of a Database to a Workstation).

    *wherein the second store comprises a smart phone.*

    Brown teaches that the copy is stored at a second store outside the firewall, (page 35 - Exchanging Data through replication). Brown does not specifically disclose that the copy is stored at a second store on a smart phone.

    **Lamb** discloses very small PDAs will have the capability to run sophisticated groupware such as Lotus Notes, thus you'll be able to carry a Lotus Notes Client in your pocket. Lamb also teaches that many of the PCMCIA credit-card-size modems allow attachment to a cellular phone. With today's technology, you can have a 3-pound notebook computer with a Pentium or PowerPC processor, a 28.8-Kbps PCMCIA modem with cellular phone capabilities (smart phone), and Lotus Notes installed. This will give good groupware access performance for the most mobile users. And that's with today's technology, (page 196 - 16.3 Mobile Users).

    Therefore, it would have been obvious to one of ordinary skill in the art at the time the invention was made to modify the second store of Brown by including a smart phone as shown by Lamb in order to increase groupware access performance to mobile users.

*Conclusion*

**NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS**

**EXHIBIT F**

Application/Control Number: 90/008,062                                              Page 65
Art Unit: 3992

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:
The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.
Parties are to take this change into account when filing papers, and direct communications accordingly.
In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:
Reexamination and Amendment Practice          (571) 272-7703
Central Reexam Unit (CRU)                     (571) 272-7705
Reexamination Facsimile Transmission No.      (571) 273-9900

### *Submissions*

7.      In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116, after final rejection and 37 CFR 41.33 after appeal, which will be strictly enforced.

### *Notification of Concurrent Proceedings*

8.      The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,085,192 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or

Application/Control Number: 90/008,062 Page 66
Art Unit: 3992

proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

### *Extension of Time*

9. Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

10. A shortened statutory period for response to the action is set to expire 2 months from the mailing date of this action.

11. All correspondence related to this *ex parte* reexamination proceeding should be directed as follows:

**Please MAIL any communications to:**

Attn: Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**Please FAX any communication to:**

(571) 273-9900
Central Reexamination Unit

**Please HAND-DELIVER any communications to:**

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street

**EXHIBIT F**

Application/Control Number: 90/008,062 Page 67
Art Unit: 3992

401 Dulany Street
Alexandria, VA 22314

12. Any inquiry by the patent owner concerning this communication or earlier communications from the Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

*/Ovidio Escalante/*
Ovidio Escalante
Primary Examiner
Central Reexamination Unit - Art Unit 3992
(571) 272-7537

Conferee:                              Conferee:

MARK J. REINHART
SPRE-AU 3992
CENTRAL REEXAMINATION UNIT

**EXHIBIT F**