EXHIBIT G

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,421 | 02/15/2005 | 6023708 | 035754-000012 | 5362 |

90/007733

22850          7590          08/03/2007

OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
1940 DUKE STREET
ALEXANDRIA, VA  22314

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 08/03/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)                **EXHIBIT G**

| *Office Action in Ex Parte Reexamination* | Control No. 90/007,421  90/007,933 | Patent Under Reexamination 6023708 | |
|---|---|---|---|
| | Examiner Ovidio Escalante | Art Unit 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a☒ Responsive to the communication(s) filed on 25 August 2006 .      b☐ This action is made FINAL.
c☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire 2 month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.    3. ☐ Interview Summary, PTO-474.

2. ☒ Information Disclosure Statement, PTO/SB/08.    4. ☒ *Detailed Action.*

Part II   SUMMARY OF ACTION

1a. ☒ Claims *1-40* are subject to reexamination.

1b. ☐ Claims _____ are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☐ Claims _____ are patentable and/or confirmed.

4. ☒ Claims *1-40* are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some*  c)☐ None    of the certified copies have

    1☐ been received.

    2☐ not been received.

    3☐ been filed in Application No. _____ .

    4☐ been filed in reexamination Control No. _____.

    5☐ been received by the International Bureau in PCT application No. _____.

    * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)

## DETAILED ACTION

1.    This office action is in response to the Patent Owner's amendment filed on August 25,

2006. Claims 1-40 are pending in this present *exparte* reexamination application.

### *Status of the Claims*

2.    Original amended claims 1,5,8,9,11,14,17,21,24,25,27,30,31,33 and 34 are rejected.

      Original claims 2-4,6,7,10,12,13,15,16,18-20,22,23,26,28,29 and 32 which depend upon

amended original claims, are rejected.

      New claims 35-40 are rejected.

### *Examiner Rejections*

3.    The following is a list of the Examiner rejections as set forth in this action:

#### *102 Rejections*

      Claims 5, 8, 9, 11-16, 21, 24, 25 and 27-32 are rejected under 35 U.S.C. 102(b) as being

anticipated by K. Brown et al., Mastering Lotus Notes (1995), (hereinafter Lotus Notes).

      Claims 5, 8, 11, 14, 21, 24, 27 and 30 are rejected under 35 U.S.C. 102(b) as being

anticipated by P. Grous, "Creating and Managing a Web Site with Lotus' InterNotes Web

Publisher," (September/October 1995).

      Claims 5, 14, 21 and 30 are rejected under 35 U.S.C. 102(b) as being anticipated by H.

Wong, "Casahl's Replic-Action: Delivering True Notes/DBMS Integration, (January/February

1996), (hereinafter Wong).

      Claims 8, 14, 24 and 30 are rejected under 35 U.S.C. 102(e) as being anticipated by

Beckhardt US Patent 5,787,441, (hereinafter Beckhardt).

#### *103 Rejections*

Application/Control Number: 90/007,421                                    Page 3
                                    90/007,933
Art Unit: 3992

Claims 1, 2, 7, 10, 17, 18, 23 and 26 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Kucala US Patent 5,727,202 in view of Kikinis et al. US Patent 5,799,068.

Claims 1, 4, 6, 17, 20, 22 and 33-40 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Lotus Notes in view of Kikinis et al. US Patent 5,799,068.

Claim 1,3,17 and 19 are rejected under 35 U.S.C. 103(a) as being unpatentable over P.

Grous, "Creating and Managing a Web Site with Lotus' InterNotes Web Publisher in view of

Kikinis US Patent 5,799,068.

Claims 5, 8, 11, 14, 21,24, 27 and 30 are rejected under 35 U.S.C. 103(a) as being

unpatentable over the Lotus Notes References (includes Mastering Lotus Notes by Brown et al.

("Lotus Notes"), Creating and Managing a Web Site with Lotus' InterNotes Web Publisher

("Grous") and InterNotes[4] ("InterNotes").

### *Claim Rejections - 35 USC § 102*

4.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

5.      Claims 5,8,9,11-16,21,24,25 and 27-32 are rejected under 35 U.S.C. 102(b) as being

anticipated by K. Brown et al., Mastering Lotus Notes (1995), (hereinafter Lotus Notes).

   *Regarding claim 5:*

**Grous** discloses Each additional Client represents an additional store as shown in figure 6 since each Client can copy and edit information from the second store and replicate back to the second store (Notes Server).

**Lotus Notes** discloses both server-to-server and server-to-workstation replications, thus disclosing the three formats and translation among them. Lotus Notes uses database replication to distribute and update copies of the same database that may also be stored on different servers and workstations, (How Does Replication Work - Pages 568-569). Each user that copies the document from the Notes Database stores a copy of the document in their workstation. Thus each additional user workstation will add a different store (e.g. "third store") for storing their copy.

As shown above, the combination of the three references individually focus on different disclosures of using the Lotus Notes service. The Lotus Note reference discloses how the replication feature is used with a client and Lotus Notes Server, the Grous reference adds the use of a Web Publisher to the Lotus Notes service and InterNotes goes into detail on how Web Publisher works. Thus all three references show one of ordinary skill in the art how Lotus Notes service is employed and used and how documents can be replicated and posted to the Web.

### *Response to Arguments*

15.     Applicant's arguments with respect to claims 1-34 have been considered but are moot in view of the new ground(s) of rejection.

### *Conclusion*

### NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

**EXHIBIT G**

Application/Control Number: 90/007,421                                    Page 102
                          90/007,933

Art Unit: 3992

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

### *Submissions*

16.     In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116, after final rejection and 37 CFR 41.33 after appeal, which will be strictly enforced.

### *Notification of Concurrent Proceedings*

17.    The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 6,023,708 throughout the course of this reexamination proceeding.  The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282

and 2286.

### Extension of Time

18.    Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that reexamination proceedings

"will be conducted with special dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte*

reexamination proceedings are provided for in 37 CFR 1.550(c).

19.    A shortened statutory period for response to the action is set to expire 2 months from the

mailing date of this action.

20.    All correspondence related to this *ex parte* reexamination proceeding should be directed

as follows:

**Please MAIL any communications to:**

Attn: Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**Please FAX any communication to:**

(571) 273-9900
Central Reexamination Unit

**EXHIBIT G**

Application/Control Number: 90/007,421                                    Page 104
                                          90/007,933
Art Unit: 3992

**Please HAND-DELIVER any communications to:**

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

21.     Any inquiry by the patent owner concerning this communication or earlier

communications from the Legal Advisor or Examiner, or as to the status of this proceeding,

should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Ovidio Escalante
Primary Examiner
Central Reexamination Unit - Art Unit 3992
(571) 272-7537

Conferes:                                        Conferee:

**EXHIBIT G**