Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>VISTO CORPORATION,<br><br>Defendant. | Case No. C-07-3177 (MMC)<br><br>**[PROPOSED] ORDER GRANTING MOTION TO STAY PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION** |
| AND RELATED COUNTERCLAIMS | Date: February 22, 2008<br>Time: 9:00 a.m.<br>Judge: The Honorable Maxine M. Chesney |

Before the Court is Research In Motion Limited's and Research In Motion Corporation's (collectively "RIM") Motion to Stay Proceedings Relating to the Visto Patents Pending Reexamination. Having considered the parties' pleadings, relevant legal authority, and the parties' arguments at the hearing on this matter, the Court HEREBY GRANTS RIM's motion and STAYS the proceedings relating to the Visto Patents pending the reexamination of those patents.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

RIM brought this action for patent infringement against Visto for infringement of U.S. Patent No. 5,889,839 on June 15, 2006. Visto answered the complaint on July 9, 2006. Visto then moved for leave to amend its answer to add counterclaims for infringement of U.S. Patent Nos. 7,225,231 and 7,228,383 ("Visto Patents") on August 29, 2007. RIM stipulated to this amendment, and the Court entered Visto's amended pleading on September 18, 2007. Pursuant to the Court's Scheduling Order and the Patent Local Rules, the parties exchanged preliminary infringement contentions, preliminary invalidity contentions and proposed terms for construction.

On January 8 and 9, 2008, RIM filed an *inter partes* request for reexamination of the '383 patent and an *ex parte* request for reexamination of the '231 patent, respectively. In each of these reexamination requests, RIM identified numerous prior art references that were not previously before the Patent Office. On January 18, 2008, RIM moved the Court to stay proceedings relating to the Visto Patents pending reexamination of those patents by the Patent Office.

**II. LEGAL STANDARDS**

This Court applies a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissue proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). This liberal policy follows "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays." *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007); *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ("The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation.").

The decision "whether to grant a stay pending the outcome of the PTO's reexamination is

soundly within the Court's discretion." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C-05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In determining whether to grant a stay pending reexamination, a court should consider: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Nanometrics*, 2007 WL 627920, at *2. A stay is particularly appropriate for cases in the initial stages of litigation or where "discovery has just begun." *See, e.g., KLA-Tencor*, 2006 WL 708661, at *2.

## III. ANALYSIS

### 1. Simplification of Issues for Trial

A stay will likely enable the Court and the parties to avoid protracted and costly litigation on the Visto Patents. "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

If the Patent Office invalidates some or all of the claims of the Visto Patents, then the Court and the parties will not need to expend resources to try those claims. The reexamination request for the '383 patent identifies nine prior art references that were not cited during the prosecution and were not considered by the examiner in allowing the claims of that patent. Similarly, the reexamination request for the '231 patent identifies eight prior art references that were not cited during the prosecution of that patent. Even if the claims survive the reexamination procedure (with or without amendment), the Patent Office will have provided its expert view on the issues and further developed the intrinsic record, which will be relied upon by the Court and the parties to construe the patent terms. *See Nanometrics*, 2007 WL 627920, at *1 (a stay allows the court to take advantage of the "PTO's specialized expertise to reduce costly and timely litigation").

Staying the proceedings related to the Visto Patents pending reexamination would simplify the issues for litigation and trial on those patents. Presently, Visto has asserted every claim in each of the Visto Patents in its Preliminary Infringement Contentions. Allowing the Patent Office to

conduct the reexamination will simplify the issues by either reducing the number of claims for trial or by further developing the intrinsic record. *See Tse v. Apple Inc.*, No. 06-6573 SBA, 2007 WL 2904279, at *3 (N.D. Cal. Oct. 4, 2007) (noting that "the PTO cancels all claims in approximately twelve percent of all reexaminations and changes some claims in approximately sixty-four percent").

This factor favors a stay based on the efficiencies and benefits from allowing the Patent Office to first conduct its reexamination of the Visto Patents.

