1  Robert G. Krupka, P.C. (Bar No. 196625)
   E-mail: bkrupka@kirkland.com
2  Marc H. Cohen (Bar No. 168773)
   E-mail: mcohen@kirkland.com
3  Philip T. Chen (Bar No. 211777)
4  E-mail: pchen@kirkland.com
   KIRKLAND & ELLIS LLP
5  777 South Figueroa Street
   Los Angeles, California 90017
6  Telephone:    (213) 680-8400
7  Facsimile:    (213) 680-8500

8  Attorneys for
   RESEARCH IN MOTION LIMITED and
9  RESEARCH IN MOTION CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| RESEARCH IN MOTION LIMITED, | Case No. C-07-3177 (MMC) |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND REPLY AND COUNTER-COUNTERCLAIM** |
| v. | |
| VISTO CORPORATION, | **HEARING REQUESTED** |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | Date:       March 7, 2008<br>Time:       9:00 a.m.<br>Courtroom:  Courtroom 7, 19th Floor<br>Judge:      Honorable Maxine M. Chesney |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 7, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Maxine M. Chesney at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Research In Motion Limited and Research In Motion Corporation (collectively "RIM") will and hereby does move the Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file Research In Motion's First Amended Reply and Counter-Counterclaim, attached hereto as Exhibit A.

RIM seeks leave to amend its reply to Visto's counterclaim to include affirmative defenses and a counter-counterclaim relating to the unenforceability of the Visto patents. RIM should be permitted to plead these defenses and declaratory relief claim because (1) RIM did not unduly delay in seeking the proposed amendment; (2) Visto will not be prejudiced by the proposed amendment; (3) the proposed amendment is not futile; and (4) leave to amend is freely given under Rule 15(a). RIM's motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities set forth below; the Reply papers; all pleadings and papers filed in this action; and upon such evidence and argument that may properly be presented at or before the hearing on this matter.

## STATEMENT OF RELIEF REQUESTED

RIM respectfully moves the Court for leave to file Research In Motion's First Amended Reply and Counter-Counterclaim.

# POINTS & AUTHORITIES IN SUPPORT OF MOTION

## I. INTRODUCTION

Research In Motion Limited and Research In Motion Corporation (collectively "RIM") respectfully move the Court for leave to file an amended reply to Visto's counterclaim.  RIM's amendment adds affirmative defenses to Visto's counts of patent infringement and a compulsory count for unenforceability of the Visto patents.

The Ninth Circuit applies the rules governing amendment liberally, and a motion to amend should not be denied unless the proposed amendment is frivolous, the motion is a delaying tactic, or the amendment will result in prejudice to the nonmoving party.  None of those factors is present here.  The amendment is not futile: the defenses and affirmative count are supported by Visto's infringement contentions, RIM's recent reexamination requests filed with the Patent Office, and discovery in the Texas matter between the parties.  The amendment is not a dilatory tactic: RIM brings this motion early in the case, before the parties have noticed depositions or conducted substantial discovery, before the claim construction hearing, and even before the submission of a proposed protective order to the Court.  And, Visto cannot show any prejudice from a grant of leave to amend at this early stage in the case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

RIM brought this action against Visto for infringement of U.S. Patent No. 5,889,839 on June 15, 2007.  (Docket No. 1.)  Visto filed its answer on July 9, 2007.  (Docket No. 6.)  Visto then moved for leave to amend its answer to add counterclaims for infringement of the Visto Patents on August 29, 2007.  (Docket No. 13.)  RIM stipulated to this amendment, and the Court entered Visto's amended answer and counterclaim on September 18, 2007.  (Docket No. 18.)  RIM filed its reply and counter-counterclaim asserting affirmative defenses and declaratory judgment counts of non-infringement and invalidity relating to Visto's patents on September 14, 2007.  (Docket No. 24.)

The Court held a case management conference on September 28, 2007.  (Docket No. 20.)  Thereafter, the Court issued a Scheduling Order on October 9, 2007, setting a deadline for amendment of pleadings by January 29, 2008.  (Docket No. 22.)

Discovery in this case is still preliminary. The parties have exchanged and responded to written discovery. The parties are still working on a proposed protective order for the Court to enter. No documents have been produced in response to discovery requests. No depositions have been noticed or taken.

On January 8, 2008, RIM filed a request for *inter partes* reexamination of all claims in U.S. Patent No. 7,228,383, one of the Visto Patents, with the Patent Office. On January 9, 2008, RIM filed a request for *ex parte* reexamination of all claims in U.S. Patent No. 7,225,231, the other Visto Patent, with the Patent Office. Any person may file a request for *inter partes* or *ex parte* reexamination of a patent based on patents or printed publications that are prior art. 35 U.S.C. §§ 302, 311. The Patent Office will grant the request if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. §§ 303(a), 312(a).

