Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>            Plaintiff,<br><br>      v.<br><br>VISTO CORPORATION,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-3177 (MMC)<br><br>**[PROPOSED] ORDER GRANTING RIM'S MOTION FOR LEAVE TO AMEND ITS REPLY AND COUNTER-COUNTERCLAIM**<br><br>Date:           March 7, 2008<br>Time:          9:00 a.m.<br>Courtroom:  Courtroom 7, 19th Floor<br>Judge:         Honorable Maxine M. Chesney |

Before the Court is Research In Motion Limited's and Research In Motion Corporation's (collectively "RIM's") Motion for Leave to File a First Amended Reply and Counter-Counterclaim. Having considered the parties' pleadings, the relevant legal authority, and the parties' arguments at the hearing on this matter, and good cause appearing, the Court HEREBY GRANTS the motion and GRANTS RIM leave to file an amended pleading.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

RIM brought this action against Visto on June 15, 2007.  (Docket No. 1.)  Visto filed its answer on July 9, 2007.  (Docket No. 6.)  Visto then moved for leave to amend its answer to add counterclaims for infringement of two patents on August 29, 2007 ("Visto Patents").  (Docket No. 13.)  RIM stipulated to this amendment, and the Court entered Visto's amended answer and counterclaim on September 18, 2007.  (Docket No. 18.)  RIM filed its reply and counter-counterclaim asserting affirmative defenses and declaratory judgment counts of non-infringement and invalidity relating to Visto's patents on September 14, 2007.  (Docket No. 24.)

The Court held a case management conference on September 28, 2007.  (Docket No. 20.) Thereafter, the Court issued a Scheduling Order on October 9, 2007, setting a deadline for amendment of pleadings by January 29, 2008.  (Docket No. 22.)

Discovery in this case is still preliminary.  The parties have exchanged and responded to written discovery.  The parties are still working on a proposed protective order for the Court to enter. No documents have been produced in response to discovery requests.  No depositions have been noticed or taken.

On January 8 and 9, 2008, RIM filed requests for reexamination of all claims in the Visto Patents.

On January 29, 2008, RIM filed a motion for leave to amend its reply and counter-counterclaim.  RIM's amended reply adds three affirmative defenses: governmental immunity for accused acts taken on behalf of the United States under 28 U.S.C. § 1498, intervening rights under 35 U.S.C. §§ 252 and 307, and unenforceability based on inequitable conduct during prosecution. RIM's amended counter-counterclaim seeks a declaration that Visto's patents are unenforceable based on inequitable conduct.

## II. LEGAL STANDARDS

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).[1] The Supreme Court stated that "[i]n the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (same). As such, in deciding whether leave to amend is in the interests of justice, a district court should consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004). Application of the *Foman* factors shows that leave to amend should be granted for RIM to file its amended reply.

## III. ANALYSIS

### 1. The Amendment Is Not Futile

RIM's amendment is not futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The affirmative defense of governmental immunity is well-pled as Visto's preliminary infringement contentions accuse all of RIM's products since 2001 of infringement, and accused actions taken on behalf of the United States are governed by 28 U.S.C. § 1498. Likewise, the affirmative defense of intervening rights is well-pled to the extent that RIM's reexamination requests are well-founded and the surviving claims of Visto's patents are dissimilar to the original claims. *See* 35 U.S.C. §§ 252 and 307. Finally, the affirmative defense and counter-counterclaim for unenforceability of the Visto patents due to inequitable conduct during prosecution is pled with specificity based on discovery in Texas matter between the parties.

---

[1] The Federal Circuit looks to the law of the regional circuit in reviewing an order denying leave to amend. *See Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1480 (Fed. Cir. 1990).

2     [Proposed] Order re Motion for Leave to Amend
Case No. C-07-3177 (MMC)

### 2. The Amendment Is Brought Early In The Case -- Not In Bad Faith Or After Undue Delay

This motion for leave to amend is brought early in the case and within the deadline set by the Court's Scheduling Order.  As stated above, the parties have exchanged written discovery, but have not exchanged any documents pursuant to discovery requests or noticed any depositions.  And, the parties have not even submitted a protective order for the Court's consideration.

The amendment was brought in a timely and expeditious manner.  The affirmative defenses did not arise until after RIM received Visto's preliminary infringement contentions and filed requests with the Patent Office seeking reexamination of Visto's Patents.  Finally, the inequitable conduct defense and allegation is based in large part on discovery from the Texas matter between the parties that has not been produced in this case.

### 3. This Is The First Amendment To RIM's Reply

RIM has not previously amended its reply.  There are no "repeated failure to cure deficiencies by amendments previously allowed" justifying denial of leave to amend.  *Foman*, 371 U.S. at 182.  This will be the first amendment and, as stated above, it is not futile or brought to delay the case.

### 4. Visto Will Not Be Prejudiced By The Amendment

Because of the timing of the amendment and its nature, Visto will not be prejudiced by the amendment.  RIM's amendment is brought early in the case and Visto will have the opportunity to fully explore the additional defenses and allegations through discovery.  Further, RIM's defenses and allegations do not add entirely new issues to the case but are defenses and a compulsory claim relating to Visto's asserted patents.

//
//
//
//
//

**IV.    CONCLUSION**

IT IS HEREBY ORDERED THAT RIM's Motion for Leave to File a First Amended Reply and Counter-Counterclaim is GRANTED.

Dated: _____        _____
                                The Honorable Maxine M. Chesney
                                United States District Judge

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January 29, 2008 | KIRKLAND & ELLIS LLP |
| 3 | | |
| 4 | | |
| 5 | | By: _____/s/_____ .<br>Robert G. Krupka, P.C.<br>Marc H. Cohen |
| 6 | | Philip T. Chen |
| 7 | | Attorneys for<br>RESEARCH IN MOTION LIMITED and |
| 8 | | RESEARCH IN MOTION CORPORATION |

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On January 29, 2008, I caused a copy of the following document(s) described as:

**[PROPOSED] ORDER GRANTING RIM'S MOTION FOR LEAVE TO AMEND ITS REPLY AND COUNTER-COUNTERCLAIM**

to be served on the interested parties in this action as follows:

**[X]   [VIA ELECTRONIC MAIL]** I caused said document[s] to be sent by electronic mail to the email address(es) indicated for the party(ies) listed below:

Robert D. Becker
E-mail: rbecker@manatt.com
Eugene L. Hahm
E-mail: ehahm@manatt.com
Shawn G. Hansen
E-mail: shansen@manatt.com
RimVistoLit-NDCA@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

**[X]   [FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed January 29, 2008, at Los Angeles, California.

                                            /s/ Sean O. Christofferson
                                            Sean O. Christofferson