MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
EUGENE L. HAHM (Bar No. CA 167596)
E-mail: ehahm@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Defendant
and Counterclaimant
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>    Plaintiff,<br><br>vs.<br><br>VISTO CORPORATION,<br><br>    Defendant. | Case No. C-07- 3177 (MMC)<br><br>**VISTO'S REPLY IN OPPOSITION TO RIM'S MOTION TO STAY PROCEEDINGS RELATED TO THE VISTO PATENTS PENDING REEXAMINATION** |
| VISTO CORPORATION,<br><br>    Counterclaimant,<br><br>vs.<br><br>RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION,<br><br>    Counterdefendants. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 2

    A. Visto Asserts that RIM Infringes the '231 and '383 Patents ............................. 2

    B. The Eastern District Of Texas Recently Denied A Similar Motion By RIM To Stay Visto's Infringement Claims Based On The Reexamination Of Related Patents ........................................................................................................ 2

III. ARGUMENT ................................................................................................................. 3

    A. RIM's Motion is Premature and Should Be Denied on That Basis Alone .............. 3

    B. Even if its Motion Were Not Premature, RIM Fails to Demonstrate Why A Stay Is Necessary In This Case. ................................................................................ 3

    C. Granting RIM's Motion To Stay Would Delay This Litigation For Years Resulting In Irremediable Harm to Visto ................................................................... 4

    D. RIM's Theory That Reexamination Will Render the Claims Moot or Simplify The Issues Is Unsupported By The Evidence ......................................... 6

    E. Reexaminations Proceedings Do Not Necessitate A Stay Of The Concurrent Litigation. ................................................................................................... 7

    F. The Case Is Progressing And Key Aspects of Preparing The Case For Trial Are Currently Underway ............................................................................................ 9

IV. CONCLUSION ............................................................................................................ 10

20196163.1

## I. INTRODUCTION

This Court should deny Research in Motion Limited's and Research In Motion Corporation's (collectively "RIM") motion to stay this case pending the reexamination of U.S. Patent No. 7,225,231 ("the '231 patent") and U.S. Patent No. 7,228,383 ("the '383 patent") (collectively "the Visto Patents"). The motion is grossly premature and speculative: RIM is seeking a stay of litigation even though the United States Patent & Trademark Office ("PTO") has not granted its reexamination requests. As RIM acknowledges, the PTO might not make a decision to reject or grant the reexamination requests until the second week of April, more than six weeks after the scheduled hearing date on this motion. There is no compelling need for the Court to grant a stay based on reexaminations that have not been and might never be granted.

This is not the first time that RIM has engaged in a tactical effort to unfairly delay Visto's infringement claims by seeking a litigation stay pending reexamination. As the Court is aware, the parties are involved in related patent infringement litigation currently pending in the Eastern District of Texas, Marshall Division (*Visto v. Research in Motion, et al.* Case No. 2:06-CV-181 (E.D. Tex) (the "Marshall Case"). Under similar circumstances and asserting similar arguments, RIM also moved to stay Visto's patent infringement claims in the Marshall Case; that Court properly denied that motion, determining that a stay would be unfairly prejudicial to Visto and rejecting RIM's arguments that the results of the reexamination proceedings would simplify the litigation.

Similar compelling reasons warrant the denial of RIM's motion in this case. RIM relies on speculative reasoning of how a stay might simplify the issues in any case. There are absolutely no guarantees that the PTO will grant RIM's reexamination requests or that all of the claims of the Visto Patents would be invalidated (a very unlikely possibility) even if reexamination were granted. What is certain is that Visto will be irreparably injured by a litigation stay. Visto would be forced to wait years to enforce its patents while RIM continues to sell its infringing products. Visto and RIM are direct competitors in the rapidly developing market for wireless email and personal information solutions. Visto's core business would be irreparably injured by RIM's infringing commercial activities during the time an indefinite stay

was in effect. Damages for infringement during this delay simply would not be an adequate remedy to compensate Visto.

