# Exhibit C
## to the
### Declaration of Eugene L. Hahm In Support of Visto's Reply in Opposition to RIM's Motion to Stay Proceedings Related to the Visto Patents Pending Reexamination

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORP., | § § | |
| vs. | § § | CASE NO. 2:06-CV-181-TJW-CE |
| RESEARCH IN MOTION LTD., ET AL. | § § § | |

### MEMORANDUM ORDER

Pending before the court is the defendants' motion (#45) to stay the case pending *ex parte* patent reexamination proceedings. For the reasons discussed below, the court denies the defendants' motion.

1. **Introduction**

Visto Corp. ("Visto") filed suit on April 28, 2006, against the defendants Research in Motion Ltd. and Research in Motion Corp. (collectively, "RIM") for infringement of U.S. Patent Nos. 6,023,708 ("the '708 patent"), 6,085,192[1] ("the '192 patent"), 6,151,606 ("the '606 patent"), and 6,708,221 ("the '221 patent"). On March 5, 2007, the court granted RIM leave to amend its complaint to add a declaratory judgement claim that Visto's U.S. Patent No. 7,039,679 ("the '679 patent")[2] is invalid and not infringed by RIM. Before the instant suit was filed, the '708 patent was the subject of an on-going *ex parte* reexamination proceeding before the U.S. Patent and Trademark Office ("PTO"). Since the inception of this litigation, an *ex parte* reexamination proceeding has

---

[1] As amended by the November 22, 2005, Reexamination Certificate.

[2] All of the Visto patents in this action are collectively referred to as "the Visto patents-in-suit."

1

been instituted with respect to each of the four other Visto patents at issue in this action.

2.  **Discussion**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662 (citation omitted).

*A.  Prejudice and Tactical Advantage*

Visto and RIM compete in the wireless email communication market. The PTO has not provided any definitive guidance on the length of time required for the reexamination proceedings. Accordingly, the potential delay for an indefinite period will likely prejudice Visto. *See Ricoh Co., Ltd. v. Aeroflex, Inc.*, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006).

2

### B.  Simplification of Case

Although RIM argues that the patent claims will likely materially change or cancel during reexamination, it is also likely that some claims will remain after the reexamination proceedings have completed. For example, the '192 patent has already reissued from one reexamination proceeding, only to be sent back into another reexamination proceeding at the request of RIM. Accordingly, waiting for the completion of the reexamination proceedings may only simplify the case to a limited degree. This factor is speculative. Therefore it does not support a stay.

### C.  Stage of Proceedings

The present motion was filed early in the case, and this factor would support a stay of proceedings.

## 3. Conclusion

The court has considered the competing interests and concludes that the interest in proceeding with this case outweighs any benefits from staying this case. Accordingly, the court exercises its discretion and denies the defendant's motion (#45) to stay pending reexamination.

SIGNED this 28th day of September, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

3