Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED,<br><br>         Plaintiff,<br><br>    v.<br><br>VISTO CORPORATION,<br><br>         Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-3177 (MMC)<br><br>**REPLY IN SUPPORT OF RIM'S MOTION TO STAY PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION**<br><br>**HEARING REQUESTED**<br><br>Date:   February 22, 2008<br>Time:   9:00 a.m.<br>Judge:  The Honorable Maxine M. Chesney |

## I.     INTRODUCTION

The Court should grant RIM's motion to stay proceedings in this matter relating to U.S. Patent Nos. 7,225,231 and 7,228,383 ("Visto Patents") pending resolution of the reexamination of these patents by the United States Patent and Trademark Office ("Patent Office"). A stay is appropriate at this preliminary stage in the case. Absent a stay, the Court will need to construe more claims and consider more briefing than is likely necessary, and further do so without the benefit of a more developed file history and the Patent Office's expertise. Absent a stay, the parties will need to conduct costly discovery and briefing on a broader scope of issues than is likely necessary.

Visto's opposition ignores the rich and well-developed law of this Court regarding stays pending reexamination. Visto instead argues against the established precedent and congressional policy for reexamination and cites to selective authority from other courts and circuits. Under the law of this Court and the facts of this case, the Court should grant a stay to allow the Patent Office to first apply its special expertise on the issue of validity. This will conserve the Court's time and resources, and spare the parties considerable expense.[1]

First, a stay will likely render Visto's infringement claims moot or, at a minimum, simplify the issues for trial. The statistics cited by Visto show that claims of the patent are cancelled or amended in a large majority of reexaminations (71%), and thus reexamination affects the scope of the litigation. And, even if the claims survive reexamination without amendment, the Court and parties will still benefit from the further development of the intrinsic record.

Second, discovery in this case is in its nascent phase and trial over a year away. The parties

---

[1]     RIM declines the invitation to clutter its brief with a discussion of the out of circuit authority cited by Visto. None of the opinions cited by Visto from the Ninth Circuit suggest that a motion to stay pending reexamination should be denied at this stage in the case. *See Fresenius Med. Care Holdings v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2007 WL 1655625 (N.D. Cal. June 7, 2007) (stay sought after trial); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030 (C.D. Cal. 2005) (stay sought after extensive expert and fact discovery); *Jain v. Trimas Corp.*, No. S-04-0889 FCD, 2005 WL 2397041 (E.D. Cal. Sep. 27, 2005) (stay sought to "forestall a potential adverse decision on summary judgment"); *Gladish v. Tyco Toys, Inc.*, No. Civ. S-92-1666 WBS/JFM, 1993 WL 625509 (E.D. Cal. Sep. 15, 1993) (stay sought after "extensive discovery" and near the discovery cut-off); *Output Tech. Corp. v. Dataproducts Corp.*, No. C90-1782D, 1991 WL 332547 (W.D. Wa. Nov. 25, 1991) (stay sought after "discovery was well underway" and trial was in seven months).

have only exchanged preliminary disclosures and written discovery.  No depositions have been noticed or taken.  The first milestone event, the *Markman* hearing, is scheduled for mid-June and briefing is not scheduled to begin until mid-April.

Third, a stay would not prejudice Visto.  At this early stage of proceedings, a stay to allow the Patent Office to reexamine the Visto Patents would greatly benefit the Court and the parties and there will be no prejudice to Visto.  Reexamination is a congressionally-approved mechanism and mere delay is insufficient to defeat a stay.  Further, Visto has earlier-filed cases pending against RIM in Texas, Canada, and the United Kingdom -- all of which have trial scheduled no later than July 2008.  It is not unfair to Visto that its recently-asserted patents in this Court would go to trial after those earlier matters.

RIM's motion is not premature.  It is statistically very likely that RIM's requests will be granted.  If, as Visto suggests, RIM had brought this motion after its requests were granted, the Court and parties would have expended two to three months of additional effort on this case.  RIM asks only that the Court stay proceedings relating to the Visto Patents pending reexamination.  If the Patent Office does not grant reexamination of either patent, then the Court should dissolve the stay as to that patent and Visto's case can proceed with only a brief delay (at most, there is a six-and-a-half weeks between February 22, the hearing date, and April 9, the deadline for the Patent Office to act on the request).

