# EXHIBIT 1

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision September 2007



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 6, Sept. 2007

**EXHIBIT 1**

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

  Superintendent of Documents       Telephone: 202-512-2267
  Mail List Section
  Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

  Superintendent of Documents       Telephone: 202-512-1800
  United States Government Printing Office
  Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

  Mail Stop Document Services       Telephone: 1-800-972-6382 or 571-272-3150
  Director of the U.S. Patent and Trademark Office
  P.O. Box 1450
  Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

  U.S. Patent and Trademark Office       Telephone: 571-272-5600
  Office of Electronic Information Products
  MDW 4C18, P.O. Box 1450
  Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.    Telephone: 571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

  First Edition, November 1949
  Second Edition, November 1953
  Third Edition, November 1961
  Fourth Edition, June 1979
  Fifth Edition, August 1983
  Sixth Edition, January 1995
  Seventh Edition, July 1998
  Eighth Edition, August 2001
   Revision 1, February 2003
   Revision 2, May 2004
   Revision 3, August 2005
   Revision 4, October 2005
   Revision 5, August 2006
   Revision 6, September 2007

cited, the author (if any), title, date, pages or plates, and place of publication, or place where a copy can be found, will be given.

(2) When a rejection in an application is based on facts within the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons.

(e) *Reasons for allowance.* If the examiner believes that the record of the prosecution as a whole does not make clear his or her reasons for allowing a claim or claims, the examiner may set forth such reasoning. The reasons shall be incorporated into an Office action rejecting other claims of the application or patent under reexamination or be the subject of a separate communication to the applicant or patent owner. The applicant or patent owner may file a statement commenting on the reasons for allowance within such time as may be specified by the examiner. Failure by the examiner to respond to any statement commenting on reasons for allowance does not give rise to any implication.

It is intended that the examiner's first *ex parte* action on the merits be the primary action to establish the issues which exist between the examiner and the patent owner insofar as the patent is concerned. At the time the first action is issued, the patent owner has already been permitted to file a statement and an amendment pursuant to 37 CFR 1.530; and the reexamination requester, if the requester is not the patent owner, has been permitted to reply thereto pursuant to 37 CFR 1.535. Thus, at this point, the issues should be sufficiently focused to enable the examiner to make a definitive first *ex parte* action on the merits which should clearly establish the issues which exist between the examiner and the patent owner insofar as the patent is concerned. In view of the fact that the examiner's first action will clearly establish the issues, the first action should include a statement cautioning the patent owner that a complete response should be made to the action since the next action is expected to be a final action. The first action should further caution the patent owner that the requirements of 37 CFR 1.116(b) will be strictly enforced after final action and that any amendment after a final action must include "a showing of good and sufficient reasons why the amendment is necessary and was not earlier presented" in order to be considered. The language of form paragraph 22.04 is appropriate for inclusion in the first Office action:

¶ *22.04 Papers To Be Submitted in Response to Action - Ex Parte Reexamination*
In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116 after final rejection and 37 CFR 41.33 after appeal, which will be strictly enforced.

## 2260.01  Dependent Claims [R-2]

If ** >an unamended base patent claim (i.e., a claim appearing in the reexamination as it appears in the patent)< has been rejected or canceled, any claim which is directly or indirectly dependent thereon should be confirmed or allowed if the dependent claim is otherwise allowable. The dependent claim should *not* be objected to or rejected merely because it depends on a rejected or canceled patent claim. No requirement should be made for rewriting the dependent claim in independent form. As the original patent claim numbers are not changed in a reexamination proceeding, the content of the canceled base claim would remain in the printed patent and would be available to be read as a part of the confirmed or allowed dependent claim.

If a new base claim (a base claim other than a base claim appearing in the patent) has been canceled in a reexamination proceeding, a claim which depends thereon should be rejected as *>indefinite<. If a new base claim >or an amended patent claim< is rejected, a claim dependent thereon should be objected to if it is otherwise patentable and a requirement made for rewriting the dependent claim in independent form.

## 2261  Special Status for Action

*35 U.S.C. 305. Conduct of reexamination proceedings.*

*****

All reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within the Office.

In view of the requirement for "special dispatch," reexamination proceedings will be "special" throughout their pendency in the Office. The examiner's first action on the merits should be completed within *1 month* of the filing date of the requester's reply (37 CFR 1.535), or within *1 month* of the filing date of the patent owner's statement (37 CFR 1.530) if there is no requester other than the patent owner. If no submissions are made under either 37 CFR 1.530 or 37 CFR 1.535, the first action on the merits should be completed within *1 month* of any due date for such

EXHIBIT 1

submission. Mailing of the first action should occur within 6 WEEKS after the appropriate filing or due date of any statement and any reply thereto.

Any cases involved in litigation, whether they are reexamination proceedings or reissue applications, will have priority over all other cases. Reexamination proceedings not involved in litigation will have priority over all other cases except reexaminations or reissues involved in litigation.

## 2262    Form and Content of Office Action [R-5]

The examiner's first Office action will be a statement of the examiner's position and should be so complete that the second Office action can properly be made a final action. See MPEP § 2271.

All Office actions are to be ** typed. The first Office action must be sufficiently detailed that the pertinency and manner of applying the cited prior art to the claims is clearly set forth therein. >Where the request for reexamination includes material such as a claim chart to explain a proposed rejection in order to establish the existence of a substantial new question of patentability, the examiner may cut and paste the claim chart (or other material) to incorporate it within the body of the Office action. The examiner must, however, carefully review the claim chart (or other material) to ensure that any items incorporated in a statement of the rejection clearly and completely address the patentability of the claims. For actions subsequent to the first Office action, the examiner must be careful to additionally address all patent owner responses to previous actions.< If the examiner concludes in any Office action that one or more of the claims are patentable over the cited patents or printed publications, the examiner should indicate why the claim(s) is clearly patentable in a manner similar to that used to indicate reasons for allowance (MPEP § 1302.14). If the record is clear why the claim(s) is/are clearly patentable, the examiner may refer to the particular portions of the record which clearly establish the patentability of the claim(s). The first action should also respond to the substance of each argument raised by the patent owner and requester pursuant to 37 CFR 1.510, 1.530, and 1.535. If arguments are presented which are inappropriate in reexamination, they should be treated in accordance with 37 CFR 1.552(c). It is especially important that the examiner's action in reexamination be thorough and complete in view of the finality of a reexamination proceeding and the patent owner's inability to file a continuation proceeding.

Normally, the title will not need to be changed during reexamination. If a change of the title is necessary, patent owner should be notified of the need to provide an amendment changing the title as early as possible in the prosecution as a part of an Office Action. If all of the claims are found to be patentable and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate has been or is to be mailed, a change to the title of the invention by the examiner may only be done by a formal Examiner's Amendment. Changing the title and merely initialing the change is NOT permitted in reexamination.

>

### I. PANEL REVIEW CONFERENCE

After an examiner has determined that the reexamination proceeding is ready for an Office action, the examiner will formulate a draft preliminary Office action. The examiner will then inform his/her Special Program Examiner (SPRE) of his/her intent to issue the Office action. The SPRE will convene a panel review conference, and the conference members will review the patentability of the claim(s) pursuant to MPEP § 2271.01. If the conference confirms the examiner's preliminary decision to reject and/or allow the claims, the proposed Office action shall be issued and signed by the examiner, with the two other conferees initialing the action (as "conferee") to indicate their presence in the conference. If the conference does not confirm the examiner's treatment of the claims, the examiner will reevaluate and issue an appropriate Office action.

### II. SAMPLE OFFICE ACTION<

A sample of a first Office action in a reexamination proceeding is set forth below.