**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RESEARCH IN MOTION LIMITED,                    No. C-07-3177 MMC

12                    Plaintiff,            **ORDER GRANTING PLAINTIFF'S**
                                            **MOTION TO STAY**
13        v.

14   VISTO CORPORATION,

15                    Defendant.

16   _____/

17   VISTO CORPORATION,

18                    Counterclaimant,

19        v.

20   RESEARCH IN MOTION LIMITED, and
     RESEARCH IN MOTION CORPORATION,
21
                      Counterdefendants.
22
     _____/
23

24        Before the Court is plaintiff/counterdefendant Reseach In Motion Limited and

25   counterdefendant Research In Motion Corporation's (collectively, "RIM") motion, filed

26   January 18, 2008, to stay proceedings related to defendant/counterclaimant Visto

27   Corporation's ("Visto") patents, U.S. Patent Nos. 7,225,231 and 7,228,383, pending

28   reexamination of said patents by the United States Patent and Trademark Office.  Visto has

     filed opposition to the motion; RIM has filed a reply.  The matter came on regularly for

hearing on February 22, 2008.  Marc H. Cohen and Philip T. Chen of Kirkland & Ellis LLP appeared on behalf of RIM.  Robert D. Becker of Manatt, Phelps & Phillips LLP appeared on behalf of Visto.  Having considered the papers submitted and the arguments of counsel, the Court rules as follows.

When determining whether to grant a stay pending reexamination of a patent, courts consider three factors:

> "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."

See Nanometrics, Inc. v. Nova Measuring Instruments, Ltd., 2007 WL 627920 at *2 (N.D. Cal. 2007).

In the instant case, the Court finds each of the factors weighs in favor of granting a stay.  In particular, with respect to the first factor, discovery is in its early stages, and, although trial has been set, it is set for a date more than thirteen months in the future. Further, no briefing on claim construction or dispositive motions have been filed.  With respect to the second factor, the Court finds it probable, based on the statistical evidence provided, that upon reexamination the United States Patent and Trademark Office will take some action that results in canceling or altering one or more of the claims at issue and, accordingly, a stay would likely narrow and clarify the issues for trial.

Lastly, with respect to the third factor, the Court finds, that although RIM may derive some benefit from prosecuting its own patent without simultaneously defending against Visto's claims, a stay would not present a clear tactical disadvantage to Visto.  The sole prejudice identified by Visto with respect to its own claims, specifically, the delay in having such claims adjudicated in court, does not, by itself, constitute undue prejudice.  See, e.g., id. at *3 ("Mere delay, without more . . ., does not demonstrate undue prejudice."); Photoflex Products, Inc. v. Circa 3 LLC, 2006 WL 1440363 at *2 (N.D. Cal. 2006) (holding "delay inherent to the reexamination process does not constitute, by itself, undue prejudice").

2

1        For the reasons set forth above, plaintiff's motion to stay is hereby GRANTED.[1]

2    **IT IS SO ORDERED.**

3    Dated: February 26, 2008

                                         MAXINE M. CHESNEY

4                                             United States District Judge

---

[1] In light of such ruling, the Court adjusts the number of terms to be construed at the Claim Construction Hearing on June 16, 2008. Rather than eight terms, as previously set by the Court, (see Case Management and Docket Control Order filed October 9, 2007 at 2:2-3), the parties are limited to six claim terms.