# Exhibit C
# to the
# Declaration of Imran A. Khaliq in Support of Visto Corporation's Responsive Claim Construction Brief
# (Patent Local Rule 4-5 (B))

ATTY DOCKET NO. 96 P 7539 US

PATENT



I hereby certify that this correspondence is being deposited on this date with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D C 20231 on

Jeanette L. Taplin

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): William J. Beyda et al.  Examiner: T. Vo
Serial No.: 08/724,295  Group Art Unit: 2742
Filed: September 19, 1996
Title: SYSTEM AND METHOD FOR PROVIDING AUTOMATED MESSAGE NOTIFICATION IN A WIRELESS COMMUNICATION SYSTEM

**Assistant Commissioner for Patents**
**Washington, DC  20231**

## AMENDMENT

Sir:

In response to the Office Action mailed April 29, 1998, the Applicants respectfully amend the above application as follows.

IN THE CLAIMS:

Please cancel claim 2.

Please amend claims 1, 3-6, 10 and 14 as follows:

1   1.   (Amended) A system for automatically notifying a user of an awaiting
2   message, comprising:

Serial Number: 08/724,295                                                                                   Page 1

ATTY DOCKET NO. 96 P 7539 US

3    [a wireless communication system with identification means, the] identification
4    means for identifying a registered user of [the] a wireless communication system, the
5    identification means being located in the wireless communication system;
6    a mail notification [system] means for notifying the registered user of an awaiting
7    message; and
8    communication means for checking for awaiting messages for the identified
9    registered user, and for triggering the mail notification [system] means if an awaiting
10    message is present, the multiple mailboxes being located in multiple messaging
11    systems.

1    3.    (Amended)  The system for automatically notifying a user of an awaiting
2    message of claim [2] 1, wherein the communication means checks each of the multiple
3    mailboxes on a periodic basis.

1    4.    (Amended)  The system for automatically notifying a user of an awaiting
2    message of claim 1, wherein the mail notification [system] means is a voice mail
3    notification system.

1    5.    (Amended)  The system for automatically notifying a user of an awaiting
2    message of claim 1, wherein the mail notification [system] means connects the
3    registered user with a mailbox in a messaging system containing the awaiting message.

1    6.    (Amended)  The system for automatically notifying a user of an awaiting
2    message of claim 1, wherein the mail notification [system] means collects the awaiting
3    message and gives the registered user the option of listening to the awaiting message.

1    10.    (Amended)  A method for automatically notifying a user of an awaiting
2    message, comprising the steps of:

Serial Number: 08/724,295                                                                  Page 2

ATTY DOCKET NO. 96 P 7539 US

   3      a) recognizing a cellular telephone, the recognizing using a registration number
   4  of the cellular telephone, the registration number identifying a user;
   5      b) checking for [a mailbox] mailboxes associated with the user;
   6      c) checking for awaiting messages in the [mailbox] mailboxes if the [mailbox
   7  exists] mailboxes exist, wherein the mailboxes are located in multiple messaging
   8  systems; and
   9      d) contacting the user with information related to the awaiting message if the
  10  awaiting message is present.

   1      14. (Amended) The method for automatically notifying a user of an awaiting
   2  message of claim 10, wherein a mailbox registration table is used when checking for
   3  the [mailbox] mailboxes.

Please add new claim 18 as follows:

   1  --  18. The system for automatically notifying a user of an awaiting message of
   2  claim 1, wherein the multiple messaging systems include at least one of a PBX, a
   3  central office and the wireless communication system.--

IN THE ABSTRACT

As requested by the Examiner, a substitute abstract is attached at the end of this Amendment.

REMARKS

1. Patentability Under 35 U.S.C. §103(a)

The subject matter of the various claims in the present patent application was commonly owed at the time the inventions covered therein were made.

Serial Number: 08/724,295                        Page 3

ATTY DOCKET NO. 96 P 7539 US

2. Substitute Abstract

The Examiner has requested a substitute abstract be submitted on a separate sheet of paper. The substitute abstract is attached for the Examiner's consideration.

