| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
|   | ROBERT D. BECKER (Bar No. CA 160648) |
| 2 | E-mail: rbecker@manatt.com |
|   | SHAWN G. HANSEN (Bar No. 197033) |
| 3 | E-mail: shansen@manatt.com |
|   | 1001 Page Mill Road, Building 2 |
| 4 | Palo Alto, CA  94304-1006 |
|   | Telephone:  (650) 812-1300 |
| 5 | Facsimile:  (650) 213-0260 |

Attorneys for Defendant and Counterclaimant
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED, | Case No.: C-07-3177 MMC |
| Plaintiff and Counter-defendant, | **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS RELATING TO RESEARCH IN MOTION LIMITED'S PATENT PENDING REEXAMINATION** |
| vs. | |
| VISTO CORPORATION, | **HEARING REQUESTED** |
| Defendant and Counterclaimant. | |
| | Date:        June 27, 2008 |
| | Time:       9:00 a.m. |
| | Courtroom: Courtroom 7, 19th Floor |
| | Judge:      Hon. Maxine M. Chesney |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

MOTION TO STAY PROCEEDINGS PENDING
REEXAMINATION - CASE NO.: C-07-3177 MMC

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 2 |
| III. | THIS COURT HAS DISCRETION TO GRANT A STAY OF PROCEEDINGS RELATING TO THE '839 PATENT PENDING REEXAMINATION | 4 |
| IV. | A STAY OF PROCEEDINGS RELATING TO THE '839 PATENT IS WARRANTED | 5 |
| | 1. A Stay Will Likely Render The Claims Moot Or Simplify The Issues | 5 |
| | 2. Discovery Is In Its Nascent Phase; Trial Is Nearly A Year Away | 7 |
| | 3. A Stay Will Not Prejudice RIM | 8 |
| | 4. A Stay Will Foster Judicial Economy, As The Court Recently Stayed All Claims Related To Visto's Patents Based On Similar Reexamination Filings By RIM | 8 |
| V. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ASCII Corp. v. STD Entm't USA, Inc.*,
844 F. Supp. 1378 (N.D. Cal. 1994) .................................................................... 4, 5, 7, 9

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ................................................................................... 4

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983) ................................................................................... 6

*Hewlett-Packard Co. v. Acuson Corp.*,
No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) .................. 5

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
No. C-05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006) ....... 4, 5, 6, 7, 8

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
2007 WL 627920 at *2 (N.D. Cal. 2007) ........................................................ 4, 5, 6, 7, 8

*Patlex Corp. v. Mossinghoff*,
758 F.2d 594 (Fed. Cir. 1985) ..................................................................................... 5

*Photoflex Products, Inc. v. Circa 3 LLC*,
2006 WL 1440363 at *2 (N.D. Cal. 2006) ................................................................. 8

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
33 U.S.P.Q. 2d 2022 (N.D. Cal. 1995) ....................................................................... 7

*Tse v. Apple Inc.*,
No. 06-6573 SBA, 2007 WL 2904279, at *5 (N.D. Cal. Oct. 4, 2007) ................. 5, 6

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 27, 2008 at 9:00 a.m., or as soon as the matter may be heard, in the courtroom of the Honorable Maxine M. Chesney at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, the Court will hear Defendant and Counterclaimant Visto Corporation's ("Visto") Motion To Stay Proceedings Relating To Research In Motion Limited's Patent Pending Reexamination ("Motion"). This Motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities embodied herein; the accompanying Declaration of Shawn G. Hansen; the Reply papers; all pleadings and papers filed in this action; and upon such evidence and argument that may properly be presented at or before the hearing on this matter.

## STATEMENT OF RELIEF REQUESTED

Visto respectfully requests that the Court stay proceedings relating to U.S. Patent No. 5,889,839 ("'839" patent) (Count I of Research In Motion Limited's Complaint and Counts I-II of Visto's First Amended Counterclaims) pending the resolution of the reexamination of the '839 patent by the United States Patent & Trademark Office ("USPTO").

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

MOTION TO STAY PROCEEDINGS PENDING
REEXAMINATION - CASE NO.: C-07-3177 MMC

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**I.    INTRODUCTION**

Visto hereby respectfully moves the Court to stay proceedings relating to the '839 patent asserted by Plaintiff and Counter-defendant Research In Motion Limited ("RIM") pending the resolution of the reexamination of the '839 patent by the USPTO.

