1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT D. BECKER (Bar No. CA 160648)
2  E-mail: rbecker@manatt.com
   SHAWN G. HANSEN (Bar No. 197033)
3  E-mail: shansen@manatt.com
   1001 Page Mill Road, Building 2
4  Palo Alto, CA  94304-1006
   Telephone:  (650) 812-1300
5  Facsimile:  (650) 213-0260

6  Attorneys for Defendant and Counterclaimant
   VISTO CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 | RESEARCH IN MOTION LIMITED, | Case No.: C-07-3177 MMC

13 |        Plaintiff and Counter-defendant, | **[PROPOSED] ORDER GRANTING VISTO'S MOTION TO STAY PROCEEDINGS RELATING TO RESEARCH IN MOTION LIMITED'S PATENT PENDING REEXAMINATION**

14 |   vs.

15 | VISTO CORPORATION,

16 |        Defendant and Counterclaimant.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

[PROPOSED] ORDER GRANTING VISTO'S MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION
CASE NO.: C-07-3177 MMC

Before the Court is Defendant and Counterclaimant Visto Corporation's ("Visto") motion, filed May 21, 2008, to stay proceedings related to Plaintiff and Counter-defendant Research In Motion Limited's ("RIM") patent, U.S. Patent No. 5,889,839, pending reexamination of said patent by the United States Patent and Trademark Office. Having considered the papers submitted and the arguments of counsel, the Court rules as follows.

When determining whether to grant a stay pending reexamination of a patent, courts consider three factors:

> (1) whether discovery is complete and whether a trial date has been set;
> (2) whether a stay will simplify the issues in question and trial of the case; and
> (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*See Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920 at *2 (N.D. Cal. 2007).

In the instant case, the Court finds each of the factors weighs in favor of granting a stay. In particular, with respect to the first factor, discovery is in its early stages, and, although trial has been set, it is set for nearly a year in the future. Further, no claim construction hearing has been held nor any claim construction ruling issued. Nor have any dispositive motions been filed.

With respect to the second factor, the Court finds it probable, based on the statistical evidence provided, that upon reexamination the United States Patent and Trademark Office will take some action that results in canceling or altering one or more of the claims at issue and, accordingly, a stay would likely narrow and clarify the issues for trial.

Lastly, with respect to the third factor, the Court finds, that a stay would not present a clear tactical disadvantage to RIM. The delay in having patent infringement claims adjudicated in court, does not, by itself, constitute undue prejudice. *See, e.g., id*. at *3 ("Mere delay, without more . . ., does not demonstrate undue prejudice."); *see also Photoflex Products, Inc. v. Circa 3 LLC*, 2006 WL 1440363 at *2 (N.D. Cal. 2006) (holding "delay inherent to the reexamination process does not constitute, by itself, undue prejudice").

1  For the reasons set forth above, Visto's motion to stay is hereby GRANTED.

2  IT IS SO ORDERED.

3

4  Dated:

5  HON. MAXINE M. CHESNEY

   United States District Judge

6

7  20201575.2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

[PROPOSED] ORDER GRANTING VISTO'S MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION

CASE NO.: C-07-3177 MMC