**Exhibit E
to the
Declaration of Shawn G. Hansen
in Support of Visto's Motion to Stay Proceedings
Relating to Research in Motion Limited's
Patent Pending Reexamination**

Robert G. Krupka, P.C. (Bar No. 196625)
E-mail: bkrupka@kirkland.com
Marc H. Cohen (Bar No. 168773)
E-mail: mcohen@kirkland.com
Philip T. Chen (Bar No. 211777)
E-mail: pchen@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California  90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Attorneys for Plaintiff
RESEARCH IN MOTION LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LIMITED, | Case No. C-07-3177 (MMC) |
| Plaintiff, | **RESEARCH IN MOTION LIMITED'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS** |
| v. | |
| VISTO CORPORATION, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to Patent L.R. 3-1, Plaintiff and Counterdefendant Research In Motion Limited ("RIM") hereby submits its Disclosure of Asserted Claims and Preliminary Infringement Contentions.  RIM's Document Production Accompanying Disclosure pursuant to Patent L.R. 3-2 accompanies these contentions.  This disclosure is based upon information currently available to RIM.  Because RIM has not yet received documents or other things related to these infringement contentions from Defendant and Counterclaimant Visto Corporation ("Visto"), and because RIM's investigation is continuing, RIM reserves the right to supplement and/or modify these disclosures to the full extent allowed under the Local Rules and Patent Local Rules of this District.

**Patent L.R. 3-1(a): Each claim of each patent in suit that is allegedly infringed by each opposing party.**

RIM asserts that Visto infringes claims 9-13 of U.S. Patent No. 5,889,839 (the "Asserted Claims").

**Patent L.R. 3-1(b): Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.**

RIM asserts that the Visto Mobile suit of products and services infringe the Asserted Claims. Specifically, RIM asserts that the Visto Mobile™ Enterprise Edition, the Visto Mobile™ Internet Edition, and the Visto Mobile™ Personal Edition (collectively, "the Visto Accused Instrumentalities") infringe the Asserted Claims.

**Patent L.R. 3-1(c): A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.**

RIM's investigation and analysis of the Accused Instrumentalities is based on information made publicly available by Visto. Consistent with Patent L.R. 3-6, RIM reserves the right to amend and/or supplement this disclosure. RIM provides, at Appendix A, a preliminary chart specifically identifying where each element of each Asserted Claim is found in the Visto Accused Instrumentalities.

**Patent L.R. 3-1(d): Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.**

RIM currently contends that the Visto Accused Instrumentalities literally infringe the Asserted Claims. Nevertheless, with respect to any claim limitation that may be found not to be literally infringed, RIM contends in the alternative that the Visto Accused Instrumentalities infringe such claim limitations under the doctrine of equivalents and that any element not found to be literally met is equivalently met because any difference between the claim limitation and the Visto Accused Instrumentalities is insubstantial. Consistent with Patent L.R. 3-6, RIM reserves the right to amend and/or supplement this disclosure in light of, among other things, the Court's construction of

1  disputed claim terms and information provided by Visto regarding the Visto Accused

2  Instrumentalities.

3  **Patent L.R. 3-1(e): For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.**

4

      The Asserted Claims are entitled to a priority date at least as early as March 25, 1996.

5

6  **Patent L.R. 3-1(f): If a party claiming patent infringement wishes to preserve the right to rely, for any purposes, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.**

7

8

9        RIM currently does not assert that any of its products incorporate or reflect the Asserted

10  Claims.

11

12  DATED:  October 19, 2007                KIRKLAND & ELLIS LLP

13

14

15                                       By: _____.
                                     Robert G. Krupka, P.C.

16                                       Marc H. Cohen
                                     Philip T. Chen

17                                       Attorneys for
                                     RESEARCH IN MOTION LIMITED

18

19

20

21

22

23

24

25

26

27

28