**2. Stage of Litigation**

This litigation is in its nascent stage. The parties have provided preliminary disclosures required under the Patent Local Rules. They have exchanged one set of discovery directed to the Visto Patents but have not produced any documents pursuant to discovery requests or noticed any depositions. The preliminary stage of discovery in this case favors a stay. *See, e.g., Nanometrics*, 2007 WL 627920, at *2 (granting stay where: "Discovery has commenced, but it has not proceeded beyond this point. No briefing on claim construction has been filed. No dispositive motions have been submitted. And as currently scheduled, trial [is more than a year away]."); *KLA-Tencor*, 2006 WL 708661, at *2 (granting stay where "discovery has just begun"); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995); *ASCII*, 844 F. Supp. at 1381.

Although trial has been set for March 30, 2009, that date is fourteen months away and significant work remains. Before trial, the parties would still need to brief and argue claim construction and summary judgment issues, prepare and exchange expert reports, and complete discovery (which has only just begun). Further, before trial, the Court would need to expend time and resources to construe the Visto Patents and rule on dispositive motions.

RIM's motion is brought on its requests for reexamination of the Visto Patents. In light of the "liberal policy" favoring staying pending reexamination, this Court has stayed matters even before the Patent Office has granted the reexamination request. *See, e.g., Tse*, 2007 WL 2904279, at *5 (granting stay based on pending reexamination request); *ASCII*, 844 F. Supp. at 1381 (granting stay based on moving party's intent to file request for reexamination); *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (granting stay based on pending reexamination request). Further, statistics from the Patent Office's Performance

and Accountability Report show that it granted requests for *ex parte* reexamination 97% of the time and requests for *inter partes* reexamination 99% of the time in 2007.

Thus, the second factor also favors a stay.

**3. Undue Prejudice**

Visto would not be prejudiced by a stay of its patent claims pending reexamination because discovery on those patent claims is just beginning. As noted, Visto's claims on the Visto Patents were entered on September 18, 2007. Visto provided preliminary infringement contentions on October 19, 2007. Based on those infringement contentions, RIM promptly researched, prepared and filed the reexamination requests within three months on January 8 and 9, 2008.

There will not be a clear tactical disadvantage to Visto. Visto has only litigated the Visto Patents for three months and the discovery has been minimal. RIM was diligent in seeking reexamination and does not seek a stay "on the eve of trial or after protracted discovery." *KLA-Tencor*, 2006 WL 708661, at *3 ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation"). As such, the third factor also favors a stay.

**4. Scope of the Stay**

The claims relating to RIM's asserted patent, the '839 patent, should not be stayed because reexamination of the Visto Patents will not reduce the burden of litigating that patent, which can be tried separately and involves different products. *See, e.g.*, *Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-3715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) (granting stay as to claims relating to the patent under reexamination but denying stay as to copyright infringement, false designation of origin and unfair competition claims because there was no showing that a stay would "reduce the burden of litigation [of these claims] on both the parties and the Court").

**IV. CONCLUSION**

IT IS HEREBY ORDERED THAT RIM's Motion to Stay Proceedings Relating to the Visto Patents Pending Reexamination is GRANTED. All such proceedings before the Court are hereby stayed, including any discovery related to these patents. The parties shall update the Court as to the status of the reexamination every 3 months, and notify the Court immediately (i) upon the grant or

denial of RIM's requests for reexamination and (ii) upon the completion of the reexamination proceedings.

Dated: _______________

_______________________________
The Honorable Maxine M. Chesney
United States District Judge

DATED: January 18, 2008

KIRKLAND & ELLIS LLP

By: /s/ .
Robert G. Krupka, P.C.
Marc H. Cohen
Philip T. Chen

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On January 18, 2008, I caused a copy of the following document(s) described as:

**[PROPOSED] ORDER GRANTING MOTION TO STAY PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION**

to be served on the interested parties in this action as follows:

**[X]** **[VIA ELECTRONIC MAIL]** I caused said document[s] to be sent by electronic mail to the email address(es) indicated for the party(ies) listed below:

Robert D. Becker
E-mail: rbecker@manatt.com
Eugene L. Hahm
E-mail: ehahm@manatt.com
Shawn G. Hansen
E-mail: shansen@manatt.com
RimVistoLit-NDCA@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

**[X]** **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed January 18, 2008, at Los Angeles, California.

/s/ Phillip T. Chen
Phillip T. Chen