RIM's amended reply adds three affirmative defenses: governmental immunity for accused acts taken on behalf of the United States under 28 U.S.C. § 1498, intervening rights under 35 U.S.C. §§ 252 and 307, and unenforceability based on inequitable conduct during prosecution. RIM's amended counter-counterclaim seeks a declaration that Visto's patents are unenforceable based on inequitable conduct.

RIM sought a stipulation from Visto to file its amended reply but Visto was not able to provide its consent on short notice. RIM anticipates that Visto will be able to provide its consent for the amended pleading in the near future.

### III.    ARGUMENT

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).[1] The Supreme Court stated that "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

---

[1] The Federal Circuit looks to the law of the regional circuit in reviewing an order denying leave to amend. *See Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1480 (Fed. Cir. 1990).

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (same).  As such, in deciding whether leave to amend is in the interests of justice, a district court should consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004). Application of the *Foman* factors shows that leave to amend should be granted for RIM to file its amended reply.

### 1. The Amendment Is Not Futile

A proposed amendment is futile if no set of facts can be proved under the amended pleadings that would constitute a valid and sufficient claim or defense. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

RIM's amendment is not futile.  The affirmative defense of governmental immunity is well-pled as Visto's preliminary infringement contentions accuse all of RIM's products since 2001 of infringement, and accused actions taken on behalf of the United States are governed by 28 U.S.C. § 1498.  Likewise, the affirmative defense of intervening rights is well-pled to the extent that RIM's reexamination requests are well-taken and any surviving claims of Visto's patents are dissimilar to the original claims. *See* 35 U.S.C. §§ 252 and 307.  Finally, the affirmative defense and counter-counterclaim for unenforceability of the Visto patents due to inequitable conduct during prosecution is pled with specificity based on discovery in Texas matter between the parties.

### 2. The Amendment Is Brought Early In The Case -- Not In Bad Faith Or After Undue Delay

This motion for leave to amend is brought early in the case and within the deadline set by the Court's Scheduling Order.  As stated above, the parties have exchanged written discovery, but have not exchanged any documents pursuant to discovery requests or noticed any depositions.  And, the parties have not even submitted a protective order for the Court's consideration.

The amendment was brought in a timely and expeditious manner.  The affirmative defense of

governmental immunity did not become apparent until after RIM had received Visto's preliminary infringement contentions.  The affirmative defense of intervening rights did not arise until after RIM had filed requests with the Patent and Trademark Office seeking reexamination of Visto's asserted patents.  Finally, the inequitable conduct defense and allegation is based in large part on discovery from the Texas matter between the parties.  Given the deadline set forth in the Scheduling Order, RIM could not wait until that discovery was produced in this case, and relied upon the provision in protective order in the Texas matter allowing use of that discovery in all cases between the parties.  As such, RIM's amendment is not brought in bad faith or after undue delay.

### 3.     This Is The First Amendment To RIM's Reply

RIM has not previously amended its reply.  There are no "repeated failure to cure deficiencies by amendments previously allowed" justifying denial of leave to amend.  *Foman*, 371 U.S. at 182.  This will be the first amendment and, as stated above, it is not futile or brought to delay the case.

### 4.     Visto Will Not Be Prejudiced By The Amendment

Because of the timing of the amendment and its nature, Visto will not be prejudiced by the amendment.  RIM's amendment is brought early in the case and Visto will have the opportunity to fully explore the additional defenses and allegations through discovery.  Further, RIM's defenses and allegations do not add entirely new issues to the case but are defenses and a compulsory claim relating to Visto's asserted patents.

Even if RIM were adding entirely new claim and issues to the case, Visto still would not be prejudiced at this early stage in the case.  "In the context of a request to amend a complaint under Rule 15, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely."  *Witt v. City of Martinez*, No. C-91-4213, 1992 U.S. Dist. LEXIS 13571, at \*6 (N.D. Cal. Jul. 15, 1992) (internal quotation marks omitted); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (party opposing amendment bears the burden of showing prejudice).

## IV. CONCLUSION

For all of the foregoing reasons, the Court should grant RIM leave to amend its reply and counter-counterclaim.

DATED: January 29, 2008                         KIRKLAND & ELLIS LLP


By:  _____/s/_____.
Robert G. Krupka, P.C.
Marc H. Cohen
Philip T. Chen

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On January 29, 2008, I caused a copy of the following document(s) described as:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND REPLY AND COUNTER-COUNTERCLAIM**

to be served on the interested parties in this action as follows:

**[X]    [VIA ELECTRONIC MAIL]**  I caused said document[s] to be sent by electronic mail to the email address(es) indicated for the party(ies) listed below:

Robert D. Becker
E-mail:  rbecker@manatt.com
Eugene L. Hahm
E-mail:  ehahm@manatt.com
Shawn G. Hansen
E-mail:  shansen@manatt.com
RimVistoLit-NDCA@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

**[X]    [FEDERAL]**  I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed January 29, 2008, at Los Angeles, California.

        /s/ Sean O. Christofferson
        Sean O. Christofferson