## II. FACTUAL BACKGROUND

### A. Visto Asserts that RIM Infringes the '231 and '383 Patents

Visto holds all rights, titles, and interests in the '231 and '383 patents. The '231 patent, entitled "System and Method For Transmitting Workspace Elements Across a Network," was duly and properly issued on May 29, 2007, in the name of Daniel J. Mendez, et al. The '383 patent, entitled "System and Method For Progressive and Hierarchical Caching," was duly and properly issued on June 5, 2007, in the name of Gregory Scott Friedman, et al. After proper analysis, Visto did not delay its counterclaims, and moved to add the patents to the instant case on August 29, 2007, less than 10 weeks after RIM filed its initial complaint. (Docket No. 13).

RIM filed the requests for reexamination of both of Visto's patents just three weeks ago, nearly four months after RIM stipulated to adding Visto's counterclaims. The PTO has made no decision as to whether or not it will even grant either reexamination request and may not do so for more than two months.

### B. The Eastern District Of Texas Recently Denied A Similar Motion By RIM To Stay Visto's Infringement Claims Based On The Reexamination Of Related Patents.

RIM and Visto are fierce competitors in the wireless email communication market. The two parties are involved in global litigation across diverse venues[1], including the patent infringement litigation in the Marshall Case. The patents at issue in the Marshall Case – U.S. Patent Nos. 6,708,221, 6,023,708, 6,085,192, 6,151,606 and 7,039,679 --- are related to the '231 patent.

RIM notes in its motion that all claims of the patents in the Marshall Case are currently rejected by the PTO, implying that the PTO will also reject the claims of the '231 patent. (*See* RIM's Mot. at 4). What RIM fails to mention, however, is that it also filed a motion to stay the Marshall Case pending reexamination of those related patents, raising many of the same arguments being asserted here, and that the Eastern District of Texas denied that motion.

---

[1] Currently the parties are in patent litigation in Texas, Canada, Italy and the UK.

1   RIM filed its motion to stay in the Marshall Case in February, 2007[2]; at that time, the PTO had granted reexamination of four of the asserted patents and a decision was pending on the fifth. The case had not progressed as far as the current case: the parties had not engaged in any discovery, no trial date had yet been set, nor had the Court even held its initial case scheduling conference.[3] In denying RIM's motion, Judge Everingham ultimately found "the potential delay for an indefinite period will likely prejudice Visto." (Hahm Decl., Ex. C, Order Denying RIM's Motion To Stay) Judge Everingham further held that RIM's arguments concerning simplification of the case were "speculative" *Id.*

### III.   ARGUMENT

#### A.   RIM's Motion is Premature and Should Be Denied on That Basis Alone.

RIM's motion to stay the litigation is highly premature and speculative: RIM has set the hearing on its motion for February 22, 2008, before the PTO is likely to have rendered its decision. Standard practice by the PTO indicates a decision on RIM's requests for reexamination will not be made until early April 2008. RIM fails to identify any compelling reason to stay litigation on Visto's infringement claims based on reexaminations that have not yet even been granted.

#### B.   Even if its Motion Were Not Premature, RIM Fails to Demonstrate Why A Stay Is Necessary In This Case.

In deciding whether to stay litigation pending reexamination, courts typically consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software, LLC v. Amazon Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *Target Therapeutics, Inc. v. Scimed Life Systems, Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995); *Xerox Corp. v. 3Com*

---

[2] RIM filed its Motion to Stay the Marshall Case on February 2, 2007. (Declaration of Eugene Hahm in Support of Visto's Reply In Opposition To RIM's Motion To Stay Proceedings Related To The Visto Patents Pending Reexamiantion ("Hahm Decl."), Ex. A, RIM's Motion to Stay)