## II.  THE COURT HAS DISCRETION TO GRANT A STAY OF PROCEEDINGS RELATING TO THE VISTO PATENTS PENDING REEXAMINATION

The decision "whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the Court's discretion."  *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C-05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.") (internal citation omitted); Visto's Opposition ("Opp.") at 3.

Visto argues that RIM's motion is a tactical maneuver.  But RIM's request is consistent with the congressional intent behind the reexamination statute.  *See Ethicon*, 849 F.2d at 1426 ("The

2   Reply in Support of Motion to Stay Proceedings
Case No. C-07-3177 (MMC)

[legislative] history, therefore, shows that Congress intended the reexamination process to provide an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the PTO's expertise."); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ("The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation."); *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007) ("Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO."); *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994) ("Congress enacted the [USPTO] reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts."). Indeed, Visto's attempt to avoid a stay and circumvent the reexamination procedure is contrary to the intent of Congress. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("It is believed by the committee that *stay provisions are unnecessary [in this statute] in that such power already resides with the Court* to prevent costly pretrial maneuvering which attempts to *circumvent* the reexamination procedure.") (quoting H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980)) (emphasis in original).

Pursuant to the legislative intent, this Court has recognized a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination." *Tse v. Apple Inc.*, No. 06-6573 SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007) (internal quotation marks omitted); *ASCII*, 844 F. Supp. at 1381 (same). In light of the "liberal policy" favoring stays, this Court has stayed matters before the Patent Office has granted the reexamination request. *See*, *e.g.*, *Tse*, 2007 WL 2904279, at *5 (granting stay based on pending reexamination request); *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (same); *ASCII*, 844 F. Supp. at 1381 (granting stay based on movant's intent to file reexamination request). Visto did not discuss these cases or cite any countervailing authority in arguing that RIM's motion to stay is premature. Opp. at 2. Statistically, it is likely that the Patent Office will grant RIM's requests. Last year, the Patent office granted 97% of *ex parte* requests and 99% of *inter partes* requests. Visto does not dispute these statistics or that the Patent Office initiated reexamination in

response to all four of RIM's earlier requests relating to Visto's patents asserted in Texas (and that currently all challenged claims stand rejected in pending reexamination). If either of RIM's reexamination requests is denied, the stay should be dissolved as to the underlying patent.

The parties agree that the Court should consider the following in determining whether to grant a stay: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Nanometrics*, 2007 WL 627920, at *2.[2] The circumstances here warrant a stay in light of these factors.

### III.    A STAY OF CLAIMS RELATING TO THE VISTO PATENTS IS WARRANTED

#### 1.    A Stay Will Likely Render the Claims Moot or Simplify the Issues

A stay allows the court to take advantage of the "PTO's specialized expertise to reduce costly and timely litigation." *Nanometrics*, 2007 WL 627920, at *1.

The benefits of staying the case relating to the Visto Patents are considerable for the Court and the parties. Allowing the Patent Office to conduct the reexamination will likely result in the reduction of asserted claims in the litigation. Even if the Patent Office does not invalidate all claims of the Visto Patents, allowing the reexamination to proceed first provides benefits through amendment of surviving claims and further development of the intrinsic record. As such, this Court has recognized the efficiencies of granting a stay pending reexamination. *See*, *e.g.*, *Nanometrics*, 2007 WL 627920, at *3 ("Waiting for the outcome of the re-examination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims."); *KLA-Tencor*, 2006 WL 708661, at *4 (granting stay because it would "simplify the issues and streamline the trial, therefore reducing the burden on, and preserving the resources of both the parties and the Court").[3]

---

[2]    Visto cites to *Castanho v. Jackson Marine*, 485 F. Supp. 201 (E.D. Tex. 1980) for the proposition that the Court should exercise its discretion to stay only if "there is a pressing need for a delay." Opp. at 4. *Castanho* is a Texas district court case not involving reexamination, where the court denied a motion to stay the case pending litigation in England.