3. Rejection Under 35 U.S.C. §112

The Examiner rejected claims 1-9 under 35 U.S.C. §112, second paragraph, as being indefinite. These claims have been amended in accordance with 35 U.S.C. §112, sixth paragraph, such that they are "expressed as a means or step for performing a specified function without the recital of structure...". Based on the amendments made to claims 1-9, applicants respectfully request the withdrawal of the rejection under 35 U.S.C. §112 as to claims 1-9.

4. Rejections Under 35 U.S.C. §103

Claims 1-6, 9 and 10-17 are rejected under 35 U.S.C. §103(a) as being unpatentable over Kasper (U.S. Patent No. 5,177,780). The Kasper reference provides a method of voice mail notification for cellular telephone systems. In particular, notification to a mobile telephone subscriber is provided when one or more incoming calls have been redirected to the subscriber's mailbox. In the Kasper reference, the subscriber can only be connected to one messaging system.

In contrast, the present invention allows the wireless system to be the unifying systems among multiple messaging systems. The wireless carrier monitors a user's voice mailbox at work, a user's voice mailbox at home, and/or any other mailbox belonging to the user. Thus, the present invention connects the user to whichever system currently has a message for that user. The Kasper reference describes an invention which is useful if the wireless carrier is the only one providing messages. Presently, many users have multiple messaging systems in their home, work, or with their cellular telephone. The Kasper reference does not provide collecting messages from these multiple places and then connecting the user to the correct messaging

ATTY DOCKET NO. 96 P 7539 US

system. Independent claims 1 and 10 have been amended to more particularly point out this feature of the present invention. For example, claims 1 and 10 state that multiple mailboxes in multiple messaging systems are checked for awaiting messages. Again, this unique feature of the present invention is not disclosed or suggested in the Kasper reference.

Dependent claims 3-6, 9 and 11-17 are not obvious in view of the Kasper reference because they depend from independent claims 1 and 10 which are not obvious in view of the Kasper reference. Moreover, these dependent claims include limitations which further distinguish them from the Kasper reference. For example, claim 5 sets forth connecting the user with a mailbox in a messaging system containing the awaiting message. Thus, the system must identify which of the multiple messaging system includes the mailbox with the message and then connects the user to the correct messaging system.

Claims 7 and 8 are rejected under 35 U.S.C. §103(a) as being unpatentable over Kasper in view of Blair (U.S. Patent No. 4,964,156). The Blair reference provides a cellular telephone unit capable of automatic interaction with audio services. The Blair reference discloses use of a password for entering a voice mailbox system. In contrast, the present invention utilizes both a registration number and a password as set forth in claims 7 and 8. In the present invention, multiple mailboxes in multiple messaging systems are polled for the user. The wireless carrier is no longer the sole messaging provider. Because of the special circumstances of the present invention, a dual security means (i.e., registration number and password) is necessary to enhance protection of the system, since anyone from an outside system could call in and try to collect the user's messages. Blair does not disclose or suggest using both a registration number and password as claimed in the present invention. Applicants are unaware of any such combination of password and registration number. This technique provides a solution for a long felt need in the industry. Additionally, claims 7 and 8 depend on independent claim 1 which is not obvious in view of Kasper and Blair. As

Serial Number: 08/724,295                                                            Page 5

ATTY DOCKET NO. __96 P 7539 US__

set forth above, Kasper and Blair do not provide for checking for awaiting messages in multiple mailboxes, which are located in multiple messaging systems. For the above reasons, applicants respectfully request the withdrawal of the rejection under 35 U.S.C. §103(a) as to claims 1, and 3-17.   Claim 2 has been cancelled.

5. New Claim 18

New dependent claim 18 is provided for the Examiner's consideration.

6. Drawings

Corrected formal drawings are enclosed for the Examiner's consideration.

CONCLUSION

Applicants submit the application is in form for allowance, and action to that end is respectfully urged. If the Examiner believes a telephone conference would in any way expedite the prosecution of the subject application, he is invited to telephone the undersigned at 650-595-3416.

Respectfully submitted,

*Heather S. Vance*
Heather S. Vance
Registration No. 39,033
Attorneys for Applicant(s)

Siemens Corporation
IPD - West Coast
4900 Old Ironsides Drive, M/S 210
Santa Clara, CA  95052-8075

Tel:  650-595-3416
Fax:  650-595-3419

Serial Number: 08/724,295                                                                                          Page 6