A stay will simplify the issues in question and the trial of the case. The reexamination of the '839 patent likely will result in the cancellation of some or all the asserted claims, rendering moot any proceedings in this Court on the cancelled claims. Any claims of the '839 patent that survive reexamination likely will have been amended significantly, obsolescing the current claims. In the unlikely event that any of the asserted claims of the '839 patent survive reexamination without amendment, the additional prosecution history produced in the reexamination proceeding will inform the Court's and the parties' understanding of the correct scope of the asserted claims and of the prior art.

A stay of the proceedings relating to the '839 patent will not unduly prejudice or present a clear tactical disadvantage to RIM because this case is in its preliminary stages and neither party has conducted substantial discovery. The parties have propounded initial written discovery requests, but no depositions have been noticed nor have any documents been produced pursuant to discovery requests. The first milestone event of the case has not yet occurred, as the *Markman* hearing is scheduled for nearly a month away on June 16, 2008. At this early stage of proceedings, a stay to allow the USPTO to reexamine the '839 patent will not prejudice RIM because mere delay, without more, does not demonstrate undue prejudice.

Finally, the Court recently stayed all proceedings related to Visto's Patents-in-Suit pending reexamination of those patents at the request of RIM. Docket No. 38. A stay of all proceedings relating to '839 patent would thus stay the entire case, avoiding piecemeal litigation of the parties' disputes before this Court. In summary, a stay of claims relating to the '839 patent pending reexamination will preserve the Court's time and resources, spare the parties considerable expense, and enable the Court to benefit from further analysis by the USPTO.

## II. FACTUAL AND PROCEDURAL BACKGROUND

RIM filed its Complaint against Visto for infringement of the '839 patent on June 15, 2007. Docket No. 1. Visto filed its Answer on July 9, 2007. Docket No. 6. Visto then moved on August 29, 2007 for leave to amend its pleading to add counterclaims for infringement of U.S. Patents Nos. 7,225,231 and 7,228,383. Docket No. 13. Pursuant to stipulation, on September 18, 2007, Visto filed its First Amended Answer To Research In Motion Limited's Complaint For Patent Infringement and Counterclaims Against Research In Motion Limited And Research In Motion Corporation. Docket No. 18.

The Court held a case management conference on September 28, 2007. Docket No. 20. On October 9, 2007, the Court issued its Order Adopting With Exception Case Management And Docket Control Order ("Scheduling Order"). Docket No. 22.

On January 18, 2008, RIM filed a motion to stay proceedings on Visto's asserted patents based upon requests for reexamination thereof filed by RIM in the USPTO. Docket No. 28. Visto filed its Opposition on February 1, 2008. Docket No. 30. On February 22, 2008, the Court held a hearing on RIM's motion to stay. Docket No. 37. During the February 22, 2008 hearing, the Court indicated: "If I were to grant a stay pending resolution by the PTO, I don't think that I would make the ruling across the board in the first instance, . . . but if Visto asked me at that point to stay the entire actions pending their request for reexamination, then I would be inclined to do that." Docket No. 39, Transcript of 2/22/08 Hearing at 33:11-15. On February 26, 2008, the Court issued its Order Granting Plaintiff's Motion To Stay. Docket No. 38.

Pursuant to the Court's Scheduling Order, as modified by Docket Nos. 27 and 41, the parties have complied with the following deadlines:

| DEADLINE | ACTIVITY |
| --- | --- |
| October 19, 2007 | Disclosure of Asserted Claims and Preliminary Infringement Contentions and Materials Identified (Patent L.R. 3-1 and 3-2) |
| December 11, 2007 | Disclosure of Preliminary Invalidity Contentions and Materials Identified (Patent L.R. 4-1) |
| March 17, 2008 | Joint Claim Construction and Prehearing Statement (Patent L.R. |

| DEADLINE | ACTIVITY |
|---|---|
|  | 4-3) |
| April 17, 2008 | RIM's Opening Claim Construction Brief (Patent L.R. 4-5(a)) |
| May 8, 2008 | Visto's Responsive Claim Construction Brief (Patent L.R. 4-5(b)) |

Discovery in this case is still in the preliminary stage. The parties have exchanged and responded to one set of written discovery relating to the '839 patent. The parties are still working on a proposed protective order for the Court to enter, but no proposed protective order has been submitted to the Court. No documents have been produced in response to discovery requests. No depositions have been noticed or taken.