[3] Although Visto sued RIM on April 28, 2006, the Court did not schedule the initial case management conference until March 6, 2007. At that conference, the Court assigned the parties a trial date of July 2008. (Hahm Decl., Ex. B, Docket Control Order)

1    *Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)

2    The Court "is not required to stay judicial resolution in view of the reexaminations."[4]
3    *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).  The Court's power to
4    stay litigation is discretionary and should only be exercised if RIM demonstrates "that there is a
5    pressing need for a delay." *Castanho v. Jackson Marine*, 484 F. Supp. 201, 209 (E.D. Tex. 1980)
6    (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  The Northern District of California has
7    recognized that courts should not stay pending litigation because of the mere possibility of issue
8    simplification and instead requires the moving party to demonstrate a particularized need for a
9    stay.  Although there may be circumstances that warrant a stay, the Northern District is unwilling
10   to adopt a *per se* rule that patent cases should be stayed during reexamination because some of the
11   relevant claims may be affected.  To do so would not promote the efficient and timely resolution
12   of patent cases, but would instead invite parties to unilaterally derail timely patent case resolution
13   by seeking reexamination.  *Fresenius Medical Care Holdings v. Baxter International, Inc.,* 2007
14   U.S. Dist. LEXIS 44107, 2007 WL 1655625, *3 (N.D. Cal. June 7, 2007) citing *Soverain
15   Software* 356 F.Supp.2d at 662.

16   **C.    Granting RIM's Motion To Stay Would Delay This Litigation For Years Resulting In Irremediable Harm to Visto**

18   A stay effectively permits an end run around Visto's patent rights, thereby impairing
19   Visto's ability to exclude others from making, using, offering to sell and selling the patented
20   inventions claimed in the Visto Patents.  Any delay in the enforcement of Visto's patent would
21   impose significant hardship on Visto.  Visto and RIM are competitors in the wireless email
22   communication market.  RIM's continued infringement harms Visto's market position.  *See*
23   *Nexmed Holdings, Inc. v. Block Investment, Inc.*, 2006 U.S. Dist. LEXIS 3150 (D. Ut. Jan. 19,

---

[4] In fact, courts often deny motions to stay pending reexamination. *See Sighting Sys. Instruments, LLC v. Prestige Law Enforcement, Inc.*, No. 3:05-CV-1560, 2006 U.S. Dist. LEXIS 64698, *11-12 (N.D. Tex. Sept. 11, 2006) (allowing litigation and reissue proceedings to run concurrently); *Soverain Software LLC v. Amazon.com, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (Davis, J.)*; *Nexmed Holdings, Inc. v. Block Inv., Inc.*, No. 2:04-CV-288, 2006 U.S. Dist. LEXIS 3150, *6-7 (D. Utah Jan. 19, 2006 ); *Translogic Tech., Inc. v. Hitachi, Ltd*., 404 F. Supp. 2d 1250, 1254 (D. Or. 2005); *NTP, Inc. v. Research In Motion, Ltd*., 397 F. Supp. 2d 785, 788 (E.D. Va. 2005); *Jain v. Trimas Corp*., No. S-04-0889, 2005 U.S. Dist. LEXIS 28950, *5 (E.D. Cal. Sep. 27, 2005); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005).

2006), *6-7 (denying motion to stay pending reexamination because "Plaintiff faces the possibility that it may continue to be harmed by Defendants alleged infringing actions"). If a stay were granted, RIM would continue to exploit its position in the market for wireless email solutions to Visto's detriment.