[3]    Although Magistrate Everingham in the E.D. of Texas denied RIM's motion to stay in *Visto Corp. v. Research In Motion Ltd.*, No. 06-CV-181-TJW-CE (E.D. Tex. Sep. 28, 2007), it appears in

(Continued…)

Visto's use of Patent Office statistics is misleading. Opp. at 6. If a claim is rejected or amended during reexamination, the original claim cannot be asserted.[4] Visto's patent statistics show that *ex parte* reexamination results in cancellation of all claims of the patent 12% of the time, and cancellation and/or modification of some of the claims 59% of the time. Opp. at 6; *see also Tse*, 2007 WL 2904279, at *3 (noting that "the PTO cancels all claims in approximately twelve percent of all reexaminations and changes some claims in approximately sixty-four percent"). The available statistics regarding *inter partes* reexamination are even more favorable. Thus, at least 71% of the time, reexamination reduces litigation burden by eliminating some (or all) of the claims of the patent and/or by clarifying the claimed invention through amendment. And, regardless of the result, reexamination always reduces litigation burden by developing the prosecution history, which assists the Court and parties in focusing on the pertinent issues. *Gould*, 705 F.2d at 1342 ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").[5]

This factor favors a stay based on the undisputable efficiencies and benefits from allowing the Patent Office to first complete its reexamination of the Visto Patents.

---

hindsight that a stay would have resulted in a reduction and/or simplification of the patent issues as the Patent Office has rejected all the challenged claims in the pending reexaminations, and Visto has submitted lengthy amendments supplementing the file history in response.

[4] Visto's note that invalidity findings can be inconsistent between the court and the Patent Office is a *non sequitor* that does not address the congressional intent for, and this Court's policy favoring, stay pending reexamination. Opp. at 7-9. Although results can be inconsistent based on the differing burden of proof and sources of proof in the different forums, a finding of invalidity in either forum is equally binding on the patentee who has had "a full and fair chance to litigate." *See Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971).

[5] Visto has asserted every claim of both Visto Patents against RIM (Mot. at 7), and RIM has sought reexamination of all asserted claims. Even under Visto's statistics, the probability that both patents will come out of reexamination with all claims confirmed is about 8.5%. However, in actuality, the chances will likely be lower given the Patent Office's rejection of all challenged claims of five patents related to the '231 patent in pending reexamination proceedings.

### 2. Discovery is in its Nascent Phase; Trial is Fourteen Months Away

Visto argues that the case is not in its preliminary stages and, alternatively, that a motion brought early in the case does not weigh in favor of a stay. Opp. at 9-10. As to the former, Visto does not dispute the facts: the parties have exchanged one set of written discovery relating to the Visto Patents, but have not exchanged any documents pursuant to discovery requests, and have not noticed or taken any depositions; the parties have not filed any briefing on claim construction or dispositive issues; and, under the current schedule, trial is fourteen months away. As such, the preliminary state of discovery in this case favors a stay. *See Nanometrics*, 2007 WL 627920, at *2 (granting a stay where "[d]iscovery has commenced, but it has not proceeded beyond this point. No briefing on claim construction has been filed. No dispositive motions have been submitted. And as currently scheduled, trial [is more than a year away].").

As to the latter, Visto cites to a Texas district court case and ignores the wealth of authority from this Court that holds the early stage of litigation weighs in favor of granting a stay pending reexamination. *See*, *e.g.*, *Sorensen v. Digital Networks N. Am. Inc.*, No. C 07-5568 JSW, 2008 WL 152179, at *2 (N.D. Cal. Jan. 16, 2008) ("the fact that this case is still in the early stages and the parties have not yet conducted 'significant discovery' or invested 'substantial expense' into the litigation weighs in favor of granting a stay"); *Nanometrics*, 2007 WL 627920, at *2 ("This being the early stage of litigation weighs in favor of a stay."); *KLA-Tencor*, 2006 WL 708661, at *2 ("The early stage of a litigation weighs in favor of granting a stay pending reexamination."); *Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-3715 JSW, 2006 WL 1440363, at *1 (N.D. Cal. May 24, 2006) ("Here, the early stage of this litigation weighs in favor of granting a stay of the patent infringement portion of the case."). Indeed, given the policy favoring stays pending reexamination, this Court has even granted motions to stay late in the case where discovery is closed, summary judgment briefing has been completed and trial is set to start in a month. *See Ricoh Co. v. Aeroflex Inc.*, Nos. C03-04669 MJJ and C03-02289 MJJ, 2006 WL 3708069, at *5-6 (N.D. Cal. Dec. 14, 2006) (staying case in light of a non-final rejection by the Patent Office).