On May 16, 2008, Visto filed a request for *ex parte* reexamination of the '839 patent in the USPTO ("Request"). *See* Declaration of Shawn G. Hansen In Support Of Visto's Motion To Stay Proceedings Relating To Research In Motion Limited's U.S. Patent 5,889,839 Pending Reexamination ("Hansen Decl."), Ex. A (Request for *Ex Parte* Reexamination Of U.S. Patent No. 5,889,839 and Exhibits thereto). The USPTO will grant the Request if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 312(a). In its Request, Visto requested reexamination of every claim of the '839 patent. Hansen Decl., Ex. A at p. 4. Visto cited in its Request two prior art patents that raise "a substantial new question of patentability" with respect to the claims of the '839 patent. *Id*. at p. 5. Neither of the cited patents was before the USPTO during prosecution of the '839 patent. *Id*. at pp. 5-6.

While a decision on the Request ***must*** be made no later than August 16, 2008, *see* 35 U.S.C. § 303(a), recent experience in this case suggests that it ***may*** be granted much earlier. *See* Hansen Decl., Ex. B (Manual of Patent Examining Procedure ("MPEP") §§ 2240-2241). The MPEP states that "[t]he examiner should take up a request for decision about 6 weeks after the request was filed." Hansen Decl., Ex. B at p. 2200-52. In the case of RIM's request for reexamination of Visto's U.S. Patent No. 7,225,231, the USPTO issued its Order granting

1  reexamination just over **seven weeks** after the request was filed.  *See* Hansen Decl., Ex. C

2  (USPTO Order Granting Request for Ex Parte Reexamination dated February 29, 2008, granting

3  request filed January 9, 2008).

4      Statistics from the USPTO's 2007 Performance and Accountability Report show that the

5  USPTO granted 97% of the requests for *ex parte* reexamination filed in 2007 (577 of 594 *ex parte*

6  requests were granted).  Hansen Decl., Ex. D (United States Patent and Trademark Office,

7  Performance and Accountability Report, Fiscal Year 2007).

### III. THIS COURT HAS DISCRETION TO GRANT A STAY OF PROCEEDINGS RELATING TO THE '839 PATENT PENDING REEXAMINATION

10      When determining whether to grant a stay pending reexamination of a patent, courts

11  consider three factors:

12      (1) whether discovery is complete and whether a trial date has been set;

13      (2) whether a stay will simplify the issues in question and trial of the case; and

14      (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the

15          non-moving party.

16  *See Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920 at *2 (N.D. Cal.

17  2007).  The decision "whether to grant a stay pending the outcome of the PTO's reexamination is

18  soundly within the Court's discretion."  *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C-05-03116

19  JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006); *see also Ethicon, Inc. v. Quigg*, 849

20  F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and

21  stay proceedings, including the authority to order a stay pending conclusion of a PTO

22  examination.") (internal citation omitted).

23      This Court applies a "liberal policy in favor of granting motions to stay proceedings

24  pending the outcome of USPTO reexamination or reissue proceedings."  *ASCII Corp. v. STD*

25  *Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  This liberal policy follows "[t]he

26  legislative history surrounding the establishment of the reexamination proceeding evinces

27  congressional approval of district courts liberally granting stays."  *Nanometrics,* 2007 WL

28  627920, at *1 (N.D. Cal. Feb. 26, 2007); *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606

1  (Fed. Cir. 1985) ("The stay of pending litigation to enable PTO review of contested patents was
2  one of the specified purposes of the reexamination legislation."); *ASCII*, 844 F.Supp. at 1380
3  ("Congress enacted the [USPTO] reexamination procedure to provide an inexpensive, expedient
4  means of determining patent validity which, if available and practical, should be deferred to by
5  the courts.").