The injury caused by a litigation stay could last for years as the parties waited for the conclusion of any reexamination proceedings. Although the statutes governing both *ex parte* and *inter partes* reexaminations direct the PTO to conduct the proceedings "with special dispatch," the actual statistics about the length of reexaminations belie that statutory directive. *See* 35 U.S.C. § 305. The average pendency of *ex parte* reexaminations is 23 months. While the average pendency for *inter partes* reexamination is 28 months. (Hahm Decl., Ex. D, Reexamination Filing Data From the United States Patent and Trademark Office dated December 31, 2006.) That timeframe tracks reexaminations only from the date of filing to the date the reexamination certificate issues, thus, it does not take into account time for appeal. In *ex parte* reexaminations, the patent owner may appeal the examiner's decision to the Board of Patent Appeals and Inferences and then to the U.S. Court of Appeals for the Federal Circuit. 35 U.S.C. § 306. In *inter partes* reexamination, either the patent owner or the requestor may appeal the examiner's decision to the Board of Patent Appeals and Inferences and then to the U.S. Court of Appeals for the Federal Circuit. 35 U.S.C. § 315. Appeal inevitably causes the reexamination process to last for years. *See Translogic Tech., Inc. v. Hitachi Ltd.*, 404 F. Supp. 2d 1250, 1253 (D. Ore. 2005) (explaining that the court lifted a stay after reexamination had lasted for three and a half years and "appeared likely to continue for years"); *NTP, Inc. v. Research in Motion Ltd.,* , 397 F. Supp. 2d 785, 788 (E.D. Va. 2005) (stating that "[r]eality and past experience dictate that several years might very well pass from the time when a final office action is issued by the PTO to when the claims are finally and officially 'confirmed' after appeals").

The case law RIM relies upon in support of its argument that a stay would not prejudice Visto is inapposite. (*See* RIM's Mot. at 9 (citing *KLA-Tencor Corp. v. Nonometrics, Inc.*, No. C-05-03116, JSW, 2006 WL 708661 (N.D.Cal. Mar. 16, 2006); *Nanometrics, Inc. v. Nova Measuring Instrucments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920 (N.D. Cal. Feb. 26, 2007))

RIM's arguments and cited case law fails to address the impact an infringer may have on the patent holder's market share in a highly competitive market. Visto's concern here is with RIM's use and sale of Visto's technology. RIM is in a dominant position in the wireless email solutions market, which has been achieved through its use of infringing technology. Every sale that RIM makes is a sale that rightfully is Visto's. RIM is building its reputation upon technology it did not create. Every acknowledgement that RIM receives for Visto's technology is acknowledgement that Visto should receive. Any delay in Visto's prosecution of its infringement claims would permit RIM to exploit its market position and threaten Visto's commercial survival. This is precisely why RIM wants a stay of this litigation and attempted to stay the litigation in the Marshall Case.

In addition, patents in the software field can be short-lived, such that a stay of the litigation may permit RIM to copy Visto's patented inventions for the effective life of the inventions. Software companies and their patented products are especially vulnerable to risk. Even if Visto ultimately prevails, the delay caused by reexamination would result in inadequate compensation of monetary damages and injunctive relief. Visto would be bereft of time to regain valuable mindshare and market share. See *Reexamination Reality: How Courts Should Approach a Motion to Stay Litigation Pending the Outcome of Reexamination,* 66 Geo. Wash. L. Rev. 172, 190 (November, 1997).

### D. RIM's Theory That Reexamination Will Render the Claims Moot or Simplify The Issues Is Unsupported By The Evidence

RIM suggests that through reexamination the Patent Office might invalidate all of the claims of the Visto Patents. (Mot. at 6) Even if the reexamination requests were granted, this outcome would be highly unlikely. The PTO cancels all claims in only 12% of the cases while it confirms all claims in 29% of cases, and changes some claims in 59% of cases. (Hahm Decl., Ex. D) Accordingly, patents survive the reexamination process almost 90% of the time with one or more claims still valid. *Inter partes* reexamination is a relatively new process seeing tremendous growth, and therefore the historical data concerning patentability is misleading.[5]

---

[5] The *inter partes* reexamination process was instituted on November 29, 1999. Since inception the number of

RIM cites only speculative considerations of issue simplification that are present in any case. *See NTP, Inc.*, 397 F. Supp. 2d at 788 (refusing to stay proceedings "based on conjecture"). RIM, however, has failed to provide sufficient evidence or argument to demonstrate why a stay is necessary in light of the particular facts of this case. *See Castanho v. Jackson Marine*, 484 F. Supp. 201, 209 (E.D. Tex. 1980) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)) (movant must show "pressing need for delay"). Issue simplification is unlikely in light of how rarely reexamination results in cancellation of all claims. The Court should, therefore, expect the Visto Patents will be litigated, and there is no compelling reason to delay that litigation.