Thus, the second factor favors a stay.

### 3. A Stay Would Not Prejudice Visto

Visto will not be prejudiced by a stay of its patent claims pending reexamination because those claims were just recently added and discovery is just beginning. Indeed, case activity relating to the Visto Patents has been sparse and only traces back a few months. Visto provided infringement contentions on October 19, 2007. Visto responded to RIM's discovery relating to the Visto Patents on November 9, 2007, and served a set of requests for production on November 21, 2007. Visto exchanged proposed terms for construction on December 21, 2007. Based on Visto's infringement contentions, RIM filed requests for reexamination on January 8 and 9, and promptly moved to stay this case on January 18, 2008. There was no dilatory motive or tactic in RIM's action. The parties have subsequently exchanged proposed constructions on January 24, 2008.

In general, "[g]ranting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation." *Sorensen*, 2008 WL 152179, at *2; *KLA-Tencor*, 2006 WL 708661, at *3 (same); *Photoflex*, 2006 WL 1440363, at *2 (same). Visto suggests that delay from reexamination will cause it irreparable harm. Opp. at 4-6. But, it is well-established that "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Sorensen*, 2008 WL 152179, at *2; *Photoflex*, 2006 WL 1440363, at *2 (same); *Tse*, 2007 WL 2904279, at *4 ("Nevertheless, '[m]ere delay, without more though, does not demonstrate undue prejudice'") (quoting *Nanometrics*, 2007 WL 627920, at *3).

Although Visto points to statistics showing that the average pendency for an *ex parte* reexamination is 23 months, the median pendency is less than 18 months. Hahm Decl., Ex. D at 2. Further, the pendency is likely lower for patents in litigation, which account for a mere 24% of the reexaminations surveyed. *Id.* at 1. Congress has stated that reexaminations should be conducted with "special dispatch." 35 U.S.C. § 305. In response, the Patent Office has promulgated internal rules that prioritize reexaminations over regular prosecution, and that provide for additional priority when the patent is involved in litigation. Chen Decl., Ex. 1 (MPEP § 2261) ("Any cases involved in litigation, whether they are reexamination proceedings or reissue applications, will have priority over all other cases. Reexamination proceedings not involved in litigation will have priority over all other cases except reexaminations or reissues involved in litigation."). Thus, to the extent possible, the

pendency for reexamination of patents in litigation has been minimized.

Visto argues that the authority cited by RIM is not applicable because it "fails to address the impact an infringer may have on the patent holder's market share in a highly competitive market." Opp. at 5-6. First, RIM disputes that Visto is an effective competitor or that its products infringe. Second, many of the cited cases are between competitors in the marketplace. *See*, *e.g.*, *Nanometrics*, 2007 WL 627920, at *1 ("The parties are competitors …"); *Ricoh*, 2006 WL 3708069, at *3 ("Ricoh avers that it is an ASIC market competitor of some of the [] Defendants"); *ASCII*, 844 F. Supp. at 1379 ("ASCII and STD are both in the business of …"). Presumably, the majority of the remaining cases also involve a stay of litigation between competitors but that fact was not expressly stated in the opinion. Third, this Court has previously considered Visto's argument of harm from a delay for injunctive relief and found that the compelling benefits for a stay pending reexamination outweigh any potential harm. *See*, *e.g.*, *Hewlett-Packard*, 1993 WL 149994, at *4 ("this court finds that the possible hardship to HP, including any delay of injunctive relief, is outweighed by the orderly cause of justice measured in terms of the simplification of issues, proof, and questions of law which are expected to result from the stay").[6]