6  A stay is particularly appropriate for cases, such as this one, which are in the initial stages
7  of litigation or where "discovery has just begun." *See KLA-Tencor*, 2006 WL 708661, at *2 (the
8  fact that "discovery ha[d] just begun" favored a stay pending reexamination). In light of the
9  "liberal policy" favoring staying pending reexamination, this Court has stayed matters even
10 before the USPTO has granted the reexamination request. *See, e.g., Tse v. Apple Inc.*, No. 06-
11 6573 SBA, 2007 WL 2904279, at *5 (N.D. Cal. Oct. 4, 2007) (granting stay based on pending
12 reexamination request); *ASCII*, 844 F. Supp. at 1381 (granting stay based on moving party's
13 intent to file request for reexamination); *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808
14 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (granting stay based on pending
15 reexamination request).

## IV. A STAY OF PROCEEDINGS RELATING TO THE '839 PATENT IS WARRANTED

### 1. A Stay Will Likely Render The Claims Moot Or Simplify The Issues

19 A stay will likely enable the Court and the parties to avoid protracted and costly litigation
20 on the '839 patent. The USPTO likely will invalidate all of the claims of the '839 patent in
21 reexamination. Visto's Request focuses on two prior art patents that raise "a substantial new
22 question of patentability" with respect to the claims of the '839 patent. Hansen Decl., Ex. A at
23 pp. 5-6. Neither of the cited patents was before the USPTO during the prosecution of the '839
24 patent and, thus, neither reference was considered by the examiner in allowing the original claims
25 of the '839 patent. *Id*.

26 A stay will also permit the USPTO to apply its specialized expertise to the identified prior
27 art before further time and resources are spent by the Court or the parties on the '839 patent. *See*
28 *Nanometrics*, 2007 WL 627920, at *1 (a stay allows the court to take advantage of the "PTO's

1  specialized expertise to reduce costly and timely litigation"). Further, allowing the USPTO to
2  make the first determination is consistent with congressional intent for the reexamination statute.
3  *See id*. ("Congress instituted the reexamination process to shift the burden of reexamination of
4  patent validity from the courts to the PTO."). The benefits of staying the proceedings related to
5  the '839 patent are considerable for the Court and the parties. Allowing the USPTO to conduct
6  the reexamination will reduce the issues remaining in the litigation. If the USPTO invalidates all
7  claims of the '839 patent, then judicial resources will be greatly conserved as motion practice and
8  trial will be unnecessary for the '839 patent.

9  Even if the USPTO does not invalidate all claims of the '839 patent, allowing the
10 reexamination to proceed first provides benefits. Presently, RIM asserts claims 9-13 of the '839
11 patent. *See* Hansen Decl., Ex. E (Research In Motion Limited's Disclosure Of Asserted Claims
12 And Preliminary Infringement Contentions) at p. 2. It is likely that at least some of these claims
13 will be cancelled in reexamination and resources will not need to be allocated to litigating those
14 claims. *See Tse*, 2007 WL 2904279, at *3 (noting that "the PTO cancels all claims in
15 approximately twelve percent of all reexaminations and changes some claims in approximately
16 sixty-four percent"). Further, the USPTO will bring to bear its special expertise during
17 reexamination. The Court and parties will benefit from the further development of the intrinsic
18 record which defines the scope of the remaining claims of the '839 patent. *See Gould v. Control
19 Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure
20 is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by
21 providing the district court with the expert view of the PTO (when a claim survives the
22 reexamination proceeding).").

23 This Court has recognized these efficiencies in granting a stay pending reexamination.
24 *See Nanometrics*, 2007 WL 627920, at *3 ("Waiting for the outcome of the re-examination could
25 eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial
26 by providing the Court with the opinion of the PTO and clarifying the scope of the claims.");
27 *KLA-Tencor*, 2006 WL 708661, at *4 (granting stay because it would "simplify the issues and
28 streamline the trial, therefore reducing the burden on, and preserving the resources of both the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

MOTION TO STAY PROCEEDINGS PENDING
REEXAMINATION - CASE NO.: C-07-3177 MMC

1 parties and the Court"). Statistics provided by the USPTO show that it granted reexamination
2 requests in more than 97% of the cases where it made a determination last year. Hansen Decl.,
3 Ex. D. Visto believes that a stay in proceedings relating to the '839 patent is proper now because,
4 among other reasons, of the preliminary state of the case. Further, despite the limited activity that
5 has occurred in this case and that is currently scheduled to occur over the next few months, RIM
6 may increase the level of activity so that it may argue, in response to a future motion, prejudice
7 from a stay. If, however, the Court finds that Visto's motion is premature, Visto will renew its
8 motion to stay following the USPTO's grant of the reexamination request.

9       This factor favors a stay based on the undisputable efficiencies and benefits from allowing
10 the USPTO to complete its reexamination of the '839 patent before litigation on the patent
11 proceeds in this Court.

12     **2.    Discovery Is In Its Nascent Phase; Trial Is Nearly A Year Away**

13       The parties have exchanged one set of written discovery directed to the '839 patent but
14 have not exchanged any documents pursuant to discovery requests and have neither noticed nor
15 taken any depositions. As such, the preliminary state of discovery in this case favors a stay. *See*
16 *Nanometrics*, 2007 WL 627920, at *2 (granting a stay where: "Discovery has commenced, but it
17 has not proceeded beyond this point. No briefing on claim construction has been filed. No
18 dispositive motions have been submitted. And as currently scheduled, trial [is more than a year
19 away]."); *KLA-Tencor*, 2006 WL 708661, at *2 (granting a stay where "discovery has just
20 begun"); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D.
21 Cal. 1995) (same); *ASCII*, 844 F. Supp. at 1381 (same).

22       Although the Court has set trial for March 30, 2009, that date is nearly a year away and
23 significant work remains before that date. Before trial, the parties would still need to complete
24 claim construction proceedings and brief and argue summary judgment issues, prepare and
25 exchange expert reports, and complete discovery (which has only just begun). Further, before
26 trial, the Court would need to expend time and resources to construe the '839 patent and rule on
27 the summary judgment and other motions that the parties may be expected to file.

28       Thus, the second factor also favors a stay of the proceedings relating to the '839 patent.

### 3. A Stay Will Not Prejudice RIM

RIM will not be prejudiced by a stay of its patent claims pending reexamination because no significant discovery or prosecution has taken place. Moreover, there will not be a clear tactical disadvantage to RIM because neither side has invested substantial expense nor time in the litigation as of yet. *KLA-Tencor*, 2006 WL 708661, at *3 ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation"); *see also Nanometrics*, 2007 WL 627920, at *2 (rejecting the patentee's argument that use of the congressionally-created reexamination procedure was an abuse of process). As this Court observed in its Order Granting Plaintiff's Motion To Stay, "Mere delay, without more . . ., does not demonstrate undue prejudice." *See* Docket No. 38 at p. 2 quoting *Nanometrics*, 2007 WL 627920, at *3; *see also Photoflex Products, Inc. v. Circa 3 LLC*, 2006 WL 1440363 at *2 (N.D. Cal. 2006) (holding "delay inherent to the reexamination process does not constitute, by itself, undue prejudice"). As such, the third factor also favors a stay.

### 4. A Stay Will Foster Judicial Economy, As The Court Recently Stayed All Claims Related To Visto's Patents Based On Similar Reexamination Filings By RIM

As the Court concluded in its Order Granting Plaintiff's Motion To Stay, it is "probable, based on the statistical evidence provided, that upon reexamination the United States Patent and Trademark Office will take some action that results in canceling or altering one or more of the claims at issue and, accordingly, a stay would likely narrow and clarify the issues for trial." Docket No. 38 at p. 2. Further, as the Court stated during the February 22, 2008, hearing, "if the case has to be tried, certainly the Court would rather try one case than two patent cases." Docket No. 39, Transcript of 2/22/08 Hearing at 28:6-8. Given the high probability that the '839 patent will be reexamined and that one or more of the asserted claims will be canceled or amended during the reexamination, the currently asserted claims may no longer exist in their current form by the time of trial. Thus, staying the case as to the '839 patent will give the Court the benefit of the additional intrinsic record that will be developed in reexamination and will avoid wasting judicial and party resources on litigating claims that will cease to exist.

## V. CONCLUSION

A stay pending reexamination "is a sound means by which the court may facilitate resolution of this action." *ASCII*, 844 F. Supp. at 1381. Here, all three relevant factors weigh in favor of a stay. Thus, Visto respectfully requests that the Court stay proceedings relating to the '839 patent pending the resolution of the reexamination of the '839 patent by the USPTO.

DATED:  May 21, 2008            MANATT, PHELPS & PHILLIPS, LLP


by:  /s/ Shawn G. Hansen
Robert D. Becker
Shawn G. Hansen

Attorneys for Defendant and Counterclaimant
VISTO CORPORATION

20201085.1