Furthermore a patent surviving reexamination will not relieve the Court of its burden to make an invalidity analysis. The PTO can consider only prior art and publications, whereas the Court is "the only forum for complete consideration of evidence . . . of invalidity." *Gladish v. Tyco Toys*, No. 2-92-166, 1993 U.S. Dist. LEXIS 20211, *6 (E.D. Cal. Sep. 16, 1993). If RIM wishes to assert any prior art not before the PTO, the Court would be forced to engage in a second invalidity analysis based on that prior art.

### E. Reexaminations Proceedings Do Not Necessitate A Stay Of The Concurrent Litigation.

Even if reexamination were granted, this would not necessarily mandate a stay of litigation on Visto's patents. The district court and the PTO take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions. There is nothing untoward about the PTO upholding the validity of a reexamined patent which the district court later finds invalid. This is essentially what occurs when a court finds a patent invalid after the PTO has granted it. It is important to note that the PTO does not have access to all of the evidence that the district court can consider. Accordingly, different results between the two forums may be entirely reasonable. The awkwardness presumed to result if the PTO and court reached different conclusions is more theorethical than real. *Ethicon, Inc. v.*

---

reexamination requests made annually has steadily increased. Through fiscal year 2007 there have been 335 requests made, with 126 of those requests filed in fiscal year 2007. As of December 31, 2006, of the 209 *inter partes* reexaminations filed by a third-party requester, only 7 have had reexamination certificates issued. (Hahm Decl., Ex. D, Ex. E, United States Patent and Trademark Office's Performance and Accountability Report for the Fiscal Year 2007)

1  *Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988).

2  With the benefit of hindsight and the knowledge that reexaminations frequently do not substantially and/or substantively alter the claims, courts more frequently are undertaking concurrent proceedings in situations in which no specific circumstances warranting stay are present. *See, e.g., Soverain Software*, 356 F. Supp. 2d at 660; *Enprotech v. Autotech Corp.*, No. 88-C-4853, 1990 U.S. Dist. LEXIS 2926, *2-3 (N.D. Ill. March 15, 1990). In *NTP*, the court denied four motions for stays, allowing reexamination to proceed concurrently with trial, appeal, and remand to the district court. Furthermore, waiting for the outcome of a reexamination proceeding does not insulate district courts from reversal upon appeal. *See SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1359 (Fed. Cir. 2006) (reversing the district court's decision to follow the claim interpretation of the PTO and stating: "this court is not bound by the PTO's claim interpretation").

Reexaminations can be either *ex parte* or *inter partes*. *See* 35 U.S.C. §§ 301-307 (governing *ex parte* reexaminations); 35 U.S.C. §§ 311-318 (governing *inter partes* reexaminations). RIM requested *ex parte* reexamination of the '231 patent but *inter partes* reexamination of the '383 patent. While the choice of proceeding *ex parte* or *inter partes* is purely within the purview of the requestor, the difference is likely a tactical one, insufficient to provide support for RIM's request for a stay. This is because RIM provides no explanation for its choice of *ex parte* in one instance and *inter partes* in the other. This is significant because, "[u]nlike an *ex parte* reexamination, an *inter partes* reexamination allows the third party requester to 'file written comments addressing issues raised by the action of the Office or the patent owner's response thereto[.]'" *Echostar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81 (DF), 2006 U.S. Dist. LEXIS 48431, *8 (E.D. Tex. July 14, 2006) (quoting 35 U.S.C. §314(b)(2)). The most crucial difference between the two types of reexaminations is that in an *inter partes* reexamination, a third-party requester is estopped from relitigating any issue that the third-party requester could have raised or did raise during the *inter partes* reexamination while an *ex parte* reexamination does not create estoppel. *Id.* (citing 35 U.S.C. § 315(c)) (emphasis added). The third party requester is also estopped from seeking review of any factual determinations made

during the *inter partes* reexamination. *Id.*(citing 35 U.S.C. § 315(c)). RIM's *ex parte* reexamination request of the '231 patent leaves open its option to, in essence, litigate the '231 patent twice. RIM will be free to reassert arguments and prior art to the Court that the PTO already considered.

Courts routinely refuse to grant stays during *ex parte* reexamination proceedings, a stay is not required, *Viskase Corp v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). Concurrent litigation and reexamination proceedings are permitted since 'litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes.' *Ethicon Inc. v. Quigg, 849 F.2d 1422, 1427 (Fed. Cir. 1988)* (quoting *In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985)* (en banc)).

The intersection of reexamination and litigation is a relatively recent development, considering that *ex parte* reexamination originated in 1981. (Hahm Decl., Ex. D) Before a substantial number of courts had addressed whether to stay litigation pending reexamination, the effects of reexamination upon litigation were unclear. Thus, courts erred on the side of caution and frequently stayed litigation. However, since *ex parte* reexamination originated in 1981, courts have had the opportunity to see the effects of reexamination and have realized that the court and the PTO are "concepts not in conflict." *Output Tech. Corp. v. Dataproducts Corp.*, No. C90-1782D, 1991 U.S. Dist. LEXIS 20168, *5-6 (W.D. Wash. Nov. 25, 1991).

### F. The Case Is Progressing And Key Aspects of Preparing The Case For Trial Are Currently Underway

At this juncture of the case, a stay is not warranted. "[A]lthough the advanced nature of a case approaching trial may weigh heavily against granting a stay, the opposite inference - that a suit in the early stages should weigh heavily in favor of a stay - is not true." *Sighting Sys. Instruments, LLC*, 2006 U.S. Dist. LEXIS 64698, *11-12 (N.D. Tex. Sept. 11, 2000). If courts were to grant stays based upon the early stage of litigation - in the absence of particularized reasons to stay - it would only encourage defendants who seek to "unilaterally derail" patent litigation by filing for reexamination earlier. *Soverain Software*, 356 F. Supp. 2d at 662.

Courts have refused to grant motions to stay when used as dilatory tactics. RIM is

attempting to use the requests for reexamination as a means to avoid defending its infringement of Visto Patents simultaneously with prosecuting its case. The case is progressing pursuant to the case management order: the parties have exchanged preliminary claim constructions, are currently establishing their claim construction positions and conducting discovery. Opening claim constructions briefs are due in just over two months. With only fourteen months until trial and nine months until the close of fact discovery, a stay at this time, prior to the PTO's decision on the reexamination requests, would unnecessarily hamper Visto's case. Moreover, if the PTO denies the requests for reexamination, Visto will lose valuable time that is necessary for it to obtain and understand the highly technical and necessary evidence to prosecute its case and will prejudice Visto's ability to adequately prepare for the claim construction proceedings.

## IV.   **CONCLUSION**

For the foregoing reasons, RIM's request for the Court to stay this litigation pending the outcome of the requests for reexamination of the Visto Patents should be denied. Although the litigation is in its initial stages, it is scheduled to progress to trial in an orderly fashion and a trial date has been set. Visto respectfully requests that this litigation continue without delay.

Dated:   February 1, 2008           MANATT, PHELPS & PHILLIPS, LLP


By:   /s/ Robert D. Becker
      Robert D. Becker
      Eugene L. Hahm
      Shawn G. Hansen

*Attorneys for Defendant and Counterclaimant*
VISTO CORPORATION