The cases relied upon by Visto for the proposition that stay need not be granted in all circumstances only serve to demonstrate the extreme facts under which stay will be denied. In *Fresenius*, this Court denied a stay where the movant had engaged in egregious gamesmanship. Fresenius requested reexamination of Baxter's patents in September and October 2005, and the Patent Office granted those requests in November 2005. *Fresenius*, 2007 WL 1655625, at *1. Fresenius did not move for a stay at that time, but chose to take its chances at trial where a jury found the patents invalid in June 2006. *Id.* In November 2006, the Patent Office issued final rejections in the reexaminations but Fresenius did not move for a stay then either. *Id.* at *2. In February 2007, the court granted Baxter's motion for judgment as a matter of law overturning the

---

[6] Visto's admission that "patents in the software field can be short-lived," Opp. at 6, also undermines any claim of irreparable harm. If, as Visto argues, its claimed technology becomes obsolete, then no injunction is required and monetary damages will be sufficient.

finding of invalidity and ordering a new trial on infringement and damages. *Id.* Not until April 2007, after the parties had filed their proposed pretrial order for the second trial, did Fresenius move to stay the case. *Id.* The court denied Fresenius's motion finding that "[a]ny irreparable harm [from a finding of infringement on a later-invalidated patent] that Fresenius will suffer will be of its own making, attempting as it did, to 'game the system' by playing both fields simultaneously." *Id.* at *6 (recognizing that "[h]ad Fresenius requested a stay at an earlier date, while this case was in a different procedural posture, this Court might have been inclined to grant one"). And, in *Viskase*, the Federal Circuit affirmed the district court's denial of a motion to stay where the movant sought reexamination <u>after</u> losing at trial. *Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328-29 (Fed. Cir. 2001).[7] The circumstances in *Fresenius* and *Viskase* are distinguishable from those present here. RIM was diligent in seeking reexamination and did not delay seeking a stay until "the eve of trial or after protracted discovery." *KLA-Tencor*, 2006 WL 708661, at *3.

Visto argues that RIM's use of the congressionally-created *ex parte* and *inter partes* reexamination procedures is a strategic maneuver. Under 35 U.S.C. §§ 302 and 311, RIM is entitled to invoke the reexamination process. As the discussed above, the reexamination procedure was established by Congress to allow for a cost-efficient examination of the validity of patents. As best stated by this Court: "parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.'" *KLA-Tencor*, 2006 WL 708661, at *3.

As such, the third factor also favors a stay.

**4.     Scope of the Stay Should be Limited to the Visto Patents under Reexamination**

The claims relating to RIM's asserted patent, the '839 patent, should not be stayed because reexamination of the Visto Patents will not reduce the burden of litigating the '839 patent, which can

---

[7] Likewise, Visto's citation to the proceedings in *NTP, Inc. v. Research In Motion Ltd.*, No. 01-CV-767-JRS (E.D. Va.) is not instructive as RIM's motion to amend in that case was brought after trial based on reexaminations initiated by the Patent Commissioner. Chen Decl., Ex. 2 (excerpts of case docket). In *NTP, Inc. v. Palm, Inc.*, No. 06-CV-836-JRS (E.D. Va.), filed subsequently by NTP in the same court on the same patents, Judge Spencer granted Palm's motion to stay. Chen Decl., Ex. 3 (Memorandum Opinion and Order dated March 22, 2007).

be tried separately from the Visto Patents. *See*, *e.g.*, *Photoflex*, 2006 WL 1440363, at *2. Visto does not dispute this point in its opposition. Thus, the Court should only stay proceedings relating to the Visto Patents pending the reexamination of those patents by the Patent Office.

## IV.    CONCLUSION

The arguments made by Visto are at odds with the jurisprudence of this Court and are insufficient to overcome this Court's "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination." Because the relevant factors weigh in favor of a stay, RIM respectfully requests that the Court stay proceedings relating to the Visto Patents pending the resolution of the reexamination of these patents by the Patent Office.

DATED: February 8, 2008    KIRKLAND & ELLIS LLP


By: /s/  Philip T. Chen            .
Robert G. Krupka, P.C.
Marc H. Cohen
Philip T. Chen

Attorneys for
RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION